UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-04353-JLS-PD                                                          Date: May 30, 2024
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 12.)**

Before the Court is Plaintiff Jeffrey Little's *ex parte* application for a temporary restraining order.  (TRO, Doc. 12; Mem., Doc. 12-1.)  For the reasons explained below, Little's *ex parte* application is DENIED WITHOUT PREJUDICE.

I.  **BACKGROUND**

Plaintiff Little works in the Lifeguard Division of the Los Angeles County Fire Department.  (Compl., Doc. 1 ¶¶ 10, 15.)  In March 2023, the Los Angeles County Board of Supervisors passed a motion that, among other things, "[d]irected the Chief Executive Officer to work with all County Departments to explore ways the Progress Pride Flag can be shown at all county facilities."  (*Id.* ¶ 17.)  The Fire Department implemented that motion by issuing EA-231, a memorandum that requires the Progress Pride Flag to be flown, where feasible, at Fire Department facilities during the month of June.  (*Id.* ¶ 19.)

"The views commonly associated with the Progress Pride Flag . . . are in direct conflict" with Little's religious beliefs, and those beliefs dictate that Little cannot be "responsible for raising the Progress Pride Flag."  (*Id.* ¶¶ 4, 23.)  On May 24, 2024, Little

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-PD                                                          Date: May 30, 2024
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

filed this action against the Fire Department and several Fire Department officials.  (*See* Compl.)  Then on May 28, 2024, Little filed an *ex parte* application for a temporary restraining order ("TRO").  (*See* TRO.)  The TRO seeks to restrain Defendants from requiring Little to: "(1) personally raise the Progress Pride Flag; or (2) ensure raising the Progress Pride Flag."  (*Id.* ¶ 1; *accord* Proposed Order, Doc. 12-3 ¶ 1.)

In a declaration supporting the TRO application, Little's counsel states and attaches emails reflecting that Little had an interactive process meeting scheduled for May 29, 2024, with a human resources officer to discuss a potential religious accommodation.  (Jonna Decl., Doc. 12-2 ¶ 7; Scheduling Emails, Ex. U to Doc. 12-2.)  The declaration also states that Little intends to have the TRO application "personally serv[ed] . . . on the Los Angeles County Fire Department and the Los Angeles County Counsel, and then fil[e] a proof of service showing when that was done."  (*Id.* ¶ 9.)

As of the evening of May 30, 2024, Little has not apprised the Court of the outcome of his interactive process meeting with the human resources officer.  Nor does the docket show that the TRO application has been served on Defendants.

II.     **LEGAL STANDARD**

Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  To obtain a TRO, a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest."  *Id.*  This "requires the plaintiff to make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-PD                                                    Date: May 30, 2024
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

Under Federal Rule of Civil Procedure 65, the Court may issue a TRO without notice to the Defendants only if  (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).

### III.     ANALYSIS

Little's TRO application is DENIED WITHOUT PREJUDICE.

First, the Court cannot conclude on the record before it that Little is "*likely* to suffer irreparable harm in the absence of preliminary relief."  *Winter*, 555 U.S. at 22 (emphasis added).  Of particular relevance, Little and his counsel had an interactive process meeting with a human resources officer yesterday to discuss a potential religious accommodation—a meeting that could moot Little's request for preliminary relief. (Jonna Decl. ¶ 7; Scheduling Emails.)  But as of the time of this Order, Little has not apprised the Court of the outcome of that meeting.

Second, as of the time of this Order, the docket does not reflect that Defendants have been served with the TRO application.  (*See* Jonna Decl. ¶ 9 (stating that Little had not yet provided notice of the TRO and that he would "fil[e] a proof of serve showing when that was done").)  Nor does Little attempt to meet the requirements of Rule 65 for obtaining a TRO without notice to Defendants.  *See* Fed. R. Civ. P. 65(b)(1).

### IV.     CONCLUSION

Little's TRO application is DENIED WITHOUT PREJUDICE.  Little may file a renewed application if he (1) includes updated materials apprising the Court of the outcome of the May 29, 2024, interactive process meeting, and (2) provides notice to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04353-JLS-PD | Date: May 30, 2024 |
| Title:  Jeffrey Little v. Los Angeles County Fire Department et al | |

Defendants.  If a renewed application is filed and served on Defendants, the Court will afford Defendants 24 hours from the time of service to respond.  (*See* Judge Staton Procedures Page § 3.)

Initials of Deputy Clerk: cr