UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                    Date: January 25, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                        Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 33)**

Before the Court is a motion to dismiss filed by Defendants Los Angeles County Fire Department, Fernando Boiteux, Adam Uehara, and Arthur Lester (collectively, "Defendants").  (Mot., Doc. 33; Mem., Doc. 33-1.)  Plaintiff Jeffrey Little ("Little") opposed, and Defendants responded.  (Opp., Doc. 35; Reply, Doc. 37.)  The Court held a hearing on this matter on October 18, 2024.  Having taken this matter under submission, and for the following reasons, the Court GRANTS IN PART the Motion.

**I.   BACKGROUND**

   **A.  Factual Background**[1]

Little works as a Captain in the Lifeguard Division of the Los Angeles County Fire Department.  (First Amended Complaint ("FAC") ¶¶ 10, 17, Doc. 31.)  In March 2023, the Los Angeles County Board of Supervisors passed a motion that "directed the Chief Executive Officer to work with all County Departments to explore ways the Progress Pride Flag can be flown at all county facilities" during June, LGBTQ+ Pride month.  (*Id.* ¶ 19; Ex. 3.)  On May 25, 2023, the Fire Department implemented that

---

[1] All references to exhibits are incorporated by reference and attached to the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD　　　　　　　　　　　　　　　Date: January 25, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

directive by issuing EA-231—a memorandum requiring the Progress Pride Flag to be flown at Fire Department facilities during the month of June, provided that the facility had adequate flagpoles and flag clasps available. (FAC ¶¶ 20–21; Ex. 4.) More specifically, EA-231 directed that where a facility could accommodate only two flags, the Progress Pride Flag should be flown (in lieu of the California State Flag), along with the U.S. Flag; where a facility could accommodate only one flag, the U.S. Flag should be flown. (FAC ¶ 21; Ex. 4.) EA-231 required Captains and Site Supervisors to "[e]nsure flags are received and flown throughout the month of June." (*Id.*)

Little alleges that "[t]he views commonly associated with the Progress Pride Flag … are in direct conflict" with his sincerely held religious beliefs, which dictate that he cannot be responsible for "rais[ing] the Progress Pride Flag or ensur[ing] that it is raised and properly flown." (FAC ¶¶ 37, 41.) Little is an "Evangelical Christian with traditional and orthodox beliefs on marriage, family, and sexual behavior and identity." (*Id.* ¶ 18.)

On June 18, 2023, Little requested to be "exempt [from] adhering to EA-231" as a reasonable accommodation because it "infringes on [his] sincere religious beliefs." (*Id.* ¶¶ 39–40; Ex. 6.) The following day, Little attended an Interactive Process Meeting with lifeguards from the Fire Department and a County human resources officer to discuss his religious objection. (FAC ¶ 41.) At the meeting, the Fire Department granted Little's accommodation request and agreed that, for the remainder of June, Little would be assigned to facilities that were incapable of flying the Progress Pride Flag due to insufficient flag clasps. (*Id.* ¶¶ 41, 43.) Little alleges that he "believed he would be able to work in Area 17—which includes the subareas of the Dockweiler North, Dockweiler South, and El Segundo lifeguard stations—without either violating his religious beliefs or running afoul of EA-231." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                           Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

On June 21, 2023, before Little's scheduled shift at Area 17 began, Fire Department Section Chief Lester brought additional clasps to Area 17 and directed lifeguards to raise Progress Pride Flags at each of the three Area 17 sites.  (*Id.* ¶ 57.)  According to Little, Chief Arthur Lester "knew [Little] had an accommodation" and intended to "defeat that religious accommodation due to his animus against [Little]'s religious beliefs."  (*Id.* ¶¶ 58–59.)  When Little arrived for his shift, he took down the Progress Pride Flag from his assigned Area 17 site and then removed the flags from the other two sites.  (*Id.* ¶¶ 61–62.)  Later that afternoon, the Fire Department informed Little by Microsoft Teams that his religious accommodation had been revoked.  (*Id.* ¶ 63.)  Chief Lester allegedly "ordered [Little] to re-raise the Progress Pride Flags that he had lowered," but Little refused to do so.  (*Id.* ¶¶ 63–64.)

