UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:24-cv-04353-JLS-PD                                                    Date: May 04, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

**Present: HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 53)**

Before the Court is a Motion to Dismiss Second Amended Complaint filed by Defendants Los Angeles County Fire Department, Fernando Boiteux, Adam Uehara, and Arthur Lester (collectively, "Defendants").  (Mot., Doc. 53; Mem., Doc. 53-1.)  Plaintiff Jeffrey Little opposed, and Defendants responded.  (Opp., Doc. 57; Reply, Doc. 58.)  Having taken this matter under submission, and for the following reasons, the Court DENIES the Motion.

**I.  BACKGROUND**

The Court recounted the facts and procedural history of this case in detail in its prior Order Granting Defendants' Motion to Dismiss the First Amended Complaint ("FAC").  (Prior Order at 1–5, Doc. 50.)  As the present Motion concerns only Little's first and second claims for failure to accommodate religion under Title VII of the Civil Rights Act of 1964 ("Title VII") and California's Fair Employment and Housing Act ("FEHA"), (Mot. at 2), the Court recounts below only the background relevant to these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-04353-JLS-PD                                               Date: May 04, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

### A. Factual Background[1]

Plaintiff Jeffrey Little works as a Captain in the Lifeguard Division of the Los Angeles County Fire Department.  (Second Amended Complaint ("SAC") ¶¶ 10, 17, Doc. 51.)  Little is an "Evangelical Christian with traditional and orthodox beliefs on marriage, family, and sexual behavior and identity."  (*Id.* ¶ 18.)

#### 1.  2023 Pride Month

In March 2023, the Los Angeles County Board of Supervisors passed a motion that "directed the Chief Executive Officer to work with all County Departments to explore ways the Progress Pride Flag can be flown at all county facilities" during June, LGBTQ+ Pride month.  (*Id.* ¶ 19; Ex. 3.)  On May 25, 2023, the Fire Department implemented that directive by issuing EA-231—a memorandum requiring that the Progress Pride Flag be flown at Fire Department facilities during the month of June, provided that the facility had adequate flagpoles and flag clasps available to accommodate the Progress Pride Flag.  (SAC ¶¶ 20–21; Ex. 4.)  EA-231 required Captains, including Little, and Site Supervisors to "[e]nsure [Progress Pride Flags] are received and flown throughout the month of June."  (Ex. 4.)  Little alleges that "[t]he views commonly associated with the Progress Pride Flag … are in direct conflict" with his sincerely held religious beliefs, which dictate that he cannot be responsible for "rais[ing] the Progress Pride Flag or ensur[ing] that it is raised and properly flown."  (SAC ¶¶ 37, 45.)

On June 18, 2023, Little requested to be "exempt [from] adhering to EA-231" as a reasonable accommodation on the grounds that EA-231 "infringes on [his] sincere religious beliefs."  (*Id.* ¶¶ 42–43; Ex. 6.)  The Fire Department held an Interactive

---

[1] All exhibits cited in this Order are incorporated by reference and attached to the SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                                           Date: May 04, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

Process Meeting with Little on June 19, 2023.  (SAC ¶¶ 45, 50.)  At the meeting, the Fire Department granted Little's request by agreeing that, for the remainder of June, Little (1) would be assigned to facilities that could not physically accommodate the Progress Pride Flag; and (2) would not need to personally raise, or ensure the raising of, the Progress Pride Flag.  (*Id.* ¶ 46.)  Going forward, "Little was to negotiate arrangements with others," such as "shift swapping, use of recall exemption, and use of leave benefit time," to "avoid a conflict between his religious beliefs and compliance with EA-231."  (*Id.* ¶ 53.)  Little alleges that this accommodation "appeared to be a practical solution" because there were several sites—including Area 17—that did not have enough flag clasps to accommodate the Progress Pride Flag.  (*Id.* ¶¶ 47–48.)

