DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. # 313952)
kgrossman@omm.com
MARNI B. ROBINOW (S.B. # 313412)
mrobinow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone:  (213) 430 6000
Facsimile:   (213) 430 6407

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Arthur Lester, and Adam Uehara*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Jeffrey Little,<br><br>              Plaintiff,<br><br>     v.<br><br>Los Angeles County Fire Department, et al.,<br><br>              Defendants. | Case No. 2:24-cv-04353-JLS-BFM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(c) MOTION TO DISMISS OR ALTERNATIVELY STAY**<br><br>*[Filed concurrently with Notice of Motion and Motion to Dismiss or Stay; Declaration of Marni B. Robinow in Support of Motion to Dismiss or Stay; Declaration of Geoffrey S. Sheldon in Support of Motion to Dismiss or Stay; and [Proposed] Order]*<br><br>Hearing Date: December 19, 2025<br>Time: 10:30 a.m.<br>Judge:  Hon. Josephine L. Staton<br>Courtroom:  8A<br><br>TAC Filed:  October 21, 2025<br>Trial Date:  None set |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................7

II.   BACKGROUND ...............................................................................................8

    A.    Factual Background ...............................................................................8

    B.    Procedural History .................................................................................9

    C.    The Civil Service Commission Appeal .................................................9

    D.    Events Leading to the Instant Motion ................................................10

III.  LEGAL STANDARD ......................................................................................11

IV.   ARGUMENT ...................................................................................................11

    A.    Plaintiff Failed to Exhaust His Judicial Remedies Through the CSC Appeal ..........................................................................................12

    B.    Three Abstention Doctrines Warrant Dismissal or Alternatively a Stay Pending Resolution of the CSC Appeal .................................15

        1.    The Court Should Abstain Under *Younger* ...............................15

        2.    The Court Should Abstain Under *Burford* ...............................18

        3.    The Court Should Abstain Under *Colorado River* ...................21

    C.    The Court Should Dismiss Some Claims and Stay the Remaining Claims or, Alternatively, Stay the Entire Case .................23

V.    CONCLUSION ...............................................................................................24

# TABLE OF AUTHORITIES

**Page**

<u>**CASES**</u>

*Allegheny v. Frank Mashuda Co.*,
  360 U.S. 185 (1959) ........................................................................................15

*Bartholomew v. Washington*,
  725 F. Supp. 3d 1225 (W.D. Wash. 2024) ......................................................20

*Bethpage Lutheran Serv., Inc. v. Weicker*,
  965 F.2d 1239 (2d Cir. 1992) ..........................................................................20

*Blumenkron v. Multnomah County*,
  91 F.4th 1303 (9th Cir. 2024)....................................................................19, 20

*Brandy Found. Animal Sanctuary v. San Bernardino County*,
  2009 WL 10698907 (C.D. Cal. Jan. 26, 2009)................................................24

*Burford v. Sun Oil Co.*,
  319 U.S. 315 (1943) ........................................................................................18

*Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011)..........................................................................11

*Cephas v. City of San Diego*,
  2009 WL 3341146 (Cal. Ct. App. Oct. 19, 2009)............................................14

*Colo. River Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ........................................................................................21

*County of Los Angeles v. Civ. Serv. Comm'n*,
  40 Cal. App. 5th 871 (2019)............................................................................19

*Credit One Bank, N.A. v. Hestrin*,
  60 F.4th 1220 (9th Cir. 2023)..........................................................................16

*Doe v. Cal. Inst. of Tech.*,
  2019 WL 8645652 (C.D. Cal. Aug. 13, 2019).................................................23

*Doe v. Regents of Univ. of Cal.*,
  891 F.3d 1147 (9th Cir. 2018)..........................................................................23

*Dowden v. City of Sacramento*,
  40 F. Supp. 2d 1146 (E.D. Cal. 1999).......................................................17, 18

*Dubinka v. Judges of Superior Ct.*,
  23 F.3d 218 (9th Cir. 1994)..............................................................................17

**TABLE OF AUTHORITIES**
(continued)

Page

*Eng v. County of Los Angeles*,
  2010 WL 11507454 (C.D. Cal. June 14, 2010) ................................... 14

*Fireman's Fund Ins. Co. v. Quackenbush*,
  87 F.3d 290 (9th Cir. 1996) ..................................................... 20

*Fleming v. Pickard*,
  581 F.3d 922 (9th Cir. 2009) .................................................... 11

*Franklin v. City of Kingsburg*,
  2020 WL 2793061 (E.D. Cal. May 29, 2020) ................................... 17

*Gilbertson v. Albright*,
  381 F.3d 965 (9th Cir. 2004) .................................................... 18

*Hoopes Vineyard LLC v. County of Napa*,
  2025 WL 948064 (N.D. Cal. Mar. 28, 2025) ................................... 22

*Houston v. Regents of Univ. of Cal.*,
  2006 WL 1141238 (N.D. Cal. May 1, 2006) .................................... 12

*Iloputaife v. City of Beaumont*,
  2023 WL 5727303 (C.D. Cal. July 3, 2023) .................................... 17

*Johnson v. City of Loma Linda*,
  24 Cal. 4th 61 (2000) ........................................................... 15

*Kilina Am., Inc. v. Macy's, Inc.*,
  2019 WL 13280153 (C.D. Cal. July 23, 2019) ................................. 24

