Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Joshua A. Youngkin, SBN 332226
 jyoungkin@limandri.com
LiMANDRI & JONNA LLP
 *as Special Counsel to*
 THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

*Attorneys for Plaintiff*
*Captain Jeffrey Little*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN JEFFREY LITTLE, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>LOS ANGELES COUNTY, a public entity, et al.<br><br>          Defendant. | **Case No.: 2:24-cv-4353-JLS-PD**<br><br>**Plaintiff's Opposition to Defendants' Motion to Dismiss or Stay**<br><br>Judge:          Hon. Josephine L. Staton<br>Courtroom:      8A<br>Hearing Date:   December 19, 2025<br>Hearing Time:   10:30 a.m.<br><br>Action Filed:    May 24, 2024 |

1

# TABLE OF CONTENTS

2  INTRODUCTION ...................................................................................................1

3  FACTUAL & PROCEDURAL BACKGROUND......................................................2

4      A.    Los Angeles County Decides to Fly the Pride Flag During
Pride Month, and Captain Little Requests a Religious
5             Accommodation .....................................................................................2

6      B.    Captain Little Amends His Complaint to Add Allegations Related to a
Retaliatory Suspension…………………………………….…………..…3
7

8      C.    Captain Little Pursues an Administrative Appeal Focused on the
One-Year Statute of Limitations in the Firefighters' Bill of
9             Rights……………………………………………………….……4

10  LEGAL STANDARD..............................................................................................6

    A.    Motion for Judgment on the Pleadings. ..................................................6
11

    B.    Motions for Abstention............................................................................7
12

13      C.    The Applicable Standard Here................................................................7

14  ARGUMENT .........................................................................................................8

15      I.    Neither Title VII, FEHA, nor 42 U.S.C. § 1983 Require
Exhaustion of the Administrative Remedy of a Commission
16            Appeal.....................................................................................................8

17      II.    Neither *Younger*, *Burford*, nor *Colorado River* Abstention
Apply. ...................................................................................................12

18          A.    *Younger* Abstention Does Not Apply Because the
Federal Action was Filed First....................................................12
19

20          B.    *Burford* Abstention Does Not Apply Because the State
Administrative Appeal is Not Particularly Unique in
21              Character .....................................................................................15

22          C.    *Colorado River* Abstention Does Not Apply Because
the State Administrative Appeal is Narrow in Scope..................16

23      III.    The Court Should Not Stay Any Claims.................................................20

24  CONCLUSION......................................................................................................20

25  CERTIFICATE OF COMPLIANCE.....................................................................21

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Aguayo v. U.S. Bank*
   653 F.3d 912 (9th Cir. 2011).......................................................................... 7

*Alexander v. Gardner-Denver Co.*
   415 U.S. 36 (1974) ......................................................................................... 9

*Ally Bank v. Castle*
   2012 WL 3627631 (N.D. Cal. Aug. 20, 2012)................................................18

*AmerisourceBergen Corp. v. Roden*
   495 F.3d 1143 (9th Cir. 2007) ...................................................................... 14

*AmSouth Bank v. Dale*
   386 F.3d 763 (6th Cir. 2004) ........................................................................ 16

*Arevalo v. Hennessy*
   882 F.3d 763 (9th Cir. 2018) ........................................................................ 12

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ....................................................................................... 7

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ....................................................................................... 6

*Burford v. Sun Oil Co.*
   319 U.S. 315 (1943) ................................................................................. 15, 16

*Caliber Holdings LLC v. Zurich Am. Ins. Co.*
   2023 WL 2558422 (C.D. Cal. Jan. 11, 2023) ................................................ 20

*Cephas v. City of San Diego*
   2009 WL 3341146 (Cal. Ct. App. Oct. 19, 2009)......................................... 11

*Chrysler Credit Corp. v. Marino*
   63 F.3d 574 (7th Cir. 1995) .......................................................................... 17

*CMAX, Inc. v. Hall*
   300 F.2d 265 (9th Cir. 1962) ........................................................................ 20

Colo. River Water Conservation Dist. v. United States
   424 U.S. 800 (1976) ......................................................................... 17, 18, 20

*Const. Party of Penn. v. Aichele*
   757 F.3d 347 (3d Cir. 2014)............................................................................ 7

*Cooper v. Bombela*
   34 F. Supp. 2d 693 (N.D. Ill.), *aff'd*, 196 F.3d 809 (7th Cir. 1999)................ 14

*Courthouse News Serv. v. Planet*
   750 F.3d 776 (9th Cir. 2014).......................................................................... 7

**Cases (Cont.)**

*Cox v. Mariposa Cnty.*
  2021 WL 4777086 (E.D. Cal. Oct. 13, 2021)................................................. 13

*Doe v. Regents of the Univ. of Cal.*
  891 F.3d 1147 (9th Cir. 2018).............................................................. 10, 16

*Eng v. Cty. of L.A.*
  2010 WL 11507454 (C.D. Cal. June 14, 2010) ......................................... 11

*Ernest Bock, LLC v. Steelman*
  76 F.4th 827 (9th Cir. 2023) ...................................................... 17, 20

*Gilbertson v. Albright*
  381 F.3d 965 (9th Cir. 2004) ...................................................... 14, 15

*Green v. City of Tucson*
  255 F.3d 1086 (9th Cir. 2001) ........................................................ 14

*Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*
  421 F.3d 835 (9th Cir. 2005) ...................................................... 15, 16

*Holder v. Holder*
  305 F.3d 854 (9th Cir. 2002) .......................................................... 19

*Houston v. Regents of Univ. of Cal.*
  2006 WL 1141238 (N.D. Cal. May 1, 2006)............................................. 11

*Hoye v. City of Oakland*
  653 F.3d 835 (9th Cir. 2011) .......................................................... 13

*Jamgotchian v. Ferraro*
  93 F.4th 1150 (9th Cir. 2024) ......................................................... 9

*Johnson v. City of Loma Linda*
  24 Cal. 4th 61 (2000)................................................................... 10