The next day, June 22, 2023, Lifeguard Division Chief Fernando Boiteux handed Little a written letter notifying Little that he was the subject of an internal investigation for his "alleged misconduct generally concerning the removal of the Progress Pride Flag from County facilities on June 21, 2023."  (*Id.* ¶ 72; Ex. 10.)  While handing Little the letter, Chief Boiteux allegedly told Little that his "religious beliefs do not matter."  (FAC ¶¶ 68–70.)  Chief Boiteux also gave Little a written order directing him to comply with EA-231.  (*Id.* ¶ 68; Ex. 7.)  Little filed an administrative complaint later that afternoon stating that "[his] religious beliefs were not being taken seriously" and that he believed Chief Lester's actions "[were] retaliatory in nature."  (FAC ¶ 71; Ex. 8.)

On June 23, 2023, Little was suspended from his role in the Background Investigation Unit, "resulting in a significant loss of overtime, income, and prestige."  (FAC ¶ 75.)  On July 16, 2024, the Fire Department sent Little a Notice of Intent to Suspend for his "unauthorized removal of the Progress Pride Flags from three lifeguard stations, which constituted inappropriate conduct towards others and discrimination based on sexual orientation."  (Ex. 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                                  Date: January 25, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

On May 8, 2024, Little submitted a new religious accommodation request seeking an exemption from EA-231 for June 2024. (Ex. 22.) The Fire Department subsequently issued EA-232,[2] which mandated that the Progress Pride Flag be flown during June 2024. (Ex. 23.) EA-232 contains the same requirements as EA-231, with one exception: if a facility could accommodate only two flags, EA-232 mandated that the U.S. flag be flown with the California State flag, not the Progress Pride Flag. (FAC ¶¶ 95–96.)

### B. Procedural History

Little initiated this action on May 24, 2024, and filed an *ex parte* application for a temporary restraining order ("TRO") on May 28, 2024. (Compl., Doc. 1; TRO, Doc. 12.) Little's TRO application sought to restrain Defendants from requiring him to "raise the Progress Pride Flag" or "ensure raising the Progress Pride Flag." (Proposed Order ¶ 1, Doc. 12-3.) In a declaration supporting the TRO application, Little's counsel indicated that Little had an Interactive Process Meeting with a human resources officer scheduled for May 29, 2024 to discuss a potential religious accommodation for June 2024. (Jonna Decl. ¶ 7, Doc. 12-2.) The Court denied Little's *ex parte* application, without prejudice, for two reasons. (Order Denying *Ex Parte* Application for TRO, Doc. 20.) First, Little had not apprised the Court of the outcome of the May 29, 2024 Interactive Process Meeting, which had the potential to moot Little's request for preliminary relief. (*Id.* at 3.) Second, Little had not complied with Federal Rule of Civil Procedure 65(b)(1), as the docket did not reflect that Defendants had been served with the TRO application. (*Id.*)

Little filed the FAC on July 19, 2024. (FAC.) The FAC asserts that Little "secured an effective accommodation" for June 2024, as he did not have to work at a facility where the Progress Pride Flag was flown. (*Id.* ¶¶ 104–105.) Little nevertheless

---

[2] It appears to the Court that EA-232 effectively superseded EA-231, and the parties do not contend otherwise. The Court therefore directs its analysis at EA-232, and any similar directives that may be issued in the future, for purposes of addressing the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                                                                 Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

maintains that "both a preliminary and permanent injunction" are necessary because the Fire Department has "refus[ed] to grant him a standing accommodation for future Pride Months."  (*Id.* ¶ 106.)

The FAC asserts claims for: (1) failure to accommodate in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) failure to accommodate in violation of California's Fair Employment and Housing Act ("FEHA"); (3) retaliation in violation of Title VII; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (6) violation of the First Amendment's Free Exercise Clause of the U.S. Constitution (generally applicable); (7) violation of the Free Exercise Clause of the California Constitution; (8) violation of the First Amendment's Free Exercise Clause of the U.S. Constitution (neutrality); and (9) violation of the First Amendment's Free Speech Clause of the U.S. Constitution.  (*See* FAC ¶¶ 120–227.)  In addition to injunctive relief, Little seeks declaratory relief, compensatory damages, special damages, punitive damages, attorney fees, and costs.  (*Id.* ¶¶ 195, 211, 226.)