On June 21, 2023, Little traded shifts with a colleague so that he could be reassigned to Area 17.  (*Id.* ¶ 62.)  But before Little's shift began, Fire Department Section Chief Arthur Lester brought additional clasps to Area 17 and directed lifeguards to raise Progress Pride Flags at each of the three Area 17 sites.  (*Id.* ¶ 64.)  Little alleges that Chief Lester "knew [Little] had an accommodation" and "sought to defeat that religious accommodation due to his animus against [Little]'s religious beliefs."  (*Id.* ¶ 66.)  When Little arrived for his shift at 10:30 a.m., he took down the Progress Pride Flag from his assigned Area 17 site.  (*Id.* ¶ 68.)  Little then removed the Progress Pride Flags from the other two Area 17 sites.  (*Id.* ¶ 69.)  Later that afternoon, the Fire Department informed Little by Microsoft Teams that his religious accommodation had been revoked.  (*Id.* ¶ 70.)  Chief Lester allegedly "ordered [Little] to re-raise the Progress Pride Flags that he had lowered," but Little refused to do so.  (*Id.* ¶¶ 70–72.)

On June 22, 2023, Lifeguard Division Chief Fernando Boiteux hand-delivered two documents to Little: (1) a Direct Order requiring that Little either "fly the Progress Pride Flag as instructed in EA-231" or "ensure that the Progress Pride Flag is flown as instructed in EA-231," (Ex. 7 (cleaned up)); and (2) a letter notifying Little that he was the subject of an administrative investigation regarding his "alleged misconduct generally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                      Date: May 04, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

concerning the removal of the Progress Pride Flag from County facilities on June 21, 2023," (Ex. 10).  (SAC ¶¶ 75–79.)  While doing so, Chief Boiteux allegedly told Little: "Your religious beliefs do not matter; you are an LA County employee."  (*Id.* ¶ 76.)  Little filed an administrative complaint later that afternoon stating that "[his] religious beliefs were not being taken seriously" and that he believed Chief Lester's actions "[were] retaliatory in nature."  (*Id.* ¶ 78; Ex. 8.)

On June 23, 2023, Little was removed from his role in the Background Investigation Unit, "resulting in a significant loss of overtime, income, and prestige."  (SAC ¶ 82.)  On July 16, 2024, the Fire Department sent Little a Notice of Intent to Suspend for his "unauthorized removal of the Progress Pride Flags from three lifeguard stations, which constituted inappropriate conduct towards others and discrimination based on sexual orientation."  (Ex. 18; SAC ¶ 86.)  On October 24, 2024, the Fire Department sent Little a Notice of Suspension advising him that "any further violation of the County's policies and procedures … may be grounds for more serious disciplinary action, including discharge."  (Ex. 19; SAC ¶ 87.)  Little eventually served this suspension in November 2024.  (*Id.* ¶ 87.)

2. 2024 Pride Month

Little alleges that, between June 22, 2023 and May 23, 2024, the Fire Department "refused to engage in the interactive process" with him to negotiate a religious accommodation for June 2024.  (*Id.* ¶ 81.)  In July 2023, Little emailed a County human resources officer requesting a standing exemption from compliance with EA-231, to apply in "every" June going forward.  (*Id.* ¶ 97; Ex. 23.)  The human resources officer responded that a standing accommodation would not be granted because she could not confirm whether there would be directives like EA-231 issued in the future; instead, Little would need to request a religious accommodation each year "through [his] chain of command the month prior to [Pride Month]."  (Ex. 23.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                                    Date: May 04, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

      In letters dated March 21, 2024 and April 19, 2024, Little again requested that the Fire Department grant him a "standing exemption from compliance with EA-231" for future Pride months. (SAC ¶ 99.) Upon receiving no response, Little emailed a human resources officer on May 8, 2024, requesting exemption from EA-231 for the month of June 2024. (*Id.* ¶¶ 97, 99; Ex. 23.) On May 23, 2024, the Fire Department responded to Little by proposing they hold another Interactive Process Meeting. (SAC ¶ 99.) On May 29, 2024, the parties participated in an Interactive Process Meeting to discuss Little's religious objections. (*Id.* ¶¶ 101–02.)