*Lebbos v. Judges of Superior Ct.*,
  883 F.2d 810 (9th Cir. 1989) .................................................... 18

*Lewis v. City & County of San Francisco*,
  2012 WL 909801 (N.D. Cal. Mar. 16, 2012) ................................... 23

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
  491 U.S. 350 (1989) ......................................................... 19, 21

*Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*,
  477 U.S. 619 (1986) ............................................................ 16

*Page v. L.A. Cnty. Probation Dep't*,
  123 Cal. App. 4th 1135 (2004) ............................................ passim

*Pasos v. L.A. Cnty. Civ. Serv. Comm'n*,
  52 Cal. App. 5th 690 (2020) .................................................... 19

1

2

## TABLE OF AUTHORITIES
### (continued)

**Page**

3

4

*Perez v. Alameda Cnty. Sheriffs' Off.*,
2012 WL 273732 (N.D. Cal. Jan. 30, 2012), *aff'd in part, rev'd in part on unrelated grounds*, 550 F. App'x 410 (9th Cir. 2013) ...........................13

5

6

*Perez v. Wells Fargo & Co.*,
75 F. Supp. 3d 1184 (N.D. Cal. 2014).................................................................11

7

8

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706 (1996) ........................................................................11, 23, 24

9

*R.R. St. & Co. v. Transp. Ins. Co.*,
656 F.3d 966 (9th Cir. 2011)........................................................21, 22, 23

10

11

*Ruiz v. Dep't of Corr.*,
77 Cal. App. 4th 891 (2000)...........................................................................14

12

*Rynearson v. Ferguson*,
903 F.3d 920 (9th Cir. 2018) .........................................................................16

13

14

*San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*,
546 F.3d 1087 (9th Cir. 2008).......................................................................17

15

16

*Schifando v. City of Los Angeles*,
31 Cal. 4th 1074 (2003)...........................................................................12, 14

17

18

*Seattle Pac. Univ. v. Ferguson*,
104 F.4th 50 (9th Cir. 2024).........................................................................16

19

*Skelly v. State Pers. Bd.*,
15 Cal. 3d 194 (1975)......................................................................................19

20

21

*Sprint Commc'ns, Inc. v. Jacobs*,
571 U.S. 69 (2013) .........................................................................................16

22

23

*Stafford v. Avenal Cmty. Health Ctr.*,
2019 WL 4013945 (E.D. Cal. Aug. 26, 2019) .................................................23

24

*Taveras v. Bank of Am., N.A.*,
89 F.4th 1279 (11th Cir. 2024)......................................................................22

25

26

*United Gas Pipe Line Co. v. Ideal Cement Co.*,
369 U.S. 134 (1962) .......................................................................................24

27

*Williams v. Hous. Auth. of L.A.*,
121 Cal. App. 4th 708 (2004)...................................................................12, 15

28

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3

*Younger v. Harris,*
4        401 U.S. 37 (1971) ........................................................................................15

5    *Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Loc. 595,*
        989 F. Supp. 2d 912 (N.D. Cal. 2013).....................................................24

6

**STATUTES**

7

Cal. Civ. Proc. Code § 1094.5 ...............................................................10, 19

8

Cal. Gov't Code § 31108 ...............................................................................19

9

**OTHER AUTHORITIES**

10

Los Angeles County Board of Supervisors Policy Manual (July 1,
11        2011)....................................................................................................20

12

**RULES**

13

Fed. R. Civ. P. 12(c) .....................................................................................11

14

L.A. Cnty. Superior Ct. R. 2.8 ......................................................................19

15

L.A. Cnty. Superior Ct. R. 2.9 ......................................................................19

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

## I.    **INTRODUCTION**[1]

Plaintiff Jeffrey Little wishes to have multiple forums—both administrative and judicial—hear his challenge to his November 2024 suspension (the "Suspension") at the same time.  Aside from the unfair advantage Plaintiff would gain from proceeding in two forums simultaneously, his preferred path forward would run afoul of exhaustion doctrines, abstention doctrines, and commonsense comity principles.  To prevent Plaintiff from leading the Court into a "procedural minefield," and to minimize the unnecessary use of judicial resources, Defendants move to dismiss Plaintiff's Fair Employment and Housing Act ("FEHA") and Title VII failure-to-accommodate claims to the extent they rely on the Suspension and stay the remainder of the case pending the resolution of the Plaintiff's parallel Los Angeles County Civil Service Commission ("CSC") Appeal of the Suspension (the "Appeal").  Alternatively, Defendants move to stay the entire case pending resolution of the CSC Appeal.

Before challenging the Suspension in the instant action, Plaintiff submitted his Appeal to the CSC, which is specially equipped to resolve the issues surrounding Plaintiff's Suspension.  Having done that, Plaintiff must see the CSC Appeal through to a final decision and—if he is unsatisfied with the CSC's final decision—he must exhaust the prescribed judicial remedies by filing a writ of mandate in state court.  *See Page v. L.A. Cnty. Probation Dep't*, 123 Cal. App. 4th 1135, 1142 (2004).  But Plaintiff attempts to sidestep this process by litigating the Suspension before the CSC and before this Court at the same time.  He cannot do this.