*Johnson v. Ry. Express Agency, Inc.*
  421 U.S. 454 (1975) ................................................................... 8

*Keene v. City & Cty. of S.F.*
  2023 WL 3451687 (9th Cir. May 15, 2023) .................................... 21

*Kendall-Jackson Winery, Ltd. v. Branson*
  212 F.3d 995 (7th Cir. 2000) .......................................................... 15

*Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*
  48 F.3d 391 (9th Cir. 1995) ........................................................... 15

*Lemon v. Tucker*
  664 F. Supp. 1143 (N.D. Ill. 1987)..................................................... 13

*Loc. 749, AFSCME v. Ment*
  945 F. Supp. 30 (D. Conn. 1996) ..................................................... 13

iii

**Cases (Cont.)**

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
   519 F.3d 1025 (9th Cir. 2008)........................................................... 7

*Martinez v. Newport Beach City*
   125 F.3d 777 (9th Cir. 1997) ............................................................ 18

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
   460 U.S. 1 (1983) ............................................................... 17, 19

*Nakash v. Marciano*
   882 F.2d 1411 (9th Cir. 1989) .......................................................... 17

*Nationwide Biweekly Admin., Inc. v. Owen*
   873 F.3d 716 (9th Cir. 2017) ........................................................... 13

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*
   491 U.S. 350 (1989) ..................................................................... 15

*Ohio C.R. Comm'n v. Dayton Christian Sch., Inc.*
   477 U.S. 619 (1986) ..................................................................... 14

*Page v. L.A. Cty. Prob. Dep't*
   123 Cal. App. 4th 1135 (2004) .......................................................... 11

*Pennzoil Co. v. Texaco*
   481 U.S. 1 (1987) ........................................................................ 13

*Perez v. Alameda Cnty. Sheriffs' Off.*
   550 F. App'x 410, (9th Cir. 2013)...................................................... 11

*Peridot Tree, Inc. v. City of Sacramento*
   94 F.4th 916 (9th Cir. 2024) ....................................................... 15, 16

*Peri Formwork Sys., Inc. v. Legendary Builders Corp.*
   2018 WL 5099704 (C.D. Cal. May 11, 2018) ............................................... 19

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*
   754 F.3d 754 (9th Cir. 2014) ........................................................... 13

*Rhoades v. Avon Prods., Inc.*
   504 F.3d 1151 (9th Cir. 2007)......................................................... 7, 8

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*
   656 F.3d 966 (9th Cir. 2011) ........................................................... 18

*Rynearson v. Ferguson*
   903 F.3d 920 (9th Cir. 2018) ........................................................... 12

*Safe Air for Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 2004) ........................................................... 7

*Schall v. Joyce*
   885 F.2d 101 (3d Cir. 1989) ............................................................ 14

PLAINTIFF'S OPP. TO DEFENDANTS' MOTION TO DISMISS OR STAY

**Cases (Cont.)**

*Schifando v. City of Los Angeles*
  31 Cal. 4th 1074 (2003).................................................................. 8, 10, 12

*Seattle Pac. Univ. v. Ferguson*
  104 F.4th 50 (9th Cir. 2024) ................................................................. 12

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*
  862 F.3d 835 (9th Cir. 2017) ............................................... 18, 19, 20

*Smallwood v. Nat'l Can Co.*
  583 F.2d 419 (9th Cir. 1978) .................................................................. 9

*Sprint Telephony PCS, L.P. v. Cty. of San Diego*
  311 F. Supp. 2d 898 (S.D. Cal. 2004) .................................................. 6

*State Bd. of Chiropractic Exam'rs v. Superior Ct.*
  45 Cal. 4th 963 (2009).................................................................. 10, 12

*State Pers. Bd. v. Fair Emp. & Hous. Com.*
  39 Cal. 3d 422 (1985).................................................................. 8, 9, 12

*Tolle v. Rockwell Collins Control Techs., Inc.*
  2020 WL 3316984 (E.D. Va. June 18, 2020) ................................... 2

*Tovar v. Billmeyer*
  609 F.2d 1291 (9th Cir. 1979) ......................................................... 18, 19

*Travelers Indem. Co. v. Madonna*
  914 F.2d 1364 (9th Cir. 1990) ............................................................. 19

*U.S. ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*
  637 F.3d 1047 (9th Cir. 2011) ............................................................... 6

*We Are Am./Somos Am., Coal. of Arizona v. Maricopa Cnty. Bd. of Supervisors*
  594 F. Supp. 2d 1104 (D. Ariz. 2009), *rev'd*, 386 F. App'x 726 (9th Cir. 2010)
  ..............................................................................................................15

*Williams v. Hous. Auth. of L.A.*
  121 Cal. App. 4th 708 (2004) ......................................................... 11

*Younger v. Harris*
  401 U.S. 37 (1971) ...................................................... 12, 13, 15, 17

**Los Angeles Procedural Rules:**

CSC Rule 4.03(A)……………………………………………………………5

**California Statutes:**

Cal. Gov. Code §§ 3250-3262……………………………………………5

PLAINTIFF'S OPP. TO DEFENDANTS' MOTION TO DISMISS OR STAY

**Federal Statutes:**

42 U.S.C. § 1983 ................................................................................................ 8

42 U.S.C. § 2000e ............................................................................................. 8

Fed. R. Civ. P. 12(b) ........................................................................................ 7

Fed. R. Civ. P. 12(c) ........................................................................................ 6

**INTRODUCTION**

Near the end of discovery, on the eve of summary judgment briefing, Defendants have supposedly suddenly discovered that Plaintiff's 15-day suspension for lowering Pride Flags on June 21, 2023, is a part of this case—this despite the fact that it was explicitly made a part of this case via the First Amended Complaint filed on July 19, 2024. Defendants' decision to ignore these allegations for sixteen months is a mystery to Plaintiff, but ultimately of no import. None of Defendants' legal theories for a stay or dismissal warrant such drastic relief regardless of the fact that Plaintiff is appealing his suspension to the Los Angeles County Civil Service Commission.