Defendants moved to dismiss the FAC on August 2, 2024.  (Mot.)  The Court held a hearing on Defendants' motion on October 18, 2024, and ultimately ordered the parties to proceed to mediation.  (Minutes of Motion to Dismiss, Doc. 42.)  On January 10, 2025, the parties filed a Joint Rule 26(f) Report informing the Court that they had participated in a full-day mediation before the Honorable S. James Otero on December 17, 2024, but were unable to reach a settlement.  (Joint Rule 26(f) Report, Doc. 48.)

II.  **LEGAL STANDARD**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                                      Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

### III.  ANALYSIS

Defendants argue that the FAC should be dismissed because Little has failed to adequately state any of his claims.  (Mot. at 2.)  Additionally, Defendants argue that Little's claims against Chiefs Boiteux, Lester, and Uehara are barred by qualified immunity.  (Mem. at 28.)

#### A. Claims 1 and 2: Failure to Accommodate Under Title VII and FEHA

Title VII and FEHA "require employers to accommodate [employee]s' religious beliefs unless doing so would impose an undue hardship." *Bolden-Hardge v. Office of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023); 42 U.S.C. § 2000e(j); Cal. Gov. Code § 12940(a)(1).  Claims for religious discrimination under both statutes are analyzed under the same two-step framework.  *See Bolden-Hardge*, 63 F.4th at 1222; *see also Ambat v. City and County of San Francisco*, 757 F.3d 1017, 1023 n.2 (9th Cir. 2014) ("Because FEHA is interpreted consistent with Title VII, we conduct our analysis of both federal and state claims according to Title VII case law.") (citation omitted).  A plaintiff must first establish a prima facie case of failure to accommodate religion.  *Id.*  Then, if the employee is successful, the burden shifts to the employer to show that it "initiated good faith efforts to accommodate reasonably the employee's religious

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                                    Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

practices or that it could not reasonably accommodate the employee without undue hardship."  *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

To establish a prima face case of failure to accommodate religion, a plaintiff must show that: "(1) a bona fide religious belief of the employee conflicted with an employment policy; (2) the employee informed the employer of the conflict; and (3) the employee was penalized in some way because of the conflict."  *EEOC v. Townley Eng. & Mfg. Co.*, 859 F.2d 610, 614 n.5 (9th Cir. 1988).

As an initial matter, Defendants argue that Little has not adequately pleaded a conflict between his job requirements and religious beliefs.  (Mem. at 17–18, 24–25.)  Little alleges, however, that he "is a devout Christian with bona fide religious beliefs on marriage, sex, and family" and that his compliance with EA-232, either by raising the Progress Pride Flag or by ensuring that it be raised and properly flown, would conflict with those beliefs.  (FAC ¶¶ 37–40.)  Defendants contend that because EA-232 requires that Little at most "ensure" that the Progress Pride Flag be raised and properly flown, asking Little to adhere to EA-232 does not amount to a "conflicting employment requirement."  (Mem. at 24.)

Given that there has not been full factual development of how Little would be expected to "ensure" the proper flying of the Progress Pride Flag, the Court cannot say at this stage in the litigation that Little has failed to plausibly allege a conflict with his religious beliefs.  "[T]he burden to allege a conflict with religious beliefs is fairly minimal."[3]  *Bolden-Hardge*, 63 F.4th at 1223 (citing *Thomas v. Rev. Bd. of Indiana Emp.*

---

[3] Defendants contend that whether Little has sufficiently alleged a "conflicting employment requirement" is an issue that hinges on the viability of Little's free-speech claim. (*See* Mem. at 17 (arguing that EA-231 "cannot conflict with [Little's] stated religious beliefs" because it "does not require [Little] to convey any privately expressive message.").)  But

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:24-cv-04353-JLS-PD                                                                    Date: January 25, 2025
Title:   Jeffrey Little v. Los Angeles County Fire Department et al

*Sec. Div.*, 450 U.S. 707, 716 (1981)).  In addition, the Court finds that Defendants' argument asks the Court to impermissibly question the reasonableness of Little's religious beliefs.  "The Supreme Court has, albeit in the free exercise context, cautioned against second-guessing the reasonableness of an individual's assertion that a requirement burdens her religious beliefs, emphasizing that a court's "'narrow function ... in this context is to determine' whether the line drawn reflects 'an honest conviction.'" *Id*. (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014)).  Keeping these principles in mind, and absent full factual development on this issue, the Court will not opine on the reasonableness of Little's religious beliefs and finds that Little has sufficiently pleaded a conflict to survive the motion-to-dismiss stage.