      On May 30, 2024, the Fire Department issued EA-232. (Ex. 24.) Like EA-231, EA-232 required Captains to "[e]nsure" that Progress Pride Flags are flown throughout the month of June at facilities that could accommodate them. (*Id.*; SAC ¶¶ 103–104.)

      On May 31, 2024, the parties engaged in another Interactive Process Meeting. (*Id.* ¶¶ 101–02.) This time, the Fire Department granted Little a "partial religious accommodation" such that Little "would not be personally responsible for raising or lowering the Progress Pride Flag" because his work shift would start after the Progress Pride Flag would need to be raised and end before it would need to be lowered. (*Id.* ¶ 108.) Little alleges that he ultimately "secured an effective accommodation" for June 2024, as he was able to trade shifts with colleagues to avoid working at sites where the Progress Pride Flag was flown. (*Id.* ¶ 113.) Nevertheless, Little maintains that "both a preliminary and permanent injunction" are necessary because the Fire Department has "refus[ed] to grant him a standing accommodation for future Pride Months." (*Id.* ¶ 115.)

### B. Procedural Background

      Little initiated this action on May 24, 2024. (Compl., Doc. 1.) He filed the FAC on July 19, 2024. (FAC, Doc. 31.) The FAC asserted nine claims for various violations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:24-cv-04353-JLS-PD | Date: May 04, 2025 |
| Title: Jeffrey Little v. Los Angeles County Fire Department et al | |

of Title VII, FEHA, the First Amendment of the U.S. Constitution, and the Free Exercise Clause of the California Constitution. (FAC ¶¶ 120–227.)

As noted at the outset, Defendants previously moved to dismiss the FAC in its entirety. (Mot. to Dismiss FAC, Doc. 33.) Defendants argued, *inter alia*, that Little's claims for failure to accommodation religion under Title VII and FEHA (Claims 1 and 2) should be dismissed because the FAC did not plausibly allege an adverse employment action to support these claims. (*Id.* at 25–26; Reply to Mot. to Dismiss FAC at 15–16, Doc. 37.) On this basis, the Court dismissed Little's failure to accommodate religion claims but granted him leave to amend these claims. (Prior Order at 8–9.)

Little filed the SAC on February 10, 2025. (SAC.) The SAC clarifies that Little's failure to accommodate religion claims are premised on both "retrospective" and "prospective" adverse employment actions. (*Id.* ¶¶ 137–139.) As to the "retrospective" actions, the SAC alleges that Defendants "subjected [] Little to an investigation, placed him on unpaid administrative leave, subjected him to hostile personal attacks, and removed him from the Background Investigation Unit." (*Id.* ¶ 137.) Little's "prospective" theory refers to his allegations that Defendants have threatened to subject him to disciplinary action, including discharge, if he fails to comply with EA-232 or similar directives in the future. (*Id.* ¶ 138.)

Defendants now move, again, to dismiss Little's claims for failure to accommodate religion. (Mot. at 2.)

## II. LEGAL STANDARDS

### A. 12(b)(6) Motion

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                  Date: May 04, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

(2009). Courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### B. Claims for Failure to Accommodate Religion Under Title VII and FEHA

Title VII and FEHA require employers to accommodate an employee's religious beliefs unless doing so would impose an undue hardship. *See* 42 U.S.C. § 2000e(j); Cal. Gov. Code § 12940(a)(1). Failure to accommodate religion claims under Title VII and FEHA are analyzed under the same burden-shifting framework. *See Bolden-Hardge v. Office of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). The employee must first establish a prima facie case of failure to accommodate religion. *Id.* Then, "if the employee is successful, the employer can show that it was nonetheless justified in not accommodating the employee's religious beliefs or practices." *Id.*

To establish a prima face case of failure to accommodate religion, a plaintiff must show that: "(1) a bona fide religious belief of the employee conflicted with an employment policy; (2) the employee informed the employer of the conflict; and (3) the employee was penalized in some way because of the conflict." *EEOC v. Townley Eng. & Mfg. Co.*, 859 F.2d 610, 614 n.5 (9th Cir. 1988). If the plaintiff sets forth a prima facie case, the burden then shifts to the employer to show either that it "initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                     Date: May 04, 2025