Not only must Plaintiff exhaust his judicial remedies before bringing FEHA claims in federal court, but several abstention doctrines warrant the Court's exercise of discretion to dismiss both the FEHA and Title VII claims to the extent they are

---

[1] All emphasis is added to, and citations, alterations, and internal quotation marks omitted from, quoted passages unless otherwise noted.

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1    based on the Suspension or to stay the entire case pending the CSC Appeal's

2    resolution. *Younger* abstention requires a stay or dismissal because this litigation

3    would otherwise result in the Court intruding on the parallel state proceedings.

4    *Burford* abstention likewise calls for a stay or dismissal because Plaintiff's

5    Suspension is specifically reviewable by the CSC and the state courts, both of

6    which have expertise in dealing with the issues currently before the CSC.  Finally,

7    the Court should abstain under *Colorado River* because it is not pragmatic or

8    judicially efficient for Plaintiff to continue pursuing both the CSC Appeal and the

9    instant litigation at the same time.

10        For these reasons, and those described below, the Court should grant

11   Defendants' Federal Rule of Civil Procedure ("Rule") 12(c) motion and dismiss

12   Plaintiff's FEHA and Title VII failure-to-accommodate claims to the extent they

13   rely on the Suspension and stay the remainder of the case pending the resolution of

14   the CSC Appeal.  Alternatively, the Court should stay the entire case under the

15   applicable abstention doctrines.

16   **II.    BACKGROUND**

17        **A.    Factual Background**

18        On March 7, 2023, the Los Angeles County Board of Supervisors passed a

19   motion directing all County facilities to fly the Progress Pride Flag ("PPF") during

20   June, which is Pride Month.  Dkt. No. 69, Third Amended Complaint ("TAC")

21   ¶ 19.  On May 25, 2023, the County Fire Department issued EA-231, which stated

22   that Captains and Site Supervisors must "[e]nsure [PPFs] are received and flown" at

23   Fire Department facilities in June.  *Id.* ¶ 20.  Plaintiff's lawsuit alleges that

24   Defendants failed to accommodate his request to be exempt from complying with

25   EA-231 and then retaliated against him for making an accommodation request, both

26   in violation of FEHA and Title VII.  *Id.* ¶¶ 129–209.

27        On June 18, 2023, Plaintiff sent an email requesting "'to be exempt from

28   adhering to EA-231' because compliance with it could violate his religious beliefs

in myriad ways." *Id.* ¶ 43. After attending an interactive process meeting ("IPM") with a County human resources officer to discuss his religious objection on June 19, 2023, *id.* ¶ 45, Plaintiff arrived at work on June 21, 2023 and took down the PPF from his assigned worksite, before traveling to other worksites to remove the PPFs there, *id.* ¶¶ 68–69.

On June 22, 2023, Defendants informed Plaintiff that he was the subject of an investigation because of his lowering of the PPFs. *Id.* ¶ 79. On June 23, 2023, Plaintiff was taken off the background investigation unit ("BIU"). *Id.* ¶ 82(A). Eventually, the County completed its investigation, notified Plaintiff that his lowering of the flags violated the County Policy of Equity, and presented Plaintiff with a notice of suspension letter. *Id.* ¶¶ 85–87; Exs. 16–18. Plaintiff served his Suspension in November 2024. TAC ¶ 87.

### B.    Procedural History

Defendants previously moved to dismiss Plaintiff's First Amended Complaint ("FAC") and Second Amended Complaint ("SAC"). Dkt. Nos. 30, 53. On January 25, 2025, the Court granted Defendants' motion to dismiss the FAC in part and granted Plaintiff leave to amend his complaint. Dkt. No. 50. The Court subsequently denied Defendants' motion to dismiss the SAC. Dkt. No. 60. Then, Plaintiff filed the operative TAC. Dkt. No. 69.

### C.    The Civil Service Commission Appeal

Parallel to the instant litigation, Plaintiff lodged a challenge to his Suspension with the CSC—the CSC Appeal—which he initiated on November 6, 2024. Declaration of Geoffrey S. Sheldon ("Sheldon Decl.") ¶ 3, Ex. 1. Plaintiff's CSC Appeal letter claims that the Suspension was improper and that the County "pretend[s] there was no religious accommodation in effect on June 21, 2023." *Id.*, Ex. 1 at 2.

As part of the CSC Appeal, Plaintiff asked the CSC to certify for hearing the unrelated issue of whether lifeguards are entitled to the rights and protections

1  provided by the Firefighters' Bill of Rights.  On May 21, 2025, the CSC issued a

2  final denial of Plaintiff's request to apply the Firefighters' Bill of Rights to his

3  Appeal because Plaintiff is not a firefighter.  *Id.* ¶ 5, Ex. 3.  On August 12, 2025,

4  Plaintiff appealed this denial to the Los Angeles Superior Court through a writ of

5  mandate, which is the mandated avenue of relief from CSC decisions.  *Id.* ¶ 6, Ex.

6  4; *see* Cal. Code Civ. Proc. § 1094.5; *Page*, 123 Cal. App. 4th at 1142 ("if a public

7  employee has requested a non-FEHA administrative remedy such as a civil service

8  commission hearing and obtained an adverse decision, the employee must exhaust

9  judicial remedies by filing a petition for writ of mandate in the trial court").  While

10  the application of the Firefighter's Bill of Rights to lifeguards does not bear on this

11  lawsuit, Plaintiff's writ of mandate on this issue has effectively stayed the

12  remainder of the CSC Appeal.  Sheldon Decl. ¶ 7.