California case law provides that CSC decisions can be issue preclusive (on issues they actually decide), but that's it. _All_ of the language that Defendants quote deals with that unremarkable proposition and cases applying issue preclusion. _None_ of the cases stand for the proposition that this Court can stay or dismiss Plaintiff's federal action merely because he is litigating a parallel proceeding. Defendants' abstention arguments similarly miss the mark: under *Younger*, the suspension was challenged here first; under *Burford*, there is no specialized court that can review government-employee discipline; and under *Colorado River*, the narrow CSC appeal will not completely resolve this action, precluding a stay.

Finally, a stay under this Court's inherent authority makes absolutely no sense as there is no burden whatsoever to permitting the two proceedings to advance in parallel fashion. The CSC appeal certified only two issues: (1) whether the allegations are true and (2) whether the discipline was appropriate. The sole question in the writ proceeding is whether the CSC must certify the issue of whether the one-year statute of limitations in California's Firefighters' Bill of Rights ("FBOR") applies to Captain Little. The CSC explicitly rejected certifying the issue of whether the allegations amount to religious discrimination (in response to arguments by the Fire Department what the issue was better addressed in the federal action). Thus, the

two proceedings seek fundamentally different relief. Defendants' late filing of this motion smacks of bad faith gamesmanship that does not warrant exercise of this Court's equitable authority.

## FACTUAL & PROCEDURAL BACKGROUND

The factual background of this case is well known to the Court and recounted in the operative complaint and prior orders. *See* ECF No.78, Third Amend. Compl., ¶¶15-16. ("TAC"). Thus, Plaintiff limits this section to relevant procedural history.

A. **Los Angeles County Decides to Fly the Pride Flag During Pride Month, and Captain Little Requests a Religious Accommodation**

On May 25, 2023, the Los Angeles County Fire Department issued a memorandum directing the Pride Flag to be flown at some lifeguard stations during Pride Month, June 2023. TAC, ¶¶20-21. Lifeguard Captain Jeffrey Little is an evangelical Christian who requested a religious accommodation from being required to fly the Pride Flag. TAC, ¶¶18, 37, 40-43. He was on vacation for the first part of June, but attended an IPM meeting with Fire Department leadership who agreed to move him to a location not flying the Pride Flag on June 19. TAC, ¶¶45-46.

However, two days later, on June 21, 2023, Captain Little showed up to his shift and found Pride Flags flying, so he lowered them. TAC, ¶¶62-69. Later that day, the Fire Department informed Captain Little that his religious accommodation was being revoked. TAC, ¶¶70-74. Captain Little then participated in a second IPM meeting later that day. During that meeting, Assistant Chief Uehara explained that the Fire Department was relying on an unpublished district court opinion from Virginia involving a pro se plaintiff to conclude that Captain Little's request "does not fall under a religious accommodation." Ex.4, Administrative Record in Petition of Jeffrey Little, No. 24-211 (L.A. Civ. Serv. Comm'n, Nov. 6, 2024), at 0046 ("AR"); *Tolle v. Rockwell Collins Control Techs., Inc.*, No. 20-cv-174, 2020 WL 3316984 (E.D. Va., June 18, 2020). On June 22, 2023, Section Chief Lester filed a County Policy of Equity "CPOE" administrative complaint against Captain Little on

behalf of Ocean Lifeguard Specialist Lauren Gottschalk. TAC, ¶¶78-79; *see* Ex.5, CPOE Policy Manual.

On June 28, Captain Little received an anonymous death threat that was mailed to his house. TAC, ¶82(B). In light of this threat, Captain Little remained on leave until September 10, 2023. AR.0175; AR.0393-94. Shortly after he returned to work, Captain Little was interviewed on September 21, 2023. AR.0028. The investigation was then completed on September 28, 2023. AR.0026.

In July and August 2023, Captain Little attempted to renew his request for a religious accommodation for June 2024, but was rebuffed. TAC, ¶¶92-100. Then, on February 7, 2024, the Fire Department stated he had violated the CPOE, but without identifying any consequences. *See* ECF No.1 at 81-82, Orig. Compl., Ex.O. Captain Little sent letters in March and April 2024, requesting an accommodation, but the Fire Department failed to schedule an IPM meeting, leading him to file this action in May 2024. *See id.* at ¶¶55-62. Relating to the "Briefing Findings," it stated that "on February 7, 2024, the Fire Department notified Captain Little that he violated the CPOE, and that administrative action may follow—a retaliatory outcome of the pretextual investigation launched in June 2023." *Id.* at ¶48. The initiation of this lawsuit spurred action by the Fire Department and Captain Little was able to negotiate shift-swaps for June 2024. *See* ECF No.22, Jonna Decl., ¶18.

**B.    Captain Little Amends His Complaint to Add Allegations Related to a Retaliatory Suspension**

With the negotiation of an accommodation for June 2024, matters appeared to be resolving. However, on July 16, 2024, the Fire Department provided Captain Little with a notice titled "Intent to Suspend," which was dated four days earlier. ECF No.31, First Amend. Compl., ¶80 & Ex.18 ("FAC"). The notice stated that Captain Little would be suspended without pay for fifteen eight-hour days for lowering the Pride Flags on June 21, 2023. Oddly, the notice made no mention of the religious motivation for Captain Little doing so. *Id.* at Ex.18. Immediately, Captain

Little amended his complaint to add reference to this notice. In relevant part, the amended complaint stated.

> 80. On July 16, 2024, the Fire Department presented Captain Little with an intent to suspend letter, authored by Deputy Fire Chief Robert Harris of Central Regional Operations Bureau, and which was issued earlier (but not delivered) on July 12, 2024. The intended and proposed suspension is for 15 eight-hour days without pay, or three work weeks. If and when the suspension occurs, it will be because the Department seeks to retaliate against Captain Little for conforming the flags at Area 17 to the agreed to accommodation on June 21, 2023, and for holding the religious beliefs that prompted Captain Little to seek the accommodation in the first place. The suspension letter is attached as Exhibit 18 (with exhibits omitted).