Defendants also argue that Little has failed to plausibly allege an adverse action supporting his failure-to-accommodate claims; and on this point, Defendants gain traction.  (Reply at 15–16.)  Little clarifies in his opposition brief that the only adverse action underlying these claims "is that [he] will be fired if he fails to comply with the Pride Flag policy." [4]  (Opp. at 14.)  To be sure, the Ninth Circuit has recognized that a "threat of discharge" is a sufficient basis for a failure-to-accommodate claim.  *See EEOC v. Townley Eng.*, 859 F.2d at 614 n.5.  But here, Little offers no factual support for his allegation that Defendants "confirmed that he will be subject to … termination for failure to personally raise, ensure raising, maintain or otherwise affirm the Progress Pride Flag." (FAC ¶ 129.)  Little points only to Defendants' investigation into his conduct of lowering the Progress Pride Flags and the June 22, 2023 Notice of Instruction that directed "[a]ll Department employees, irrespective of personal beliefs," to comply with the now-expired EA-231.  (*See* Opp. at 14 (citing FAC ¶ 72); *see also* Exs. 10 and 11.)  Given Little's own

---

Defendants have not cited any case indicating that the latter issue is necessarily determinative of the former, and so the Court declines to hold as much here.

[4] Indeed, Little explicitly denies that he seeks to base his failure-to-accommodate claims on his suspension from the Background Investigation Unit, (*see* Opp. at 14), and offers no alternative adverse action as the basis for this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  2:24-cv-04353-JLS-PD | Date: January 25, 2025 |
| Title:  Jeffrey Little v. Los Angeles County Fire Department et al | |

allegations that Defendants granted him an accommodation exempting him from complying with EA-232 in June 2024, (*see* FAC ¶¶ 92–105), the Court finds his allegation that he will be terminated for failure to comply with EA-232, or any similar directives in the future, to be implausible.

Accordingly, Little's failure-to-accommodate claims (Claims 1 and 2) are DISMISSED.  Because further factual allegations may cure the deficiency identified, the dismissal is WITH LEAVE TO AMEND.

### B.  Claims 3 and 4: Retaliation Under Title VII and FEHA

To establish a prima facie retaliation claim under Title VII and FEHA, a plaintiff must allege: (1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action.  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006) (Title VII); *Cal. Fair Emp't & Hous. Comm'n v. Gemini Aluminum Corp.*, 122 Cal. App. 4th 1004, 1018 (2004) (FEHA).  "Once established, the burden shifts to the defendant to set forth a legitimate, non-retaliatory reason for its actions; at that point, the plaintiff must … show that the stated reasons were a pretext for retaliation."  *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).  Little alleges that his request for a religious accommodation was protected activity, and that Defendants retaliated against Little for seeking that accommodation by suspending him from his role on the Background Investigation Unit.  (FAC ¶¶ 146–150; Opp. at 14–15.)

Defendants contend that Little has not adequately alleged the requisite casual link, because the real reason for the suspension was that Little violated County policy (EA-231) by lowering three Progress Pride Flags at County facilities.  (Mem. at 27.)  While that may be so, the Court cannot accept this alternative narrative at this stage in the litigation.  The Ninth Circuit has stressed that "very little[ ] evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                    Date: January 25, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

motive ... may suffice to raise a question that can only be resolved by a fact-finder." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004) (quoting *Schnidrig v. Columbia Mach. Inc.,* 80 F.3d 1406, 1409 (9th Cir. 1996)). Little has presented at least some evidence from which retaliatory motive can be inferred. For example, Little alleges that Chief Lester brought additional flagpoles and clasps to Area 17 immediately after Little's accommodation had been granted, with the intent to undermine the accommodation. (FAC ¶ 58.) Little further alleges that Chief Boiteux repeatedly told him that "[his] religious beliefs do not matter." (*Id.* ¶ 69.) Accepting these allegations as true, as the Court must at the motion-to-dismiss stage, Little has sufficiently pleaded his claims for retaliation.

Therefore, Defendants' motion is DENIED as to Little's retaliation claims (Claims 3 and 4).