Title: Jeffrey Little v. Los Angeles County Fire Department et al

reasonably accommodate the employee without undue hardship."[2] *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

### III. **DISCUSSION**

Defendants now seek dismissal of Little's failure to accommodate religion claims on two grounds. (Mem. at 2.) First, Defendants argue that Little cannot establish a prima facie case of failure to accommodate religion as the SAC does not allege that he was penalized "because of" the conflict between his employment duties and his religious beliefs. (*Id*. at 9.) Second, Defendants argue that, even if Little could establish a prima facie case, his claims ultimately fail because Defendants made "good faith efforts to accommodate reasonably Little's religious practices." (*Id.* at 11–12.) For the reasons explained below, the Court concludes that neither of these arguments warrants the dismissal of Little's failure to accommodate religion claims at this stage. The Court therefore DENIES Defendants' Motion.

As to Defendants' first argument, the Court finds that the SAC's allegations support a plausible inference that Little was penalized "because of" the conflict between his employment duties and his religious beliefs. The SAC alleges that Little's "sincerely held religious beliefs" preclude him from "affirming in any manner the ideological or philosophical premises espoused by the Progress Pride Flag," and thus conflict with his

---

[2] Little devotes substantial attention to arguing that the "good faith" portion of this standard was mere "dicta" in *Peterson*, a case decided twenty years ago, and "has no basis law." (Opp. at 20 –22.) However, recent Ninth Circuit cases analyzing failure to accommodate religion claims under Title VII and FEHA have applied the same standard that is set forth in *Peterson*. *See, e.g,*, *Bolden-Hardge v. Office of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023) ("Once an employee establishes a prima facie case of failure to accommodate religion, the burden shifts to the employer to show 'either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship.'") (citation omitted). The Court therefore does so as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:24-cv-04353-JLS-PD | Date: May 04, 2025 |
| Title: Jeffrey Little v. Los Angeles County Fire Department et al | |

"job[] requirement of personally raising [or] ensuring [the] raising" of the Progress Pride Flag. (SAC ¶¶ 133–35.)  The SAC then alleges that, "because Little failed to fly the Progress Pride Flag at his worksite[] and instead lowered the flag [on June 21, 2023]," Defendants "subjected [him] to investigation, placed him on unpaid administrative leave, subjected him to hostile personal attacks, and removed him from the Background Investigation Unit."  (*Id.* ¶ 137.)  The SAC further alleges that Defendants have threatened—via several direct orders and notices—to subject Little to disciplinary action if he fails to comply with EA-232 or any similar directives in the future.  (*Id.* ¶ 138; Direct Order, Ex. 7; Notice of Suspension, Ex. 19; Summary Mem. from 2024 IPM Meetings, Ex. 25.)  These allegations are sufficient, at this stage, to support Little's failure to accommodate religion claims.  *See Camp v. L.A. Arena Co., LLC*, 2023 WL 4680797, at *7 (C.D. Cal. June 15, 2023) ("Because Plaintiff alleged both that his religion prevented him from meeting the requirements of Defendants' Policy—at least without some reasonable accommodation—and that Defendants terminated his employment because of Plaintiff's inability to fulfill this job requirement, Plaintiff has pled enough facts to support his failure to accommodate claims.").

Defendants contend that they "had a non-discriminatory reason for [Little's] suspension"—that is, Little's "lowering of the [Progress Pride Flag] on June 21, 2023 in direct violation of County policy."  (Mem. at 10.)  Defendants' proffered explanation for Little's suspension is certainly plausible.  But so, too, is Little's explanation for his suspension.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").  Because the Court cannot say, based on the undeveloped factual record before it, that Defendants' explanation is "so convincing" as to render Little's explanation "implausible," Defendants' first argument does not warrant the dismissal of Little's failure to accommodate religion claims.  *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1159–60 (9th Cir. 2002) (quoting *Starr*, 652 F.3d at 1216).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                    Date: May 04, 2025
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

Defendants' second argument—that, even assuming Little established a prima face case of failure to accommodate religion, his claims would nonetheless fail because Defendants made "good faith efforts to reasonably accommodate Little's religious practices"—also hinges on issues of fact that cannot be resolved at this stage.  (Mem. at 11–12.)