13       **D.**    **Events Leading to the Instant Motion**

14       When Plaintiff filed the FAC on July 19, 2024, he did not challenge the

15  Suspension.  *See* TAC ¶¶ 86–87.  However, on February 10, 2025, after the Court

16  granted Plaintiff leave to amend, Plaintiff added allegations about the Suspension in

17  the SAC—three months ***after*** initiating the CSC Appeal which put the Suspension

18  at issue.  SAC ¶¶ 86–88.

19       After Defendants filed an answer to the TAC on May 19, 2025, the parties

20  commenced discovery.  In a Rule 30(b)(6) deposition notice, Plaintiff included a

21  topic focused on his Suspension; on October 20, 2025, Defendants objected to

22  providing a person most knowledgeable for this topic.  Declaration of Marni B.

23  Robinow ("Robinow Decl.") ¶¶ 2–3, Exs. A, B.  The parties met and conferred on

24  the Rule 30(b)(6) depositions on multiple occasions and discussed whether the

25  Suspension was properly at issue in the instant litigation.  Robinow Decl. ¶ 4, Ex. A

26  at 7.  Eventually, on November 5, 2025, the parties reached an impasse on the Rule

27  30(b)(6) topic on the Suspension, and Plaintiff thereafter insisted that the parties

28  should present the dispute to Magistrate Judge Mircheff.  Robinow Decl. ¶¶ 5–10,

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

Exs. C, D.  Now, Defendants move to dismiss or stay pursuant to Rule 12(c).  *See* Robinow Decl. ¶¶ 11–12.

## III.  **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Similar to Rule 12(b)(6) motions, "[a] motion for judgment on the pleadings challenges the legal sufficiency of the opposing party's pleadings."  *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1187 (N.D. Cal. 2014); *see also Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Rule 12(c) is functionally identical to Rule 12(b)(6)").  Therefore, "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## IV.  **ARGUMENT**

The Court should grant the Motion for two independent reasons.  First, the Court should dismiss Plaintiff's FEHA failure-to-accommodate claim to the extent it depends on the Suspension because Plaintiff has not exhausted the judicial remedies that accompany the CSC Appeal.  Second, under applicable abstention doctrines, the Court should dismiss the FEHA and Title VII failure-to-accommodate claims to the extent they are based on the Suspension and stay the remainder of the case pending the resolution of the CSC Appeal, or alternatively, stay the entire case.  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717–22 (1996).[2]

---

[2] Defendants do not seek dismissal of Plaintiff's retaliation, discrimination, or free exercise claims on either of the presented grounds because these claims do not challenge or rely on the Suspension.

11

A. **Plaintiff Failed to Exhaust His Judicial Remedies Through the CSC Appeal**

Because Plaintiff opted to pursue a CSC Appeal challenging the Suspension, he must exhaust his judicial remedies from any adverse decision he receives before this Court can decide the same challenge to the Suspension under FEHA in a federal civil action.  Government employees are free to choose between pursuing remedies provided by either FEHA or internal grievance procedures.  *Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1087 (2003).  However, when a government employee chooses to "pursue[] an internal administrative remedy, the employee must timely seek judicial review from an adverse administrative decision by filing an administrative mandamus action *before filing a civil action*."  *Williams v. Hous. Auth. of L.A.*, 121 Cal. App. 4th 708, 724–25 (2004); *see Houston v. Regents of Univ. of Cal.*, 2006 WL 1141238, at *18 (N.D. Cal. May 1, 2006) ("employees who pursue an internal grievance to a final decision are not permitted a second bite of the procedural apple by pursuing an action for damages as well").  Therefore, an employee who turns to an internal administrative remedy for failure-to-accommodate claims "must exhaust the chosen administrative forum's procedural requirements."  *Page*, 123 Cal. App. 4th at 1142.

Here, Plaintiff challenges his Suspension in two separate forums concurrently: in the instant litigation and in the CSC Appeal and related Superior Court writ of mandate.  He filed the CSC Appeal on November 6, 2024, more than three months before he added allegations about the Suspension to his FEHA failure-to-accommodate claim in this litigation on February 10, 2025.  *See* SAC ¶¶ 86–91.  If the Court does not grant this Motion, Plaintiff may very well get two bites of the procedural apple.

The California Court of Appeal's decision in *Page* is instructive.  There, the plaintiff pursued her ADA grievance with the county's civil service commission, but initiated a FEHA lawsuit before the commission reached a final decision.  *Page*,

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

123 Cal. App. 4th at 1138–40.  The Court of Appeal affirmed the trial court's decision sustaining the defendant's demurrer, reasoning that, having commenced the commission's process, gone through an evidentiary hearing, and received the hearing officer's recommended findings, the plaintiff could not "abandon the administrative process and proceed to a FEHA action for damages." *Id.* at 1142. Instead, the plaintiff "had to await a final Commission decision and, if it was adverse, then file a petition for writ of mandate in the trial court to overturn the Commission decision." *Id.*

Similarly, here, Plaintiff may not freely challenge the Suspension in multiple forums simultaneously without first seeing the CSC Appeal through to a final decision.  Doing so leads the parties—and the Court—into the "procedural minefield" that the *Schifando* and *Page* courts warned about.  If permitted, Plaintiff could abandon one forum after receiving an adverse decision yet still maintain the same challenge in a separate forum; or, worse yet, Plaintiff could receive conflicting decisions from two binding decisionmakers.