> 81. The letter's analysis section in pages 2–5 indicates that Captain Little had to seek approval from the Fire Department before lowering the Progress Pride Flags in Area 17 to conform the flagpoles to the religious accommodation. But nowhere does the letter cite to any authority for this proposition.

> 82. The analysis also indicates that conforming the flagpoles in Area 17 to the religious accommodation failed to show support for and inclusivity of the LGBT community. The letter's analysis concludes that discipline lies primarily for the act of lowering the Progress Pride Flags without prior authorization to do so, but nowhere does the analysis address or even mention the then-existing religious accommodation, even though the accommodation is referenced 57 times in the Investigation Reports.

> 83. The omission of the critical subject of the religious accommodation from the analysis of the facts and applicable standards is not accidental. It is deliberate. The grounds stated in the analysis for the intended and proposed discipline are utterly pretextual.

FAC, ¶¶80-83.

> **C.    Captain Little Pursues an Administrative Appeal Focused on the One-Year Statute of Limitations in the Firefighters' Bill of Rights**

Three months later, on November 6, 2024, Plaintiff filed a petition for an appeal hearing from the Notice of Suspension to the Los Angeles County Civil

Service Commission pursuant to the Civil Service Rules located in the County Code. AR.0001-03; *see also* Ex.3-D, CSC Rules. Pursuant to those Rules, because Plaintiff's suspension exceeded five days, he had an automatic right to an appeal so long as his petition stated "sufficient specific facts and reasons in support." CSC Rule 4.03(A).

The Commission set Plaintiff's petition as Agenda Item 9 for March 13, 2025. AR.0083. In advance of that meeting, on February 19, 2025, Plaintiff submitted a letter requesting certification of five issues for resolution in his appeal. The standard appeal involves (1) whether the allegations are true, and (2) whether the discipline is appropriate/proportional. But Plaintiff requested certification of three additional issues, including whether the suspension violated the one-year statute of limitations in the FBOR, Cal. Gov. Code §§ 3250-3262, and whether the suspension constituted religious discrimination. AR.0084-85. The Fire Department opposed including these issues, and the Commission agreed. AR.0171; AR.0452-57; AR.0405. With respect to the issue of religious discrimination, the Fire Department argued that the issue was better addressed in the federal action, but the Commission did not explain its reasoning for not certifying it. AR.0171; AR.0455:22-56:22.

Following the hearing, Plaintiff renewed his request for certification of whether the FBOR was violated in a letter with additional information submitted on March 15, 2025, AR.0173-82, and a reply letter on May 13, 2025, in which he withdrew his religious discrimination argument to instead focus on the FBOR. AR.0406-09. Again the Fire Department opposed certification of any additional issue, AR.0398-403; AR.0462:9-23, and again the Commission agreed. AR.0462:2-12; AR.0463:25-64:12.

On August 12, 2025, Captain Little initiated a petition proceeding via a verified petition for writ of mandate in California Superior Court. Captain Little's sole argument was that the Commission wrongly denied his request to permit him to argue that rescue workers employed by a Fire Department are protected by the

FBOR. Captain Little did not argue that the Commission wrongly denied his request to argue religious discrimination because he agreed that it would be better pursued through this action. *See* Ex.1, Petition; Ex.2, Opening Brief, Ex.3, Jonna Decl.

Following this Court's order granting in part and denying in part Defendants' motion to dismiss, ECF No.50, Captain Little filed a Second Amended Complaint. That complaint maintained his challenge to his suspension and added additional allegations regarding the same. ECF No.51, Second Amend. Compl., ¶87 & Ex.19. The operative Third Amended Complaint also maintained these allegations, merely correcting a scrivener's error. *See* ECF No.78, Third Amended Compl.

## LEGAL STANDARD

### A.    Motion for Judgment on the Pleadings.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 12(c) is functionally identical to Rule 12(b)(6) and … the same standard of review applies to motions brought under either rule." *U.S. ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055, n.4 (9th Cir. 2011). "Because the two motions are analyzed under the same standard, a court considering a motion for judgment on the pleadings may give leave to amend and 'may dismiss causes of action rather than grant judgment.'" *Sprint Telephony PCS, L.P. v. Cty. of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004).

Thus, under Rule 12(c), a complaint must provide "fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "To survive a motion to dismiss [under Rule 12(b)(6) or Rule 12(c)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The

standard for dismissal under Rule 12(b)(6) and 12(c) is quite strict. "A complaint must not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Aguayo v. U.S. Bank*, 653 F.3d 912, 917 (9th Cir. 2011). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B.    Motions for Abstention.

As a responsive pleading, the defendant may file a motion to dismiss for, *inter alia*, "lack of subject-matter jurisdiction," Fed. R. Civ. P. 12(b)(1), or for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Abstention is not jurisdictional, and therefore the Ninth Circuit "ha[s] not squarely held whether abstention is properly raised under Rule 12(b)(6), Rule 12(b)(1), both, or neither." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.2 (9th Cir. 2014).

Under Rule 12(b)(1), the complaint can be challenged either "facially" or "factually," *i.e.*, based on the face of the complaint or upon asking the court to make disputed factual determinations. *Courthouse News Serv.*, 750 F.3d at 780 & n.3; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). However, if "the actual facts of this case [a]re not contested in any real sense," then the motion should be treated as essentially a facial attack because "[a] factual attack requires a factual dispute." *Const. Party of Penn. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Where the relevant facts are disputed, the facts as identified in the plaintiff's declarations are taken as true, or the court can order an evidentiary hearing to resolve the factual dispute. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1160 (9th Cir. 2007).