### C. Failure to Prevent Discrimination, Harassment, and Retaliation under FEHA (Claim 5)

Under FEHA, it is unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov. Code. § 12940(k). Defendants argue that this claim fails for the same reason they sought to dismiss the retaliation claims—*i.e.*, that Little has not adequately pleaded the requisite causal link. (Mem. at 27.) Having rejected that argument and concluded that Plaintiff has stated viable retaliation claims, *see supra* Section III.B, the Court DENIES Defendants' motion as to Little's claim for failure to prevent discrimination, harassment, and retaliation under FEHA (Claim 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:24-cv-04353-JLS-PD | Date: January 25, 2025 |
| Title: Jeffrey Little v. Los Angeles County Fire Department et al | |

### D. Claims 6 and 8: Free Exercise Clause of the First Amendment of the U.S. Constitution

The First Amendment provides that "Congress shall make no law … prohibiting the free exercise" of religion. U.S. CONST. AMEND. I. "[A] plaintiff may carry the burden of proving a free exercise violation in various ways, including by showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022). Little challenges EA-232 on both general-applicability and neutrality grounds. (FAC ¶¶ 172–85, 204–210.)

#### 1. Claim 6: General Applicability

Little alleges that EA-232 is not generally applicable because it (1) applies only to County facilities that have enough flag clasps and poles to raise the Progress Pride Flag and (2) requires that Lifeguard Captains and Site Supervisors (as opposed to every County employee) bear responsibility for ensuring that the Progress Pride Flags are raised and flown. (FAC ¶¶ 179–82.) According to Little, these aspects of EA-232 constitute the kind of "discretionary, ad hoc exemptions" that the Supreme Court invalidated in *Fulton v. City of Philadelphia*, 593 U.S. 522, 533–34 (2021). (*Id.* ¶ 181.)

The Court is unpersuaded. *Fulton* concerned a city policy that prohibited foster-care services from refusing to place children with prospective foster parents based on their sexual orientation unless the City Commissioner, in his "sole discretion," granted an exemption. *Fulton*, 593 U.S. at 535. That exemption rendered the policy not generally applicable because it "invite[d] the government to decide which reasons for not complying with the policy are worthy of solicitude." *Id.* at 538. In contrast, EA-232 provides for no discretionary or individualized assessments as to whether the policy applies. While it recognizes physical limitations (*i.e.*, the lack of enough flag clasps or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                            Date: January 25, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

poles) that may prevent certain facilities from being able to raise a Progress Pride Flag, these limitations are based on objective criteria. *See Stormans Inc. v. Wiesman*, 794 F.3d 1064, 1081–82 (9th Cir. 2015) (finding that the challenged "rules do not afford unfettered discretion that could lead to religious discrimination because the provisions are tied to particularized, objective criteria"), *cert. denied*, *Stormans, Inc. v. Wiesman*, 579 U.S. 942 (2016).

Little also relies on *Tandon v. Newsom* to argue that, by exempting facilities with inadequate infrastructure to fly the Progress Pride Flag, EA-232 treats "comparable secular activity more favorably than religious exercise." 593 U.S. 61, 62 (2021) (*per curiam*). (FAC ¶¶ 175, 181; Opp. at 18–19.) That argument has no purchase here. *Tandon* addressed California's gathering restrictions during the COVID-19 pandemic, which permitted more than three households to gather at a time in places like retail stores, restaurants, and movie theatres, but prohibited such gatherings for at-home religious exercise. *Tandon*, 593 U.S. at 62–64. In other words, the system expressly prohibited religious practice while providing "myriad exceptions and accommodations for comparable [secular] activity." *Id.* at 64. Here, Little points to no one who, for secular reasons, was exempted from compliance with EA-232.

Therefore, the Court DISMISSES Little's sixth claim WITH PREJUDICE.

### 2. Claim 8: Neutrality

Little concedes that he does not challenge whether EA-232 is neutral on its face. (*See* Opp. at 21 (noting that Little does not contest "the initial passage of the policy").) Instead, Little alleges that EA-232 was not applied neutrally because Chiefs Boiteux, Lester, and Uehara "conspired" to cause his religious accommodation to be revoked. (FAC ¶ 204–09; *see also* Opp. at 21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                      Date: January 25, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

The government "cannot impose regulations that are hostile to the religious beliefs of affected citizens and cannot act in a manner that passes judgment upon or presupposes the illegitimacy of religious beliefs and practices." *Masterpiece Cakeshop v. Colorado Civil Rights Comm'n*, 584 U.S. 617, 640 (2018). The Supreme Court has instructed that "upon even slight suspicion that proposals for state intervention stem from animosity to religion or distrust of its practices, all officials must pause to remember their own high duty to the Constitution and to the rights it secures." *Id.* at 638–39 (quoting *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 547 (1993)). Accordingly, Little was entitled to a "neutral decisionmaker who would give full and fair consideration to his religious objection." *Id.* at 640.