Defendants assert that "the SAC is replete with allegations that [they] engaged in consistent good-faith efforts in 2023 and 2024 to provide Plaintiff with an accommodation."  (*Id.* at 11.)  Granted, the SAC alleges that Defendants held several Interactive Process Meetings with Little in 2023 and 2024 to devise a proper accommodation, (SAC ¶¶ 45–46, 100–01, 107), and that Defendants ultimately granted Little a "partial religious accommodation" for June 2024.  (*Id.* ¶ 107.)  But the SAC also alleges that Defendants (1) "refused to engage in the interactive process" with Little "[b]etween June 22, 2023 and May 23, 2024," (*id.* ¶ 81); (2) "ignored" Little's March and April 2024 letters requesting "a standing exemption from compliance with EA-231," (*id.* ¶ 99); (3) did not inform Little whether he would be granted an accommodation for June 2024 until May 31, 2024, (*id.* ¶ 107); and (4) continue to refuse Little's request for a standing exemption from compliance with EA-232 and any similar future directives.  (*Id.* ¶ 115.)  The SAC thus supports a plausible inference that Defendants did not engage in good faith efforts to accommodate Little, and that is sufficient to survive the motion to dismiss stage.  *See Starr*, 652 F.3d at 1216.

In any event, for Defendants to prevail at this step of the analysis, it is not enough for Defendants to show that they engaged in good faith efforts to accommodate Little.  Defendants must also demonstrate that these efforts were *reasonable*.  *See Bolden-Hardge*, 63 F.4th at 1224 ("Once an employee establishes a prima face of failure to accommodate religion, the burden shifts to the employer to show 'either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-04353-JLS-PD                                                                 Date: May 04, 2025
Title: Jeffrey Little v. Los Angeles County Fire Department et al

could not *reasonably* accommodate the employee without undue hardship.'") (citation omitted and emphasis added); *Peterson*, 358 F.3d at 606 ("An employer's duty to negotiate possible accommodations ordinarily requires it to 'take some initial step to *reasonably* accommodate the religious belief of that employee.'") (citation omitted and emphasis added). "Whether an accommodation is reasonable is typically a question of fact."[3] *Robinson v. CVS Pharmacy, Inc.*, 2017 WL 2634457, at *2 n.2 (C.D. Cal. June 12, 2017) (citing *Proctor v. Consol. Freightways Corp. of Delaware*, 795 F.2d 1472, 1476 (9th Cir. 1986)); *see also Kelly v. Cty. of Orange*, 101 Fed. App'x 206, 207 (9th Cir. 2004) (describing the second step of the failure to accommodate religion analysis as a "fact-intensive inquiry"). Here, Little argues that, by refusing to grant him a standing accommodation and instead requiring him to re-apply for an accommodation each year in May, Defendants have adopted a "wait-and-see" approach that does not eliminate the conflict between Little's religious beliefs and employment duties. (Opp. at 22–23 (citing *EEOC v. Arlington Transit Mix, Inc.*, 957 F.2d 219 (6th Cir. 1991).) The Court finds that any attempt to determine whether Defendants' proposed accommodations were reasonable would be premature at this stage, particularly given the absence of a developed factual record regarding the motivations and reasoning underlying Defendants' actions. Accordingly, Defendants are not entitled to dismissal of Little's failure to accommodate religion claims on this basis.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion is DENIED.

                                                                                                Initials of Deputy Clerk: kd

---

[3] Although some courts have decided this issue as a matter of law at summary judgment, *see Robinson*, 2017 WL 2634457, at *2 n.2 (collecting cases), Defendants cite no case in which a court has concluded, upon a motion to dismiss, that an employer was entitled to dismissal of a failure to accommodate claim on the basis that the employer "initiated good faith efforts to accommodate reasonably the employee's religious practices." *Peterson*, 358 F.3d at 606.