A district court in this Circuit has applied *Page* under similar circumstances. In *Perez v. Alameda County Sheriffs' Office*, 2012 WL 273732, at *3–4 (N.D. Cal. Jan. 30, 2012), *aff'd in part, rev'd in part on unrelated grounds*, 550 F. App'x 410 (9th Cir. 2013), the plaintiff filed a complaint in federal court just two months after appealing her salary reduction to the county's civil service commission.  The commission had held no substantive hearings or issued a decision before the plaintiff filed the complaint, but it subsequently reached a final decision, which plaintiff did not challenge through judicial review.  *Id.* at *3–5.  Judge White, relying on *Page*, found that the plaintiff, having elected to pursue the commission process, had "proceeded headlong into the 'procedural minefield,' envisioned by the *Schifando* court," and could not "escape unscathed."  *Id.* at *11.  The court therefore granted defendants' motion for summary judgment, as the commission's decision was entitled to preclusive effect.  *Id.* at *6–11.  Similarly, here, the CSC

1   has not yet reached a final decision on the Appeal, but Plaintiff must now exhaust

2   his judicial remedies pertaining to the CSC Appeal before seeking relief in

3   federal court.

4         Moreover, it is unclear whether the CSC Appeal is moving faster than this

5   litigation or whether the CSC will reach a final decision before this Court does.

6   This uncertainty taints the efficacy of proceeding as Plaintiff intends and is

7   precisely what the judicial exhaustion doctrine seeks to avoid.  *See Schifando*, 31

8   Cal. 4th at 1092 (recognizing "the existence of potential procedural issues that

9   might arise in the situation where an employee *chooses* to pursue both avenues of

10  redress"); *Eng v. County of Los Angeles*, 2010 WL 11507454, at *9 (C.D. Cal. June

11  14, 2010) (plaintiff, after receiving unfavorable decisions through the CSC process,

12  "was not then free to abandon the process that he himself invoked without fully

13  exhausting his remedies and seeking to vacate the CSC's decisions before

14  attempting to relitigate those issues before this Court"); *see also Cephas v. City of

15  San Diego*, 2009 WL 3341146, at *6 (Cal. Ct. App. Oct. 19, 2009) (unpublished)

16  ("Requiring the city to proceed with the administrative process while the judicial

17  complaint was still pending would in effect give Cephas two bites at the apple: if

18  the administrative process came out favorably, he could rely on it; if it did not, he

19  could continue to attack the process as ineffectual. While employees are certainly

20  entitled to a fair process, so are employers.").

21        Plaintiff will find no help in *Schifando*.  There, the California Supreme Court

22  made clear that municipal employees may choose between forums for pursuing

23  remedies for employment discrimination, and that therefore employees need not

24  exhaust internal remedies before pursuing a FEHA claim.  *Schifando*, 31 Cal. 4th at

25  1092.  However, the *Schifando* court highlighted the California Court of Appeal's

26  decision in *Ruiz v. Department of Corrections*, 77 Cal. App. 4th 891, 899 (2000),

27  which recognized that once an employee chooses a forum, he must exhaust "the

28  chosen administrative forum's procedural requirements." *Schifando*, 31 Cal. 4th at

1088.  The California Supreme Court closed its opinion in *Schifando* with a warning that "procedural issues [] might arise in the situation where an employee chooses to pursue both avenues of redress[.]"  *Id.* at 1092.  Thus, as the court in *Page* recognized, *Schifando* does not preclude the conclusion that Plaintiff, having chosen to pursue the CSC Appeal, must exhaust his judicial remedies before he can challenge the Suspension here.

Allowing the instant litigation to move forward before the CSC issues a binding decision would render the CSC's quasi-judicial proceedings "little more than rehearsals for litigation."  *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 72 (2000).  Indeed, if a reviewing court in an administrative mandamus action upheld the CSC's eventual findings, "its determination on those issues would potentially have a preclusive effect (or collateral estoppel effect)" on the FEHA action—or vice versa.  *Williams*, 121 Cal. App. 4th at 728.  Accordingly, the Court should dismiss the FEHA failure-to-accommodate claim to the extent it relies on the Suspension.

### B.    Three Abstention Doctrines Warrant Dismissal or Alternatively a Stay Pending Resolution of the CSC Appeal

In addition to Plaintiff's failure to exhaust his judicial remedies, the *Younger*, *Burford*, and *Colorado River* abstention doctrines warrant dismissal of both the FEHA and Title VII failure-to-accommodate claims to the extent they rely on the Suspension and a stay of the remainder of the case pending resolution of the CSC Appeal or, alternatively, a stay of the entire litigation pending resolution of the CSC Appeal.  *See Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959) (noting that under the doctrine of abstention, "a District Court may decline to exercise or postpone the exercise of its jurisdiction").  Defendants address each of these abstention doctrines in turn.

### 1.    The Court Should Abstain Under *Younger*

In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court declared a

"national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger* abstention applies in three circumstances: (1) intrusion into ongoing state criminal proceedings; (2) intrusion into quasi-criminal state civil enforcement proceedings; and (3) intrusion into "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 78 (2013); *see also Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986) (extending *Younger* to administrative proceedings in which the state has a strong interest because "the concern for comity and federalism is equally applicable to" these proceedings).