### C.    The Applicable Standard Here.

Here, Defendants characterize their motion to dismiss or stay as a Rule 12(c) motion for judgment on the pleadings, which is analogous to a Rule 12(b)(6) motion to dismiss. *See* ECF No.74 at 2:7. However, Defendants also submit declarations in

support of their motion, which contain factual assertions not merely authentication of judicially noticeable documents. *See* ECF Nos. 74-2 and 74-7. Thus, Defendants appear to be making a factual attack. The primary difference is that material outside the complaint may be considered. But, like with a facial attack, the Court must credit Plaintiff's outside evidence absent an evidentiary hearing. *Rhoades*, 504 F.3d at 1160.

## ARGUMENT

Defendants make three arguments: (I) This Court should dismiss Plaintiff's FEHA claim due to dicta pulled from various cases, none of which actually followed the "exhaustion of administrative remedies" rule that Defendants propose; (II) This Court should abstain under *Younger*, *Burford*, and *Colorado River*—even though, again, none of Defendants' cases are remotely similar to the present action; and (III) This Court should grant a discretionary stay under its inherent authority. Each of these arguments fails.

### I.        Neither Title VII, FEHA, nor 42 U.S.C. § 1983 Require Exhaustion of the Administrative Remedy of a Commission Appeal.

The California Supreme Court has made clear that a local government employee need not exhaust the administrative remedies of his local government employer before submitting a claim with the California Civil Rights Department and obtaining a FEHA right to sue letter. *Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1080 (2003). This flowed naturally from the Court's similar holding with respect to state government employees. *State Pers. Bd. v. Fair Emp. & Hous. Com.*, 39 Cal. 3d 422, 430 (1985). The same is true with respect to both Title VII and 42 U.S.C. § 1983—neither requires an employee to exhaust the internal administrative remedies of his employer. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459 (1975); *Smallwood v. Nat'l Can Co.*, 583 F.2d 419, 421 (9th Cir. 1978) (Title VII); *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1158 (9th Cir. 2024) (42 U.S.C. § 1983).

In coming to this rule with respect to FEHA, the California Supreme Court cited and relied upon the U.S. Supreme Court's enunciation of a similar rule where a

plaintiff simultaneously pursues a breach of contract claim via arbitration and a discrimination claim via a federal Title VII suit:

> That doctrine election of remedies, which refers to situations where an individual pursues remedies that are legally or factually inconsistent, has no application in the present context. In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.

*State Pers. Bd.*, 39 Cal. 3d at 443 (brackets omitted) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49 (1974)).

In adopting this holding, the California Supreme Court noted "the problem[s] of concurrent jurisdiction," which it noted would need to be resolved in "individual case[s]," but held squarely that "preclusion of adjudication at the outset would be inappropriate because the issues presented to the [State Personnel] Board and the FEHC will not often be identical and because the statutory schemes under which they operate serve different public policies." *State Pers. Bd.*, 39 Cal. 3d at 442-43. When the California Supreme Court extended this holding to the context of local governmental administrative remedies, it made the same comment: "We recognize the existence of potential procedural issues that might arise in the situation where an employee chooses to pursue both avenues of redress, but those issues are not before us." *Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1092 (2003); *accord State Bd. of Chiropractic Exam'rs v. Superior Ct.*, 45 Cal. 4th 963, 978 n.4 (2009).

Following on with what the California Supreme Court taught in *State Personnel Board*, numerous California cases stand for the proposition that the final adjudication of an employee's pursuit of his government-employer's internal administrative remedy is issue preclusive on a FEHA claim. As a result, if an

employee receives an adverse administrative decision by the agency (the equivalent of a final trial court judgment), he must pursue a petition for writ of mandate in the California Superior Court (the equivalent of an appeal). He cannot merely ignore the adverse administrative decision and instead file a FEHA civil action. *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 76 (2000) ("[W]hen, as here, a public employee pursues administrative civil service remedies, *receives an adverse finding*, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under the FEHA") (emphasis added).

Indeed, <u>all</u> of the cases that Defendants cite have this same procedural history. The employee commenced an administrative appeal, obtained an adverse ruling, chose not to pursue further administrative appeals, but instead chose to abandon the administrative process and file a civil action. In that context, the adverse ruling is issue preclusive since the employee failed to have it reversed through the regular administrative process. And, notably, in each case, the dismissal was based on the fact that the issue preclusive adverse ruling dictated the result—not merely because the party was pursuing parallel proceedings. If issue preclusion would not require dismissal, then dismissal is not required.[1] *See, e.g.*, *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1155 (9th Cir. 2018) ("Because the California courts would thus accord preclusive effect to UCSB's administrative decision, we must do the same"); *Perez v. Alameda Cnty. Sheriffs' Off.*, 550 F. App'x 410, 411 (9th Cir. 2013) ("The district court properly ruled that the Commission's decision upholding Perez's disciplinary action is entitled to preclusive effect … Contrary to the district court's decision, however, the ALJ made no factual finding that precludes Perez's sex discrimination claim under California's FEHA"); *Williams v. Hous. Auth. of L.A.*, 121 Cal. App. 4th 708, 724-25 (2004) ("When a public or private employee pursues an internal administrative remedy, the employee must timely seek judicial review *from*

---

[1] Also, none of the cases involve the situation, as here, where the civil action was commenced before the administrative proceeding.

*an adverse administrative decision* by filing an administrative mandamus action before filing a civil action") (emphasis added); *Page v. L.A. Cty. Prob. Dep't*, 123 Cal. App. 4th 1135, 1142 (2004) ("Page chose the civil service commission process and proceeded through three days of hearing over the course of four months, *resulting in a comprehensive decision by the hearing officer*. Page was not then free to ignore and abandon the administrative process") (emphasis added); *Cephas v. City of San Diego*, No. D052921, 2009 WL 3341146, at *1 (Cal. Ct. App. Oct. 19, 2009) ("The city administrative *tribunal in which appellant initially made his claim rejected it as lacking evidentiary support*. The officer then appealed to the city's civil service commission. While his administrative appeal was pending, the officer filed a complaint in the trial court") (emphasis added); *Houston v. Regents of Univ. of Cal.*, No. 04-cv-4443, 2006 WL 1141238, at *18 (N.D. Cal. May 1, 2006) ("employees who pursue an internal grievance *to a final decision* are not permitted a second bite of the procedural apple by pursuing an action for damages as well") (emphasis added; quotations omitted); *Eng v. Cty. of L.A.*, No. 05-cv-2686, 2010 WL 11507454, at *9 (C.D. Cal. June 14, 2010) ("Upon the *receipt of decisions that he found unfavorable* … he was not then free to abandon the process that he himself invoked without fully exhausting his remedies and seeking to vacate the CSC's decisions before attempting to relitigate those issues before this Court") (emphasis added).