Keeping these principles in mind, the Court finds that the pleading here gives rise to a sufficient "suspicion" of religious animosity to warrant "pause" before dismissing Little's neutrality claim as implausible. *Id.* The FAC alleges that Chiefs Boiteux and Lester knew that Little had been granted a religious accommodation and conspired to undermine that accommodation by bringing additional flag poles to the Area 17 sites so that they would be required to fly Progress Pride Flags in time for Little's scheduled shift there. (FAC ¶ 204–09.) The FAC further alleges that religious animus motivated these actions, as evidenced in part by Chief Boiteux's comments to Little on June 22, 2023—the day after Little's accommodation was revoked—that Little's "religious beliefs do not matter." (*Id.* ¶¶ 204, 207.) Moreover, the FAC asserts that after Little's accommodation was revoked on June 21, 2023, Chief Lester ordered Little to raise the Progress Pride Flags he had lowered earlier that day. (*Id.* ¶ 65.)

Defendants argue that, even if religious animus lay behind Chiefs Boiteux, Lester, and Uehara's actions, Little's claim fails because he has not adequately alleged that they were "decisionmakers" with respect to Little's accommodation request. (Reply at 13 (citing *Masterpiece Cakeshop*, 584 U.S. at 640).) Yet Little alleges that Chief Uehara participated in Little's Interactive Process Meeting, informed Chief Boiteux about the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:24-cv-04353-JLS-PD | Date: January 25, 2025 |
| Title: Jeffrey Little v. Los Angeles County Fire Department et al | |

Meeting and the terms of the accommodation that Little was granted, and was involved with the revocation of Little's accommodation request. (FAC ¶¶ 42, 66.) And although the FAC does not pinpoint specific evidence to demonstrate Chief Uehara's religious animus, the crux of Little's allegations is that all three Chiefs conspired together to defeat his religious accommodation. Accepting these allegations as true, Little has alleged enough facts from which it can be inferred that all three Chiefs played some role in the decision to revoke Little's reasonable accommodation request.

Defendants also contend that the "obvious explanation" for Chief Boiteux, Lester, and Uehara's conduct is not religious animus but rather frustration with Little's "rank insubordination" in lowering the Progress Pride Flags after a superior had raised them. (Mem. at 15.) But a claim may be dismissed "only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible." *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1159–60 (9th Cir. 2022). Having reviewed the FAC, the Court cannot say that Little's allegation that Chiefs Boiteux, Lester, and Uehara acted out of religious animus is beyond the realm of plausible possibilities.

Therefore, the Court DENIES Defendants' motion as to Little's eighth claim.

### E. Claim 7: Free Exercise Clause of the California Constitution

"California case law suggests that analysis of a claim of the constitutional right to the free exercise of religion is generally similar under both federal and state constitutional law." *See Vernon v. City of L.A.*, 27 F.3d 1385, 1392 (9th Cir. 1994). For the same reasons that the Court concluded Little has stated a viable claim that EA-232 was not applied neutrally in violation of the U.S. Constitution's Free Exercise Clause, *see supra* Section III.D, the Court concludes that Little's Free Exercise Clause claim under the California Constitution passes muster. Accordingly, Defendants' motion is DENIED as to Little's seventh claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                      Date: January 25, 2025

Title: Jeffrey Little v. Los Angeles County Fire Department et al

### F. Claim 9: Free Speech Clause of the First Amendment of the U.S. Constitution

Little alleges that "raising or ensuring [the] raising of the Progress Pride Flag" is a form of speech, and so by requiring Little to "affirm" the Progress Pride Flag as "a condition of employment," Defendants are compelling his speech in violation of the Free Speech Clause of the First Amendment. (FAC ¶ 219.) "Whether a public employee like [Little] has engaged in speech protected by the First Amendment breaks down to two inquiries: (1) whether he 'spoke on a matter of public concern,' and (2) whether he 'spoke as a private citizen or public employee.'" *Dodge v. Evergreen Sch. Dist.*, 56 F.4th 767, 777 (9th Cir. 2022) (quoting *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 961 (9th Cir. 2011)).