The Ninth Circuit applies a "five-prong test" to determine whether *Younger* abstention applies. *Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 63 (9th Cir. 2024). It applies "when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Id.* at 63–64. If these elements are met, the court then considers the fifth prong: "(5) whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Rynearson v. Ferguson*, 903 F.3d 920, 924–25 (9th Cir. 2018). Each of these five prongs is satisfied here.

Here, these factors weigh in favor of abstention. "[T]he state action was 'ongoing' before the federal action proceeded beyond the embryonic stage," and therefore Defendants satisfy the first prong. *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023). In assessing whether a case is still in the embryonic stage, courts consider "the number of conferences held, if discovery was undertaken, any motions ruled on, and the overall amount of time that the district court spent on the case." *Id.* at 1226. At the time the CSC Appeal was filed in November 2024, the case was still in the pleadings phase and Plaintiff had yet to

file any pleading challenging his Suspension.  While Defendants had moved to dismiss the FAC for failure to state a claim, the Court had not yet ruled on any substantive issues, Defendants had not filed an answer, discovery had not commenced, and no conferences had been held.  Therefore, the CSC Appeal was ongoing before this case moved past the embryonic stage.  *See Iloputaife v. City of Beaumont*, 2023 WL 5727303, at *6 (C.D. Cal. July 3, 2023) (finding case to be in embryonic stage where motion to dismiss briefing was not complete and the court had not yet addressed any substantive issues).

Defendants satisfy the second prong, as the CSC proceeding, which specifically requires judicial exhaustion through a state court writ of mandate, involves the state's interest in enforcing its courts' judgments.  *See Page*, 123 Cal. App. 4th at 1142 ("if a public employee has requested a non-FEHA administrative remedy such as a civil service commission hearing and obtained an adverse decision, the employee must exhaust judicial remedies by filing a petition for writ of mandate in the trial court").

Moreover, Defendants satisfy the third prong because "[d]iscipline of [government] employees through a formal administrative process qualifies as an important state interest." *Franklin v. City of Kingsburg*, 2020 WL 2793061, at *4 (E.D. Cal. May 29, 2020); *cf Dowden v. City of Sacramento*, 40 F. Supp. 2d 1146, 1149 (E.D. Cal. 1999) ("California has a strong interest in both the conduct of its peace officers and the disciplinary scheme it has established to address officer misconduct.").

Defendants also satisfy the fourth prong because Plaintiff's ability to petition for a writ of mandate to challenge the CSC's decision "suffices for purposes of *Younger* abstention." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1095 (9th Cir. 2008).[3]  In any event, the burden

---

[3] This is notwithstanding the fact that the CSC Appeal does not explicitly involve Plaintiff's First Amendment claims, as this element is only absent when

is on Plaintiff to show that he was barred from raising his federal claims in state court. *Lebbos v. Judges of Superior Ct.*, 883 F.2d 810, 815 (9th Cir. 1989).

Lastly, the instant litigation would practically enjoin the CSC Appeal and related state court proceedings, as the Court's findings would have a preclusive effect on the CSC Appeal and any related state court proceedings. *See Dowden*, 40 F. Supp. 2d at 1150 ("if Dowden's claims were resolved in federal court prior to resolution of his state administrative and judicial appeal, under res judicata principles the federal judgment would have preclusive effect in the state proceeding"); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) ("We conclude that *Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings.").

Accordingly, the Court should abstain and either stay the case pending the resolution of Plaintiff's CSC Appeal or dismiss the FEHA and Title VII failure-to-accommodate claims to the extent they rely on the Suspension.

## 2.    The Court Should Abstain Under *Burford*

Plaintiff's attempt to challenge his Suspension in this federal action, despite it being reviewable before a state administrative agency and thereafter by the state courts, directly implicates the abstention doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315, 333-34 (1943). The Supreme Court has instructed that *Burford* abstention is appropriate when "timely and adequate state-court review is available"

---

"procedural laws bar presentation of the claims." *Dubinka v. Judges of Superior Ct.*, 23 F.3d 218, 224 (9th Cir. 1994). Here, the CSC rules do not necessarily "preclude [Plaintiff] from asserting constitutional defenses." *Dowden*, 40 F. Supp. 2d at 1149; *see also id.* at 1149 n.1 ("Even if the Board refused to consider Dowden's First Amendment claim, the opportunity to raise constitutional claims in state judicial proceedings reviewing an administrative ruling is sufficient to support *Younger* abstention.").

and "there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar" or "the exercise of federal review … would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* ("*NOPSI*"), 491 U.S. 350, 360 (1989).  The Ninth Circuit has distilled this doctrine into a three-part test: (1) whether "the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court," (2) whether "federal issues could not be separated easily from complicated state law issues with respect to which the state courts might have special competence," and (3) whether "federal review might disrupt state efforts to establish a coherent policy." *Blumenkron v. Multnomah County*, 91 F.4th 1303, 1312 (9th Cir. 2024).  These three elements all apply here.