Quoting dicta from the above cases, Defendants invent a rule that a party cannot pursue parallel litigation to redress employment discrimination via a judicial FEHA proceeding and a state administrative proceeding. There is no such rule and, indeed, the California Supreme Court has expressly rejected such a rule. This Court should equally reject Defendants' dicta in favor of the California Supreme Court's holdings. *See State Pers. Bd.*, 39 Cal. 3d at 442-43; *Schifando*, 31 Cal. 4th at 1092; *State Bd. of Chiropractic Exam'rs*, 45 Cal. 4th at 978 n.4.

/ / /

/ / /

## II.    Neither *Younger*, *Burford*, nor *Colorado River* Abstention Apply.

### A.    *Younger* Abstention Does Not Apply Because the Federal Action was Filed First.

**1.** Under *Ex parte Young*, "where a person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages," he has federal standing. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (citing *Ex parte Young*, 209 U.S. 123 (1908)). However, in *Younger v. Harris*, as a matter of comity, the Supreme Court refused to extend *Ex parte Young* to the situation where "a proceeding was already pending in the state court." *Id*. at 49. Although the principle of *Ex parte Young* was of extreme import, it was trumped by "the fundamental policy against federal interference with state criminal prosecutions." *Id*. at 46. Thus, under *Younger*, federal courts may not "enjoin pending state court proceedings except under special circumstances." *Id.* at 41. This is a "narrow exception to the general rule" that "a federal court's obligation to hear and decide a case is virtually unflagging." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up).

The Ninth Circuit uses a "five-prong test" to determine when abstention is appropriate. *Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 63 (9th Cir. 2024). "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018). "If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.'" *Id*. (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). The initial burden is on the defendant to establish that either doctrine applies. *See Cox v. Mariposa Cnty.*, No. 19-cv-1105, 2021 WL 4777086, at *3 & n.3 (E.D.

Cal. Oct. 13, 2021). If that initial burden is satisfied, then the burden shifts to the plaintiff to justify why the state forum is inadequate. *Pennzoil Co. v. Texaco*, 481 U.S. 1, 14 (1987).

**2.** Here, on the first element, Defendants argue both that "Plaintiff had yet to file any pleading challenging his Suspension" when the administrative appeal was commenced and that "the CSC Appeal was ongoing before this case moved past the embryonic stage." ECF No.74-1 at 16:28-17:5. As to the first contention, it is unclear how Defendants missed the allegations challenging the suspension in the First Amended Complaint. *See* ECF No.31, First Amend. Compl., ¶¶80-83. As for the second contention, Defendants offered an expansive interpretation of "embryonic"— the case had been ongoing for nearly six months and the parties had already briefed and argued a motion to dismiss. This is not "embryonic." *See Hoye v. City of Oakland*, 653 F.3d 835, 844 (9th Cir. 2011); *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730 (9th Cir. 2017).

On the second element, Defendants announce the rule that "requir[ing] judicial exhaustion through a state court writ of mandate[] involves the state's interest in enforcing its courts' judgments," but cite no case that actually supports this. See ECF No.74-1 at 17:9-15. To the contrary, cases have held that there is no state interest in enforcing its judgments in the context of an employee commencing both a federal civil rights action and an internal administrative remedy. *Lemon v. Tucker*, 664 F. Supp. 1143, 1147 (N.D. Ill. 1987); *Loc. 749, AFSCME v. Ment*, 945 F. Supp. 30, 34 (D. Conn. 1996).

For the third element—an important state interest—Defendants cite two district court opinions which state that California has a strong interest in the discipline of its public employees. See ECF No.74-1 at 17:16-22. But they misunderstood that "the administrative proceedings [must be] coercive rather than remedial." *Ohio C.R. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 n.2 (1986). State administrative proceedings seeking to disbar an attorney are coercive; administrative

proceedings seeking to overturn improperly imposed discipline are remedial. The third element is not satisfied in the latter context. *Cooper v. Bombela*, 34 F. Supp. 2d 693, 697 (N.D. Ill.), *aff'd*, 196 F.3d 809 (7th Cir. 1999); *Green v. City of Tucson*, 255 F.3d 1086, 1102 n.16 (9th Cir. 2001).

Fourth, Defendants state that "the burden is on Plaintiff to show that he was barred from raising his federal claims in state court." ECF No.74-1 at 17:26-18:2. Here, Plaintiff met that burden: In the administrative appeal, Defendants argued: "Jeffrey Little's request references his pending federal lawsuit and he appears to conflate the CSC's jurisdiction with that of a federal district court," AR.0171, and the Commission agreed. AR.0405, AR.0455:22-56:22, AR.0462:2-64:12.

Fifth, Defendants state they meet the fifth element—enjoining the state proceedings—because "the Court's findings would have a preclusive effect on the CSC Appeal and any related state court proceedings." ECF No.74-1 at 3-5. The law is actually the opposite: "the Supreme Court has rejected the notion that federal courts should abstain whenever a suit involves claims or issues simultaneously being litigated in state court merely because whichever court rules first will, via the doctrines of res judicata and collateral estoppel, preclude the other from deciding that claim or issue." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151 (9th Cir. 2007). The Ninth Circuit has recognized a narrow exception to this rule in cases seeking solely declaratory relief—but that's not this case. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). Contrary to Defendants' presentation, "[t]he presence of two parallel law suits … does not run afoul of *Younger*." *Schall v. Joyce*, 885 F.2d 101, 112 (3d Cir. 1989); *see We Are Am./Somos Am., Coal. of Arizona v. Maricopa Cnty. Bd. of Supervisors*, 594 F. Supp. 2d 1104, 1110 (D. Ariz. 2009), *rev'd*, 386 F. App'x 726 (9th Cir. 2010) (organization brought suit after six of its members were prosecuted; district court abstained because it could not resolve federal case "without resolving issues at the heart of the ... state proceeding[s]"; Ninth Circuit reversed).