Defendants argue that even assuming the speech at issue is a matter of public concern, Little has not stated a viable compelled-speech claim because this speech is government speech, not private speech. (Mem. 6–11.) Whether speech is spoken in the capacity of a private citizen or a public employee depends on the "scope and content of [the] plaintiff's job responsibilities." *Poway Unified Sch. Dist.*, 658 F.3d 954 at 966 (quoting *Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009)). "A person speaks in a personal capacity if he had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks he was paid to perform." *Dodge*, 56 F.4th at 778 (alterations and citation omitted). The Supreme Court has explained that when a public employee speaks pursuant to his official duties, the speech is not protected because any restriction on that speech "simply reflects the exercise of employer control over what the employer itself has commissioned or created." *Garcetti v. Ceballos*, 547 U.S. 410, 422 (2006). In addition, to state a compelled-speech claim, "it is not enough for [Little] to show that the service at issue involves a medium of expression. [Little] must also demonstrate that the "expressive activity is [his] own[.]" *Emilee Carpenter,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                        Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

*LLC v. James*, 107 F.4th 92, 104 (2d Cir. 2024) (citing *Moody v. NetChoice, LLC*, 603 U.S. 707, 727–28 (2024)).

The Court has little trouble concluding that the speech involved here is government speech.  It is undisputed that Little had an official duty to ensure that the Progress Pride Flag be raised at County facilities during his work shifts in June 2023 and June 2024.  Both EA-231 and EA-232 clearly directed all Lifeguard Captains, including Little, to "ensure [Progress Pride Flags] are … flown throughout the month of June." (Ex. 4; Ex. 23.)  And the County's job description for the Lifeguard Captain position entails "ensuring the enforcement of all rules and ordinances."  (FAC ¶ 48; Ex. 2.)  Little avers that this "excessively broad" mandate must be tethered in some way to his specific job duties as a Lifeguard Captain.  (*See* Opp. at 25 (citing *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507 (2022)); *see also* FAC ¶ 222.)  But the Court is unpersuaded that this concern is implicated here, as Little does not dispute that raising or ensuring the raising of flags (such as the U.S. and California flags) are part of his normal job duties as Lifeguard Captain.

Moreover, this is not a case where the speech at issue involves a form of personal expression.  The County is merely requiring that its employees convey a government-selected message (the Progress Pride Flag) on government-owned property (County Fire Department facilities) for members of the public to see.  Little attempts to compare this case to *West Virginia State Board of Education v. Barnette*, 319 U.S. 624 (1943)—where the Supreme Court invalidated a law requiring schoolchildren to salute and pledge allegiance to the U.S. flag or face expulsion—and *Wooley v. Maynard*, 430 U.S. 705 (1977)—where the Supreme Court struck down a law requiring schoolchildren to participate in daily public ceremonies by honoring and saluting the flag with words and gestures.  But those cases are readily distinguishable in that, here, the County has not mandated that Little salute or pledge allegiance to the flag.  That Little was required to ensure the raising of a flag on government property simply does not amount to a

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                        Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al
___

requirement that those employees "affirm … a belief and an attitude of mind." *Barnette*, 319 U.S. at 633.  And in contrast to other cases on which Little relies, the speech at issue here could not be reasonably viewed by observers as officially promoted by Little or any individual County employee.  *Cf. Dodge,* 56 F.4th at 778 (concluding that a public-school teacher acted as private citizen by wearing a MAGA hat to teacher trainings).  Rather, upon seeing the U.S., California, and Progress Pride Flags waving "in unison, side-by-side, from matching flagpoles," just outside County Fire Department facilities, members of the public are "likely to see th[ose] flags as conveying some message on the government's behalf."  *Shurtleff v. City of Boston*, 596 U.S 243, 255 (U.S. 2022) (internal quotation marks and citations omitted).  Little has thus failed to demonstrate that the "expressive activity is [his] own[.]"  *Emilee Carpenter,* 107 F.4th at 104 (citing *NetChoice*, 603 U.S. at 727–28).

Because Little has not shown that the speech at issue is anything other than government speech, he has failed to state a viable compelled-speech claim under the First Amendment.  Accordingly, Little's ninth claim is DISMISSED WITH PREJUDICE.