*First*, Plaintiff's Suspension is reviewable first by the CSC (a specialized state administrative agency) and thereafter by state courts.  Cal. Gov't Code § 31108 (administrative review); Cal. Civ. Proc. Code § 1094.5 (judicial review). California state courts have developed expertise in reviewing CSC decisions.  *See, e.g.*, *Pasos v. L.A. Cnty. Civ. Serv. Comm'n*, 52 Cal. App. 5th 690, 700-01 (2020) (collecting cases); *County of Los Angeles v. Civ. Serv. Comm'n*, 40 Cal. App. 5th 871, 877 (2019) (collecting cases); *Skelly v. State Pers. Bd.*, 15 Cal. 3d 194, 217-18 (1975) (establishing the standard for mandamus review in cases of public employee discipline).  In fact, CSC Appeals are concentrated in the Los Angeles Superior Court writs and receivers department.  *See* Local Rules of Superior Court of Los Angeles County 2.8, 2.9 (specifically assigning petitions for writs of mandate to the writs and receivers department).  The Ninth Circuit has recognized this kind of framework as satisfying the first *Burford* abstention prong.  *See Blumenkron*, 91 F.4th at 1312-13 (Oregon's statute providing for review of reserve designations by the Land Conservation and Development Commission, then by the Court of Appeals, satisfies the first prong).

*Second*, federal issues in this case hinge on the very state-law issues that specialized state agencies and courts are best equipped to answer. Plaintiff's theory of his federal case is that his Suspension was either the result of a failure to accommodate his religious practice or retaliation (or both), issues that he also presented to the CSC. In other words, his administrative challenge to his Suspension is "essentially [a] substantive challenge[]" to the County's actions in June 2023 related to his accommodation request. *See id.* at 1315. This is the kind of entanglement that satisfies the second *Burford* abstention prong. *See Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996) (finding that the existence of "'difficult questions of state law' upon which resolution of the federal issues turns … suggests most strongly that *Burford* abstention is appropriate"); *see also Bethpage Lutheran Serv., Inc. v. Weicker*, 965 F.2d 1239, 1243 (2d Cir. 1992) (noting that state employees' challenge of their service rates was best decided by state commissioner who had expertise in the applicable regulatory framework).

*Third*, federal intervention in this matter could disrupt California's attempt to create a coherent policy for civil service appeals. This case involves interactive process meetings, equity policies, and other systems designed to ensure that employees seeking accommodations are treated consistently. *See* County Policy of Equity, Los Angeles County Board of Supervisors Policy Manual (July 1, 2011), https://tinyurl.com/3b7pf2pj;[4] TAC ¶¶37–53 (describing the County's extensive and involved IPM process for reviewing employee accommodation requests). Yet Plaintiff essentially asks this Court, rather than a specialized administrative agency or state court, to determine that these interactive process meetings and equity policies were improperly applied to him. His argument would "disrupt the

---

[4] The County Policy of Equity ("CPOE") is incorporated by reference, as the TAC extensively describes several CPOE complaints filed based on alleged violations of this policy. *See Bartholomew v. Washington*, 725 F. Supp. 3d 1225, 1230 n.3 (W.D. Wash. 2024) (finding religious accommodation notice and form incorporated by reference where plaintiff "extensively referenced" them in the complaint).

[County's] attempt to ensure uniformity in the treatment of an 'essentially local problem.'" *NOPSI*, 419 U.S. at 362. It therefore satisfies the third *Burford* prong.

Plaintiff's challenge to his Suspension belongs before the CSC and, if Plaintiff disagrees with the outcome, before the state courts, because both the Commission and the state courts have greater expertise in this area and will better ensure consistent application of County policies. The Court should abstain under *Burford*.

### 3.     The Court Should Abstain Under *Colorado River*

The doctrine of *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976), provides further support for abstention. This doctrine permits federal courts to abstain from hearing cases that, although they "fall[] within none of the abstention categories," should be passed upon due to "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. Though the Court can abstain from this case on either *Younger* or *Burford* grounds, as described above, and thus obviate the need for a *Colorado River* analysis, the *Colorado River* doctrine is also applicable.

Under *Colorado River*, the Court must balance various factors to determine whether a stay is appropriate: (1) the desire to avoid piecemeal litigation, (2) the order in which the forums obtained jurisdiction, (3) whether federal or state law provides the rule of decision on the merits, (4) the ability of the state court to adequately protect the rights of federal litigants, (5) the desire to avoid forum shopping, and (6) whether state court proceedings will resolve all issues before the federal court. *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011).[5] These factors are not a "mechanical checklist," and "[o]ne factor alone can

---

[5] Two other factors—which court first assumed jurisdiction over the property at stake and the inconvenience of the federal forum—are irrelevant here, since this

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

be the sole motivating reason for the abstention." *Taveras v. Bank of Am., N.A.*, 89
F.4th 1279, 1286 (11th Cir. 2024).