Finally, *Younger* is a defense that a party may waive by failing to timely raise it.

*Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 393-94 & n.3 (9th Cir. 1995). Despite Plaintiff raising his suspension in both his First Amended and Second Amended complaints, Defendants waited until the end of discovery and the eve of summary judgment briefing to raise the issue of *Younger* abstention. In that context, the equitable concerns in the doctrine are very different and *Younger* should be deemed forfeited. *See Kendall-Jackson Winery, Ltd. v. Branson*, 212 F.3d 995, 997 (7th Cir. 2000).

      **B.**    ***Burford* Abstention Does Not Apply Because the State Administrative Appeal is Not Particularly Unique in Character**

     **1.**  "*Burford* abstention 'is concerned with protecting complex state administrative processes from undue federal interference.'" *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 929 (9th Cir. 2024) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 362 (1989) ("*NOPSI*")). It only applies "(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Gilbertson v. Albright*, 381 F.3d 965, 974 n.9 (9th Cir. 2004) (quoting *NOPSI*, 491 U.S. at 361). "[B]ecause *Burford* abstention is concerned with potential disruption of a state administrative scheme, rather than the mere existence of such a scheme, looking behind the action to determine whether it implicates the concerns of *Burford* is necessary." *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 845 (9th Cir. 2005) (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004)).

     The Ninth Circuit has held that *Burford* abstention is only appropriate when three elements are met: "(1) the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) federal

review might disrupt state efforts to establish a coherent policy." *Peridot Tree*, 94 F.4th at 930 (cleaned up).

**2.** Here, none of these elements are met. First, this case concerns a simple government employment dispute that can be resolved internally and then reviewed by either the California Superior Court or a U.S. District Court. *Regents of the Univ. of Cal.*, 891 F.3d at 1155 ("a plaintiff is not required by statute to file a § 1094.5 petition in state court"); CSC Rule 4.14 (not limiting petitions to any specific court). Even setting aside that nearly every major city in California has a similar process, Plaintiff could submit the petition to this Court. Second, Defendants state that a challenge to Plaintiff's suspension is somehow a "difficult question[] of state law" that requires deference to state courts. ECF No.74-1 at 20:1-14. The only uniquely state law issue is whether the FBOR applies, which is "easily separable." *Peridot Tree*, 94 F.4th at 930

Finally, Defendants state that this Court's involvement could interfere with a consistent application of its CPOE process. ECF No.74-1 at 20:15-21:2. But Plaintiff is not asking this Court to review the CPOE process via a petition brought under Cal. Civ. Proc. Code § 1094.5. He is merely asking the Court to decide whether the punishment imposed on him violates federal law. In that context, even if there is a "complex state administrative processes, *Burford* abstention is not required whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *Hawthorne Sav. F.S.B.*, 421 F.3d at 845. *Burford* abstention does not apply.

### C.    *Colorado River* Abstention Does Not Apply Because the State Administrative Appeal is Narrow in Scope.

**1.** In Colorado, the state has passed a comprehensive legal scheme for adjudicating water rights. The state is divided into various "Water Divisions" and "[a]djudication of water claims within each Division occurs on a continuous basis," with "Water Referees" determining water rights every month. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 804 (1976). The United States was

and has been a party to these proceedings, but one day decided to also institute a federal action to determine its water rights. *Id*. at 805-06. The district court chose to dismiss the federal action on *Younger* abstention grounds. *Id*. at 806. In reversing, the Supreme Court held that abstention did not technically apply, but that a stay of the federal action was warranted for purposes of "[w]ise judicial administration" and "conservation of judicial resources" to "avoid duplicative litigation" *Id*. at 817.

As a threshold matter, to stay the federal action, the court must "conclude[] that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). "Parallelism is a threshold requirement for a *Colorado River* stay." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 838 (9th Cir. 2023). Thus, under *Colorado River*, the general rule is that the state and federal actions should "involv[e] the same parties and issues." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); *accord Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 578 (7th Cir. 1995) ("A suit is only duplicative if it involves the 'same claims, parties, and available relief.'"). The exact same issues is generally a practical requirement because, to issue a *Colorado River* stay, the federal court must conclude that the state court will resolve all issues and the "federal court will have *nothing further to do in* resolving any substantive part of the case." *Ernest Bock*, 76 F.4th at 841. Abstention is inappropriate "[w]hen one possible outcome of parallel state court proceedings is continued federal litigation." *Id*.

Turning to the merits, the court must evaluate eight factors to determine whether abstention is appropriate. *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 840-41 (9th Cir. 2017). The factors are:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of

decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.*; *see also R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 n.9 (9th Cir. 2011) (identifying origin of each factor). The "heavy burden" to satisfy as many factors as possible always remains with the defendant. *Ally Bank v. Castle*, No. 11-cv-896, 2012 WL 3627631, at *3 (N.D. Cal. Aug. 20, 2012). "The underlying principle guiding this review is a strong presumption *against* federal abstention," *Seneca Ins. Co.*, 862 F.3d at 842 (emphasis added), and abstention is only appropriate "under 'exceedingly rare' circumstances." *Id.* at 841 (quoting *Colo. River*, 424 U.S. at 817). The federal court's obligation to provide redress "is particularly weighty when those seeking a hearing in federal court are asserting … their right to relief under 42 U.S.C. § 1983." *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979).

**2.** Here, Defendants cannot meet the heavy burden of showing that the eight factors identified by the Supreme Court overcome the "strong presumption against federal abstention." *Seneca Ins. Co.*, 862 F.3d at 842. The first factor does not help Defendants because the state court has not taken *in rem* jurisdiction over property. *See* ECF No.74-1 at 21 n.5. For the second factor, it is undisputed that this forum itself is not inconvenient for Defendants. ECF No.74-1 at 21 n.5. Further, because this is a § 1983 civil rights action, the third factor regarding inefficient piecemeal litigation does not apply. *See Martinez v. Newport Beach City*, 125 F.3d 777, 782 (9th Cir. 1997) (citing *Tovar*, 609 F.2d at 1293).

Turning to the fourth factor, it is undisputed that this action was filed first, and indisputable (although apparently not realized) that the suspension was challenged in this action long before the state administrative appeal was commenced. On the fifth factor, Defendants state it is neutral because Title VII and FEHA are interpreted similarly. ECF No.74-1 at 23:2-3. But the Supreme Court advised that "the presence of federal-law issues must always be a major consideration weighing against surrender,"

and only "in some rare circumstances [will] the presence of state-law issues … weigh
in favor of that surrender." *Moses H. Cone*, 460 U.S. at 26. Here, Title VII will drive
resolution of the parties' dispute, weighing heavily against abstention.

On the sixth factor—adequacy of the state forum—again Defendants state
simply that "Plaintiff can surely challenge his Suspension before the CSC and the state
courts; indeed he has done so." ECF No.74-1 at 22:12-14. But this factor primarily
concerns the situation when federal courts have *exclusive* jurisdiction over certain
claims, *Holder v. Holder*, 305 F.3d 854, 869 n.5 (9th Cir. 2002), and "is of little or no
weight" unless it counsels in *favor* of federal jurisdiction. *Travelers Indem. Co. v.
Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990). Thus, it is neutral here.

Turning to forum shopping, the seventh factor, the Court evaluates whether
"either side sought to manipulate the litigation or behaved vexatiously to wind up in
the forum of its choosing." *Seneca Ins.*, 862 F.3d at 846. Moreover, "[i]t typically does
not constitute forum shopping where a party acted within his rights in filing a suit in
the forum of his choice, even where the chronology of events suggests that both parties
took a somewhat opportunistic approach to the litigation." *Id*. (cleaned up). Here,
again, the timing of Defendants' decision to raise abstention at the end of discovery
and the eve of summary judgment briefing raises forum shopping concerns. *See Peri
Formwork Sys., Inc. v. Legendary Builders Corp.*, No. 16-cv-7517, 2018 WL 5099704,
at *7 (C.D. Cal. May 11, 2018) ("[T]here is evidence that Defendants are improperly
engaging in forum shopping by filing this Motion").

Lastly, the eighth factor asks "whether the state court proceedings will resolve
all issues before the federal court," *Seneca Ins.*, 862 F.3d at 841-42, such that "the
federal court will have *nothing further to do in* resolving any substantive part of the
case." *Ernest Bock*, 76 F.4th at 841. Here, Defendants state that "if he [Captain Little]
were to succeed in his CSC Appeal, he would be unable to assert his Suspension as an
adverse employment action, thus resolving those federal claims." ECF No.74-1 at
22:15-17. This simplistic analysis implicitly acknowledges that the Court will have

work to do regardless of the outcome of state administrative appeal, which is practically limited to the very narrow issue of whether the FBOR statute of limitations applies to one aspect of the adverse employment action at issue in this case. *Colorado River* abstention is not appropriate.

### III.    The Court Should Not Stay Any Claims.

Lastly, Defendants request that the Court stay any claims that survive its motion to dismiss pending resolution of the CSC appeal. ECF No.74-1 at 23:27-24:9. The Court has inherent authority to issue a stay, but "in determining whether to stay a proceeding, the court considers: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Caliber Holdings LLC v. Zurich Am. Ins. Co.*, No. 22-cv-4384, 2023 WL 2558422, at *3 (C.D. Cal. Jan. 11, 2023) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Here, Plaintiff does not see the benefit of a stay at all—the administrative appeal raises the discrete issues of whether he actually lowered the Pride Flags on June 21, 2023 (an issue not in dispute), whether the suspension was proportional to the supposed violation of the CPOE (an issue irrelevant here), and whether FBOR statute of limitations has run—an issue that would only minimally impact this case. In contrast, requiring Plaintiff to pause while he pursues the administrative appeal would cause Plaintiff the ongoing irreparable harm of the being faced with the question of "lose your faith and keep your job, or keep your faith and lose your job." *Keene v. City & Cty. of S.F.*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023).

### CONCLUSION

For the foregoing reasons, Plaintiff Captain Little respectfully requests that this Court deny Defendants' motion to dismiss in full.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: November 28, 2025          By: _____
                                      Charles S. LiMandri
                                      Paul M. Jonna
                                      Jeffrey M. Trissell
                                      Joshua A. Youngkin
                                      Attorneys for Plaintiff
                                      Captain Jeffrey Little

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Captain Little, certifies that this brief contains 6,998 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 28, 2025          By: _____
                                      Paul M. Jonna

# CERTIFICATE OF SERVICE

*Captain Jeffrey Little v. Los Angeles County Fire Department, et al.*
USDC Court - Central District - Case No.: 2:24-cv-04353-JLS-PD

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

1. **Plaintiff's Opposition to Defendants' Motion to Dismiss or Stay; and**
2. **Declaration of Paul M. Jonna, Esq., in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss or Stay.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Dimitri D. Portnoi, Esq.
Kyle M. Grossman, Esq.
Marni B. Robinow, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 430 6000; Fax: (213) 430 6407
E-Mail: dportnoi@omm.com
E-Mail: kgrossman@omm.com
E-Mail: mrobinow@omm.com
**Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Arthur Lester, and Adam Uehara**

\_\_\_\_    **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

\_X\_\_    **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the above is true and correct.

Executed on November 28, 2025, at Rancho Santa Fe, California.

Rebecca M. Oakley