### G. Qualified Immunity

Lastly, Defendants argue that Chiefs Boiteux, Lester, and Uehara are entitled to qualified immunity on Little's claims for civil damages.[5]  (Mem. at 28.)  Qualified immunity shields government officials from liability unless their actions "violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Thus, qualified immunity attaches unless "(1) the facts taken in the light most favorable to the party asserting the injury show that the defendants'

___

[5] Little asserts Claims 6 through 9 against Chiefs Boiteux, Uehara, and Lester.  (FAC ¶¶ 171–227.)  Having concluded that Claims 6 and 9 must be dismissed with prejudice, the Court's analysis of qualified immunity applies only to Claims 7 and 8.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                      Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

conduct violated a constitutional right and (2) the right was clearly established at the time of the alleged violation." *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) (internal alterations, quotation marks, and citations omitted).  A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012).

Although courts may consider qualified immunity at the pleadings stage, the Ninth Circuit has recognized that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).  "On the one hand, [courts] may not dismiss a complaint making a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted).  "But on the other hand, defendants are entitled to qualified immunity so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 1234–35 (internal quotation marks omitted).

Here, the Court has already determined that Little's seventh and eighth claims asserting free-exercise violations are plausible.  To argue qualified immunity, Defendants broadly assert that Little cannot show that Defendants violated any right, much less a right that was clearly established. (Mem. at 28; Reply at 18.)  But a "qualified immunity analysis often turns on the specific facts of each alleged violation." *NAACP of San Jose v. City of San Jose*, 562 F. Supp. 3d 382, 396 (N.D. Cal. Sept. 24, 2021).  And that is especially so here, given that Little's allegations of religious animus differ with respect to each individual defendant.  Accordingly, the Court finds that it is premature to decide whether qualified immunity applies because the factual record has not been developed.[6]

---

[6] The Court reaches the same conclusion with respect to Defendants' cursory argument that Chiefs Boiteux, Lester, and Uehara are entitled to statutory immunity under California Government Code § 820.4, which provides that "[a] public employee is not liable for his act or

*See NAACP of San Jose*, 562 F. Supp. at 395–96 (finding that defendants' "qualified immunity arguments [we]re better suited to summary judgment" where "many of the factual allegations [we]re specific to each plaintiff and not amenable to a blanket ruling of qualified immunity."). This ruling does not preclude Chiefs Boiteux, Lester, and Uehara from raising qualified immunity at a later stage in this litigation. *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) ("Once an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity.")

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 33) is GRANTED IN PART as follows:

- Claim 1 (Title VII: Failure to Accommodate) is DISMISSED WITH LEAVE TO AMEND;

- Claim 2 (FEHA: Failure to Accommodate) is DISMISSED WITH LEAVE TO AMEND;

- Claim 6 (First Amendment Free Exercise: Generally Applicable) is DISMISSED WITH PREJUDICE;

- Claim 9 (First Amendment: Free Speech) is DISMISSED WITH PREJUDICE.

---

omission, exercising due care, in the execution or enforcement of any law." Cal. Gov. Code § 820.4. (*See* Mem. at 28 (citing *Malek v. Green*, 2018 WL 2431437, at *20 (N.D. Cal. May 30, 2018), for the proposition that immunity under § 820.4 is "coextensive with the first prong of qualified immunity").) Because Little has plausibly alleged that Chiefs Boiteux, Lester, and Uehara violated Little's free-exercise constitutional rights, the Court cannot conclude at this juncture that these individual defendants are entitled to immunity under § 820.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                                                Date: January 25, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

Defendants' motion is DENIED as to the following claims:

- Claim 3 (Title VII: Retaliation);

- Claim 4 (FEHA: Retaliation);

- Claim 5 (FEHA: Failure to Prevent Discrimination, Harassment, and Retaliation);

- Claim 7 (California Constitution: Free Exercise); and

- Claim 8 (First Amendment Free Exercise: Neutrality).

Little is granted leave to amend the pleading in a manner consistent with the terms of this Order and with all Rule 11 obligations.  Any amended complaint must be filed within **fourteen (14) days** of the issuance of this Order.  No new claims may be added, and any claim not included in a timely-filed amended complaint will be deemed dismissed without leave to amend.

Initials of Deputy Clerk: kd