Here, the first, fourth, and sixth factors favor abstention, while the remaining
three are neutral at worst. Regarding the first (avoidance of piecemeal litigation),
Plaintiff's attempt to litigate his Suspension in federal court while also challenging
it in state court is bound to result in piecemeal litigation—for instance, if he is
successful in challenging his Suspension before the CSC or the state courts, he
would need to return to this Court to clarify his claims. While the "mere possibility
of piecemeal litigation" is not grounds alone to abstain, this case presents the
"exceptional circumstance" of Plaintiff asking the Court "to adjudicate rights that
are implicated in a vastly more comprehensive state action." *R.R. St.*, 656 F.3d at
979-80. As for the fourth factor (adequacy of state forum), Plaintiff can surely
challenge his Suspension before the CSC and the state courts; indeed, he has done
so. *See id.* Likewise, the sixth factor (parallelism of suits) favors abstention with
respect to Plaintiff's Suspension claims, because if he were to succeed in his CSC
Appeal, he would be unable to assert his Suspension as an adverse employment
action, thus resolving those federal claims.[6]

None of the remaining factors counsels against abstention. Plaintiff initiated
his CSC Appeal on November 6, 2024, and though that followed his federal suit, it
predated the Court's ruling on the County's motion to dismiss Plaintiff's FAC,
which significantly narrowed the scope of the federal case. Because "courts must
apply this factor in a pragmatic, flexible manner with a view to the realities of the

---

case does not involve a specific piece of property and both the federal and state
forums are equally convenient. *See id.* at 979.

[6] Plaintiff brings other claims in federal court that would not be impacted by his
state action, but that does not require the Court to exercise jurisdiction over all of
Plaintiff's claims. *Cf. Hoopes Vineyard LLC v. County of Napa*, 2025 WL 948064,
at *4 (N.D. Cal. Mar. 28, 2025) ("[W]hen a complaint has multiple claims, some
may be procedurally barred in state court while others may not be.").

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

case at hand," the second factor does not favor federal jurisdiction.  *See R.R. St.*, 656 F.3d at 980.  Both federal law (Title VII) and state law (FEHA) provide the rule of decision on the merits, making the fourth factor neutral too.  *See Stafford v. Avenal Cmty. Health Ctr.*, 2019 WL 4013945, at *6-7 (E.D. Cal. Aug. 26, 2019).  And without clear evidence of forum shopping, the fifth factor does not "weigh[] significantly for or against jurisdiction."  *R.R. St.*, 656 F.3d at 982.

Because multiple factors weigh in favor of abstention and none weigh meaningfully against it, the Court should abstain under the *Colorado River* doctrine.

C.  <u>**The Court Should Dismiss Some Claims and Stay the Remaining Claims or, Alternatively, Stay the Entire Case**</u>

Defendants ask the Court to dismiss some of Plaintiff's claims and stay the remainder of the case pending resolution of the CSC Appeal or, alternatively, to stay the entire case pending resolution for the CSC Appeal.

The Court should dismiss Plaintiff's FEHA failure-to-accommodate claim because he failed to exhaust his judicial remedies.  *See Doe v. Regents of Univ. of Cal.*, 891 F.3d 1147, 1155 (9th Cir. 2018) (remanding with instructions to dismiss claims for failure to exhaust judicial remedies); *Doe v. Cal. Inst. of Tech.*, 2019 WL 8645652, at *7 (C.D. Cal. Aug. 13, 2019) (dismissing claims for failure to exhaust judicial remedies); *Lewis v. City & County of San Francisco*, 2012 WL 909801, at *3 (N.D. Cal. Mar. 16, 2012) (granting Rule 12(c) motion for failure to exhaust judicial remedies).

The Court should also dismiss Plaintiff's Title VII and FEHA failure-to-accommodate claims pursuant to the abstention doctrines to the extent the claims rely on the Suspension.  *See Quackenbush*, 517 U.S. at 716–18 (explaining that federal courts sitting in equity "have the power to refrain from hearing cases" under *Younger* and *Colorado River*).  And, for comity reasons, the Court should stay the remainder of the case pending the resolution of the CSC Appeal.  *See, e.g., Brandy*

*Found. Animal Sanctuary v. San Bernardino County*, 2009 WL 10698907, at \*7–11 (C.D. Cal. Jan. 26, 2009) (dismissing some claims under *Younger* abstention and staying the remainder of the claims to which *Younger* did not apply); *see also Kilina Am., Inc. v. Macy's, Inc.*, 2019 WL 13280153, at \*3 (C.D. Cal. July 23, 2019) ("District courts have the inherent power to manage their dockets and stay proceedings.").

Alternatively, if the Court is not inclined to dismiss claims, Defendants ask the Court to stay the entire action pursuant to the abstention doctrines, pending the resolution of the CSC Appeal.  *See Quackenbush*, 517 U.S. at 719 ("we have applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order); *United Gas Pipe Line Co. v. Ideal Cement Co.*, 369 U.S. 134, 135–36 (1962) ("Wise judicial administration in this case counsels that decision of the federal question be deferred until the potentially controlling state-law issue is authoritatively put to rest."); *see also Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Loc. 595*, 989 F. Supp. 2d 912, 926 (N.D. Cal. 2013) ("Pursuant to the *Colorado River* doctrine, … a federal court has discretion to stay or dismiss an action based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.").

## V.    **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Rule 12(c) motion to dismiss or stay.

Dated: November 19, 2025          /s/ *Dimitri D. Portnoi*
                                  Dimitri D. Portnoi
                                  Kyle M. Grossman
                                  Marni B. Robinow
                                  O'MELVENY & MYERS LLP

                                  *Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester*

24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester, certifies that this brief contains 5,862 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  November 19, 2025

O'MELVENY & MYERS LLP

By:   */s/ Dimitri D. Portnoi*
Dimitri D. Portnoi

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester*

DEFS.' MEM. ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM