DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. # 313952)
kgrossman@omm.com
MARNI B. ROBINOW (S.B. # 313412)
mrobinow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone:  (213) 430 6000
Facsimile:  (213) 430 6407

*Attorneys for Defendants County of Los Angeles,
Fernando Boiteux, Arthur Lester, and Adam Uehara*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Jeffrey Little,<br><br>    Plaintiff,<br><br> v.<br><br>County of Los Angeles, et al.,<br><br>    Defendants. | Case No. 2:24-cv-04353-JLS-BFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF RULE 12(c) MOTION TO DISMISS OR ALTERNATIVELY STAY**<br><br>Hearing Date: December 19, 2025<br>Time: 10:30 a.m.<br>Judge:  Hon. Josephine L. Staton<br>Courtroom:  8A<br><br>TAC Filed:  October 21, 2025<br>Trial Date:  None set |

1

## TABLE OF CONTENTS

2

**Page**

3

I.    INTRODUCTION ..................................................................................6

4

II.    ARGUMENT ........................................................................................6

5

    A.    Plaintiff Failed to Exhaust His Judicial Remedies ...............................6

6

        1.    The CSC Appeal and This Litigation Involve Overlapping
            Issues...............................................................................................6

7

        2.    Plaintiff Mischaracterizes *Schifando* and Fails to Grapple
            with *Page* ......................................................................................8

8

    B.    The Requirements for *Younger* Abstention Are Met..........................10

9

    C.    All Three Requirements for *Burford* Abstention Are Met .................13

10

    D.    *Colorado River* Abstention Is Warranted ...........................................16

11

III.    CONCLUSION ...................................................................................18

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1

## TABLE OF AUTHORITIES

2

**Page**

3

<u>**CASES**</u>

4

*Ala. Pub. Serv. Comm'n v. S. Ry. Co.*,
5    341 U.S. 341 (1951) ......................................................................................14

6

*AmerisourceBergen Corp. v. Roden*,
   495 F.3d 1143 (9th Cir. 2007) ...............................................................12, 13
7

*Baker v. White*,
8    2013 WL 950730 (S.D. Cal. Mar. 12, 2013)..............................................7

9

*Blumenkron v. Multnomah County*,
10    91 F.4th 1303 (9th Cir. 2024)........................................................8, 14, 15

11

*Cooper v. Bombela*,
   34 F. Supp. 2d 693 (N.D. Ill. 1999)........................................................12
12

*Doe v. Regents of Univ. of Cal.*,
13    891 F.3d 1147 (9th Cir. 2018) ...............................................................14

14

*Eng v. County of Los Angeles*,
   2010 WL 11507454 (C.D. Cal. June 14, 2010).....................................10
15

*Ernest Bock, LLC v. Steelman*,
16    76 F.4th 827 (9th Cir. 2023)..................................................................16

17

*Green v. City of Tucson*,
   255 F.3d 1086 (9th Cir. 2001) ...............................................................12
18

*Heller v. EBB Auto Co.*,
19    8 F.3d 1433 (9th Cir. 1993) ...................................................................16

20

*Hoye v. City of Oakland*,
   653 F.3d 835 (9th Cir. 2011) .................................................................11
21

*Iloputaife v. City of Beaumont*,
22    2023 WL 5727303 (C.D. Cal. July 3, 2023) ........................................10

23

*Lemon v. Tucker*,
24    664 F. Supp. 1143 (N.D. Ill. 1987).......................................................11

25

*Loc. 749, AFSCME, Council 4, AFL-CIO v. Ment*,
   945 F. Supp. 30 (D. Conn. 1996) ..........................................................11
26

*McDonald v. Antelope Valley Cmty. Coll. Dist.*,
27    45 Cal. 4th 88 (2008)..............................................................................12

28

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Mendocino Ry. v. Ainsworth*,
  113 F.4th 1181 (9th Cir. 2024) .................................................................16

*Miller v. County of Santa Cruz*,
  39 F.3d 1030 (9th Cir. 1994) .....................................................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ......................................................................................17

*Nationwide Biweekly Admin., Inc. v. Owen*,
  873 F.3d 716 (9th Cir. 2017) ....................................................................11

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
  491 U.S. 350 (1989) ..................................................................................14

*Page v. L.A. Cnty. Prob. Dep't*,
  123 Cal. App. 4th 1135 (2004) ...................................................................9

*Perez v. Alameda Cnty. Sheriffs' Off.*,
  2012 WL 273732 (N.D. Cal. Jan. 30, 2012) ............................................10

*Peri Formwork Sys., Inc. v. Legendary Builders Corp.*,
  2018 WL 5099704 (C.D. Cal. 2018) .........................................................18

*R.R. St. & Co. v. Transp. Ins. Co.*,
  656 F.3d 966 (9th Cir. 2011) ....................................................................17

*Schifando v. City of Los Angeles*,
  31 Cal. 4th 1074 (2003) .........................................................................8, 9

*Stafford v. Avenal Cmty. Health Ctr.*,
  2019 WL 4013945 (E.D. Cal. 2019) .........................................................17

*State Pers. Bd. v. Fair Emp. & Hous. Comm'n*,
  39 Cal. 3d 422 (1985) .................................................................................9

*Younger v. Harris*,
  401 U.S. 37 (1971) ....................................................................................10

**STATUTES**

42 U.S.C. § 2000e–16(c) .............................................................................12

Cal. Civ. Proc. Code § 1094.5 ..............................................................13, 14

Cal. Gov't Code § 31108 ..............................................................................13

Los Angeles County Code § 4.14 .................................................................14

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3

<u>**OTHER AUTHORITIES**</u>

4

L.A. County Charter art. IX, § 30 ............................................................................... 14

5

<u>**RULES**</u>

6

L.A. Super. Ct. Local Rule 2.8 ................................................................................. 13

7

L.A. Super. Ct. Local Rule 2.9 ................................................................................. 13

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

I.    **INTRODUCTION[1]**

Plaintiff does not dispute that he failed to exhaust his judicial remedies, and instead argues the impractical position that, because the law allows him to choose between his internal remedies and filing FEHA claims, he can pursue both at once. The law is clear that he cannot. Plaintiff also fails to rebut Defendants' arguments that the *Younger*, *Burford*, and *Colorado River* abstention doctrines apply, attempting to oversimplify the law by painting with broad strokes and relying on inapposite or out-of-circuit caselaw. The Court should grant Defendants' motion.

II.   **ARGUMENT**

     A.    **Plaintiff Failed to Exhaust His Judicial Remedies**

          1.    **The CSC Appeal and This Litigation Involve Overlapping Issues**

At the outset, the CSC Appeal and this litigation involve overlapping issues. Plaintiff attempts to frame the CSC Appeal as focused on the statute of limitations in the Firefighters' Bill of Rights ("FBOR"). *See* Dkt. 80 ("Opp.") at 11–13. But even a cursory review of the issues in the CSC Appeal reveals substantial overlap with the Suspension issues before the Court.[2]

Plaintiff asked the CSC to certify two "standard" issues—whether (1) the allegations in the Notice of Suspension are true; and (2) the allegations in the Notice of Suspension support the suspension served. Dkt. 80-7 at 72. Plaintiff asked the CSC to certify three additional issues: whether (1) the Notice of Suspension violated the FBOR's statute of limitations; (2) the allegations in the

---

[1] All emphasis is added to, and citations, alterations, and internal quotation marks omitted from, quoted passages unless otherwise noted. Capitalized terms have the same meaning as in Defendants' motion unless otherwise noted. Exhibit references are to the Portnoi Declaration.

[2] Plaintiff argues that the FAC made the Suspension part of the case long ago. But not in any meaningful way. While the FAC may have mentioned the Suspension in passing, FAC ¶ 80, Plaintiff did not even allege the Suspension as an adverse employment action until the SAC, SAC ¶¶ 88, 138.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1    Notice of Suspension constituted religious discrimination; and (3) the *Skelly*

2    hearing provided Plaintiff adequate due process. *Id.* at 72–81. The CSC certified

3    only the two "standard" issues and declined to certify the rest. *Id.*; Dkt. 80-10 at

4    66. Plaintiff may yet file a writ petition concerning the other issues. Cal. Civ.

5    Proc. Code § 1094.5.

6        Plaintiff's framing ignores that the CSC's consideration of the first standard

7    issue—whether the allegations in the Notice of Suspension are true—will involve

8    an assessment of whether the Suspension was proper. The Notice of Suspension

9    states that Plaintiff was suspended "due to [his] unauthorized removal of the

10   Progress Pride Flag (PPF) from three lifeguard stations, which constituted

11   inappropriate conduct towards others and discrimination based on sexual

12   orientation." Dkt. 80-5 at 10. If the CSC finds that these statements are true, that

13   finding would have a direct impact on the arguments before the Court here.

14       Indeed, the CSC's critical factual findings could have a binding effect on the

15   Court and color the parties' arguments about the Suspension. *See Miller v. County*

16   *of Santa Cruz*, 39 F.3d 1030, 1034–35 (9th Cir. 1994) ("Whether characterized as

17   the 'issue' of the right to continued employment or as the 'claim' of a civil rights

18   violation, the unreviewed finding of the administrative tribunal precludes further

19   litigation of Miller's contentions."); *Baker v. White*, 2013 WL 950730, at *4–5

20   (S.D. Cal. Mar. 12, 2013) (CSC findings entitled to preclusive effect where both

21   actions challenged plaintiff's termination and "therefore, the same primary right is

22   involved"). That the CSC did not certify whether the Suspension was specifically

23   discriminatory does not change the fact that the CSC is still closely examining the

24   circumstances surrounding the Suspension as pleaded here.

25       The discovery record in this case also demonstrates that Plaintiff seeks to

26   litigate the same issues here as in the CSC Appeal. Plaintiff has sought—and

27   received—copious discovery about the CPOE investigation that led to the

28   Suspension, including the final investigative report, audio of conducted interviews,

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1   a Rule 30(b)(6) person most knowledgeable to testify on the Suspension, and

2   deposition testimony on the topic without simply focusing on whether Defendants

3   acted with animus. *See* **Appendix A** for a list of discovery and deposition

4   questions focused on the Suspension and application of EA-231.

5         Accordingly, one of Plaintiff's core themes is that the evidence was not

6   sufficient to justify the Suspension—in his view, EA-231 did not require the PPF to

7   be raised at the locations where he removed them—but the County nonetheless

8   suspended Plaintiff based on animus alone. In determining Plaintiff's employment

9   claims here, this Court would need to first decide whether Plaintiff's actions in

10   taking down the PPF were "consistent with state law and supported by the record,"

11   an issue at the center of his CSC Appeal. *See Blumenkron v. Multnomah County*,

12   91 F.4th 1303, 1314 (9th Cir. 2024) ("[T]o resolve Plaintiffs' claim that Defendants

13   [acted] *because of improper motives instead of the applicable factors and record*

14   *evidence*, the court would first need to determine whether the Defendants' stated

15   reasons … are consistent with state law and supported by the record."). The CSC's

16   expertise on whether the Suspension was justified by the evidence and proportional

17   to the violation of the CPOE would be critical to this Court's evaluation of those

18   arguments. The CSC would make a decision based on its own precedents and

19   standards on discipline for CPOE violations. Instead, the two forums are

20   concurrently deciding these substantially overlapping issues.

21         **2.**     **Plaintiff Mischaracterizes *Schifando* and Fails to Grapple**

22         **with *Page***

23         Turning to Plaintiff's specific judicial exhaustion arguments,[3] he begins by

24   leaving out key details from the California Supreme Court's decision in *Schifando*

25   *v. City of Los Angeles*, 31 Cal. 4th 1074 (2003). *Schifando* holds that a plaintiff

26   may opt to pursue a FEHA right-to-sue letter without having exhausted a city

27

28

---

[3] Plaintiff does not dispute that he failed to exhaust his judicial remedies; he challenges only whether he had to exhaust his judicial remedies. Opp. at 15–18.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1   charter's internal remedies required before filing a FEHA claim.  *Id.* at 1092.  But

2   *Schifando* did not address whether a plaintiff may choose to pursue both avenues of

3   relief concurrently.

4       In fact, *Schifando* warned against the very "procedural minefield" Plaintiff

5   risks wading into.  *See id.* at 1088.  Plaintiff acknowledges that the California

6   Supreme Court "recognize[d] the existence of potential procedural issues that might

7   arise in the situation where an employee chooses to pursue both avenues of redress,

8   but those issues [were] not before" it.  *Id.* at 1092; Opp. at 9.  That issue is before

9   this Court now, and the California Supreme Court has warned that procedural

10  disorder will follow if Plaintiff pursues two avenues of relief at the same time.

11      Plaintiff relies heavily on *State Personnel Board v. Fair Emp. & Housing*

12  *Commission*, 39 Cal. 3d 422 (1985), but that case does not apply.  The only

13  question at issue there was whether the State Personnel Board had "exclusive

14  jurisdiction" over matters "involving civil service employees."  *Id.* at 427.  The

15  California Supreme Court answered in the negative after analyzing the language of

16  FEHA and article VII of the California State Constitution.  *Id.* at 428–40.  The

17  question whether one venue has "exclusive jurisdiction" has nothing to do with

18  whether a plaintiff must exhaust judicial remedies in a CSC Appeal before pursuing

19  the same issues through a FEHA claim in state or federal court, as Plaintiff attempts

20  to do here.

21      Instead, the California Court of Appeal's decision in *Page v. Los Angeles*

22  *County Probation Department*, 123 Cal. App. 4th 1135 (2004), settles this question.

23  *Page* holds that a failure to exhaust judicial remedies bars concurrent litigation even

24  before a final adverse administrative decision.  *Id.* at 1143.  Plaintiff fails to address

25  *Page* save for a parenthetical.  *See* Opp. at 11.  As the court reasoned in *Page*,

26  Plaintiff must await the CSC's final decision on the Suspension before challenging

27  the Suspension here.  123 Cal. App. 4th at 1143 ("Page did not exhaust her

28  administrative remedies by awaiting the Commission's *final* decision before filing

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1  suit.  If the Commission's final decision is unsatisfactory to Page, then she *must*

2  *exhaust her judicial remedy* by filing a petition for writ of administrative

3  mandamus in the trial court.").  If the CSC's final decision does not favor Plaintiff,

4  he must file a writ petition and, if Plaintiff does not prevail there, the CSC's

5  decision may be binding on the Court.[4]  To avoid unnecessarily expending judicial

6  resources in the meantime, the Court should apply *Page* and prevent Plaintiff from

7  holding this litigation in procedural limbo.[5]

8  **B.  The Requirements for *Younger* Abstention Are Met**

9  Plaintiff fails to counter any of Defendants' arguments that each of the five

10  requirements of *Younger* abstention are met.  *Younger v. Harris*, 401 U.S. 37

11  (1971).

12  ***The case was in an embryonic stage.***  Plaintiff argues that the case was not

13  in an embryonic stage at the time he commenced the CSC Appeal in November

14  2024 because "the case had been ongoing for nearly six months and the parties had

15  already briefed and argued a motion to dismiss."  Dkt. 80 at 20.  But in *Iloputaife v.*

16  *City of Beaumont*, 2023 WL 5727303, at *6 (C.D. Cal. July 3, 2023), a court in this

17  District found a case to be in an embryonic stage where the parties had briefed a

18  motion to dismiss but the court had not yet ruled on any substantive issues.

19  Plaintiff cites *Hoye v. City of Oakland*, but there, the court had denied a motion for

20

21  [4] Contrary to Plaintiff's arguments, the other cases Defendants cite, while involving final adverse administrative decisions, still support Defendants' arguments.  *See*

22  *Perez v. Alameda Cnty. Sheriffs' Off.*, 2012 WL 273732, at *3–4, *11 (N.D. Cal.

23  Jan. 30, 2012) (plaintiff filed federal lawsuit before civil service commission had held any substantive hearings or issued a decision); *Eng v. County of Los Angeles*,

24  2010 WL 11507454, at *9 (C.D. Cal. June 14, 2010) (reasoning that plaintiff could not "abandon the process that he himself invoked without fully exhausting his

25  remedies").

26  [5] That the CSC has not held evidentiary hearings or issued a proposed decision

27  here, as the CSC did in *Page*, does not matter here.  The CSC will ultimately issue a final decision to Plaintiff, at which point Plaintiff must exhaust his judicial

28  remedies.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1    a TRO on substantive grounds and held multiple status conferences and hearings;

2    importantly, the city had amended the ordinance at issue in response to the court's

3    intervention in the case.  653 F.3d 835, 844 (9th Cir. 2011).  This case had not

4    come close to this level of substantive activity when Plaintiff filed the CSC Appeal

5    in November 2024, at which point the parties had not engaged in any discovery.  In

6    September 2025—10 months later—the Court itself noted that the parties had "only

7    propounded and each responded to a single set of written discovery."  Dkt. 65 at 1.

8    Plaintiff also cites *Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d

9    716, 730 (9th Cir. 2017), but there, the Ninth Circuit acknowledged that "a case

10   may remain in the 'embryonic state' for a long time in certain circumstances."

11        ***The State has an interest in enforcing its courts' judgments.***  Plaintiff cites

12   out-of-circuit cases to argue that "there is no state interest in enforcing its

13   judgments in the context of an employee commencing both a federal civil rights

14   action and an internal administrative remedy."  Opp. at 13.  However, these cases

15   do not involve employees exhausting their ***individual*** administrative remedies, and

16   the courts specifically discuss the policy surrounding interference with state

17   prosecutions, not civil administrative proceedings.  *See Lemon v. Tucker*, 664 F.

18   Supp. 1143, 1147 (N.D. Ill. 1987) ("But where, as here, the state is not prosecuting

19   any of its laws, and the federal plaintiffs are not state defendants but are in fact the

20   state plaintiffs, the *Younger* policy of non-interference with *state prosecutions* is

21   inapplicable." (emphasis in original)); *Loc. 749, AFSCME, Council 4, AFL-CIO v.

22   Ment*, 945 F. Supp. 30, 33–35 (D. Conn. 1996) (*Younger* abstention did not apply to

23   a union's concurrent challenges to allegedly discriminatory terminations of

24   employees because "the *Younger* policy of non-interference with ***state prosecutions***

25   is not an issue" where the federal plaintiff is also the state plaintiff).  Plaintiff also

26   ignores that the CSC is specially equipped to resolve these issues and that, if

27   Plaintiff receives an adverse decision from the CSC that he believes to be wrong,

28   his sole avenue for relief is through the state courts.  *See* Mot. at 19.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1    ***The State has an important interest in the discipline of public employees.***

2    Plaintiff appears to argue that because Plaintiff's CSC Appeal is remedial rather

3    than coercive, the third element is not met.  Not so.  The cases Plaintiff cites deal

4    with federal civil rights claims under Section 1983 and the imposition of a de facto

5    exhaustion requirement on such claims.  *See Cooper v. Bombela*, 34 F. Supp. 2d

6    693, 697 (N.D. Ill. 1999); *Green v. City of Tucson*, 255 F.3d 1086, 1102 (9th Cir.

7    2001).  No such concerns are present here; in fact, FEHA and Title VII claims are

8    always subject to certain exhaustion requirements.  *McDonald v. Antelope Valley*

9    *Cmty. Coll. Dist.*, 45 Cal. 4th 88, 113 (2008); 42 U.S.C. § 2000e–16(c).

10    ***Plaintiff was not barred from challenging the Suspension in the CSC***

11    ***Appeal.***  Plaintiff argues that he was barred from raising the same claims when the

12    CSC did not certify his explicit discrimination issue in the CSC Appeal.  Opp. at

13    14.  However, the CSC Appeal still involves substantially overlapping issues.  In

14    fact, the CSC certified whether the allegations underlying the Suspension are true.

15    Dkt. 80-7 at 72.  As discussed earlier, Plaintiff's propounded discovery in this

16    litigation also seeks to establish that he was justified in lowering the PPF under

17    EA-231.  *See* **Appendix A**.  Rather than litigating this case under the assumption

18    that the Suspension was justified, Plaintiff seeks to challenge the same set of facts

19    about how to interpret and apply EA-231 in both forums.[6]

20    ***This litigation would have a preclusive effect on the CSC Appeal.***  On the

21    fifth prong, the case Plaintiff cites does not help him—it acknowledges that, if the

22    CSC Appeal is resolved first, that decision will have a preclusive effect on this

23    litigation.  *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151 (9th Cir.

24    2007) ("whichever court rules first will, via the doctrines of res judicata and

25

26

27    _____

[6] The CSC is in the best position to interpret EA-231 and apply it to this set of facts,
28    given its specialized knowledge of the County's processes and policies.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1   collateral estoppel, preclude the other from deciding that claim or issue").[7]  This

2   Court's decision on whether the Suspension was a violation of Title VII and FEHA

3   would "have the practical effect of enjoining" the CSC Appeal's proceedings,

4   which focus on the narrow issue of whether the Suspension was a proper

5   disciplinary action.  *Id.* at 1152.

6          Lastly, Plaintiff argues that Defendants waived their right to bring *Younger*

7   arguments because they did not timely raise them.  Opp. at 14–15.  Plaintiff fails to

8   acknowledge, however, that Defendants filed the instant motion less than two

9   weeks after the relevant issues came to a head in meet-and-confers.  *See* Mot. at 10–

10  11.  And to the extent Plaintiff suggests that Defendants waived any exhaustion

11  argument, Defendants raised Plaintiff's failure to exhaust remedies as an

12  affirmative defense in their Answer.  *See* Dkt. 61, Answer at 31.

13         **C.    All Three Requirements for *Burford* Abstention Are Met**

14         Plaintiff has failed to explain why *Burford* abstention does not apply; rather,

15  all three requirements of *Burford* are met here.

16         ***First***, Plaintiff does not contest that California provides for specialized

17  review of civil-service claims like his—first by the CSC, and in Los Angeles by a

18  specific Superior Court department (the writs and receivers division).  Cal. Gov't

19  Code § 31108; Cal. Civ. Proc. Code § 1094.5; L.A. Super. Ct. Local Rules 2.8, 2.9.

20  Rather, he attempts to mischaracterize his claims as "a simple government

21  employment dispute that can be resolved internally."  Opp. at 16.  But the purpose

22  of the CSC is to "provide County government with a productive, efficient, stable,

23  and representative work force," including by "[a]ssuring fair treatment of applicants

24  and employees in all aspects of personnel administration … with proper regard for

25

26  [7] While *Roden* and the other cases Plaintiff cites stand for the proposition that the
    mere existence of parallel lawsuits is insufficient to warrant *Younger* abstention, *see*

27  *id.* at 1151-52, this case meets all five prongs of *Younger* because it involves much
    more than just parallel lawsuits.  Rather, there are serious comity concerns and state

28  interests at play.  *See* Mot. at 17–18.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1   their privacy and constitutional rights as citizens."  L.A. County Charter art. IX,

2   § 30.  The CSC therefore fills a similar role as the state-review system in *Alabama*

3   *Public Service Commission v. Southern Railway Co.*, where *Burford* abstention

4   applied.  341 U.S. 341, 348 (1951).  There, the state created a commission to review

5   specific issues (discontinuation of rail service) and provided a mechanism to appeal

6   such decisions to the state courts.  *Id.*  Indeed, Plaintiff's own case law supports

7   abstention on this prong, because it explains that a California Civil Procedure Code

8   § 1094.5 petition "raises substantive state law claims" and that "California state

9   courts have [] developed a body of substantive case law around § 1094.5."  *Doe v.*

10  *Regents of Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018).[8]

11       ***Second***, Plaintiff's federal and state issues are not easily disentangled.  The

12  "federal" issues are inherently intertwined with the parallel state-law claims that

13  Plaintiff brings.  Indeed, in this case, for every federal claim that Plaintiff brings, he

14  also brings a parallel state-law claim under the same set of facts.  TAC ¶¶ 129–209.

15       Moreover, Plaintiff's entire argument on this prong is a conclusory statement

16  that "[t]he only uniquely state law issue is whether the FBOR applies, which is

17  'easily separable.'"  Opp. at 16.  The relevant question is not whether there are

18  "uniquely state law issues" but whether "the federal questions can readily be

19  identified and reserved without colliding with what are essentially state claims."

20  *Blumenkron*, 91 F.4th at 1314.  They cannot.  Plaintiff litigates three issues in his

---

21  [8] Plaintiff asserts that § 1094.5 petitions can be raised in federal court, but he never
22  explains how *his state-law claims* would be properly raised in federal court.  Nor
    does Civil Service Commission Rule 4.14 help Plaintiff, *see* Opp. at 16, as the mere
23  possibility that a petitioner can attempt to bring a writ petition in federal court does
24  not mean that federal jurisdiction is proper.  That is the whole point of abstention
    doctrines. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491
25  U.S. 350, 360 (1989) (question is not whether procedural mechanism exists for
26  federal review but whether "the exercise of federal review … would be disruptive
    of state efforts to establish a coherent policy with respect to a matter of substantial
27  public concern").  Further, at his first opportunity to file a writ petition, he did not
28  attempt to do so in federal court or join the writ petition to this action.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1  CSC Appeal: whether the allegations against him are true, his Suspension is

2  appropriate, and the FBOR applies.  And his federal claims here (which allege that

3  he was disciplined for his religious beliefs rather than for lowering the PPF) are

4  intertwined with his state claims in the CSC Appeal (which similarly ask whether

5  his Suspension was appropriate under the same core facts).  These inquiries are

6  directly relevant to each step of the analysis for Plaintiff's federal claims.  *See id.*

7  ("[T]o resolve Plaintiffs' claim that Defendants [acted] *because of improper*

8  *motives instead of the applicable factors and record evidence*, the court would first

9  need to determine whether the Defendants' stated reasons … are consistent with

10  state law and supported by the record.").

11         ***Third***, federal intervention at this stage risks interfering with the County's

12  efforts to apply the CPOE coherently and equitably.  Plaintiff claims to ask the

13  Court only to determine whether a punishment violates federal law, not to review

14  the CPOE wholesale.  Opp. at 16.  The relief he seeks in this case belies that claim:

15  he asks the Court to "declar[e] that Defendants' policies, as applied to Plaintiff,

16  violate the First Amendment to the U.S. Constitution and First Article of the

17  California Constitution"; to order Defendants "to withdraw from Plaintiff's

18  personnel file all negative material [e.g., reference to him lowering the PPF in

19  violation of the CPOE] that might impact performance reviews, promotions, career

20  progression, or the like"; and to "enjoin[] and prohibit[] Defendants from enforcing

21  their unlawful policies against Plaintiff, and from engaging in any practices or

22  conduct that chills Plaintiff's free exercise of religion."[9]  TAC at 49.  These

23  demands for relief would render the CPOE a dead letter as to Plaintiff and would

24  interfere with its consistent application.  *See Blumenkron*, 91 F.4th at 1315 (where

25

26  _____

[9] Because the Suspension was the result of a CPOE complaint, Plaintiff effectively
27  seeks an injunction to prevent the County from applying the entirety of the CPOE,
which is in place to prevent discrimination, against him.  This makes no sense, as
28  Plaintiff seeks relief for alleged religious discrimination.

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1    "the heart of [Plaintiffs'] as-applied claims is the contention that the Defendants …

2    misapplied their lawful authority," the court "ha[d] no doubt that Plaintiffs' claims

3    would disrupt the State's attempt to ensure uniformity in the treatment of an

4    essentially local problem").

5    **D.    *Colorado River* Abstention Is Warranted**

6    Plaintiff contends that *Colorado River* abstention is improper because the

7    federal and state proceedings are not perfectly identical.  Opp. at 17.  But "exact

8    parallelism is not required."  *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 841 n.20

9    (9th Cir. 2023).  All that is required is substantial similarity.  *Id.*  Further, the

10   relevant inquiry is not (as Plaintiff seems to suggest) whether "there is a theoretical

11   possibility" that the state action will not fully resolve the federal action, but whether

12   there is "a realistic probability" that it will not do so.  *Mendocino Ry. v. Ainsworth*,

13   113 F.4th 1181, 1192 (9th Cir. 2024).  In the former instance, *Colorado River*

14   abstention may be proper, even if in the latter, it would not.  *Id.*

15   The issues in the CSC Appeal include whether Plaintiff lowered the PPF and

16   what discipline is proper.  Both concern the same causal analysis that underpins all

17   of Plaintiff's federal claims—whether his lowering of the PPF violated County or

18   department rules or policies and is the cause of his discipline.  If the state-court

19   proceedings answer the questions in the affirmative, that would inherently find that

20   Plaintiff's lowering of the PPF caused his suspension, proving fatal to his federal

21   claims (which require a causal link between alleged anti-religious sentiment and his

22   discipline).  *See, e.g.*, *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

23   On the other hand, it is reasonably likely that a favorable ruling in state court would

24   prove beneficial to Plaintiff's federal claims, and may result in Plaintiff obtaining in

25   the state forum all of the relief (back pay, emendation of his personnel file, etc.)

26   that he seeks in the federal forum.

27   As for the specific *Colorado River* factors, Plaintiff's arguments fail to move

28   the needle on any of them:

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

- **Piecemeal Litigation.**  Though courts recognize that *some* piecemeal litigation tends to exist in Section 1983 cases, they also recognize that when "rights are implicated in a vastly more comprehensive state action," this factor favors abstention.  *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 979-80 (9th Cir. 2011).

- **Timing of Actions.**  Plaintiff does not respond to *R.R. Street & Co.*, which explains that the timing of the respective actions is neutral rather than weighing against abstention when the federal action was filed first.  *Id.* at 980.

- **Rule of Decision.**  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, which Plaintiff cites for the proposition that the existence of any federal claim weighs against arbitration, does not stand for such an extreme proposition.  The "basic issue presented in [the] federal suit" there was a federal question about arbitrability.  460 U.S. 1, 24 (1983).  By contrast, more than half of Plaintiff's claims here are state-law claims, and of the remaining ones, the legal analysis is concurrent with the state-law claims.

- **Adequacy of State Forum.**  Plaintiff appears to concede that the state courts can adequately resolve his challenge to his Suspension, but asserts that this factor is neutral.  Opp. at 19.  Not so.  It favors abstention.  *Stafford v. Avenal Cmty. Health Ctr.*, 2019 WL 4013945, at *7 (E.D. Cal. 2019).

- **Forum Shopping.**  The County did not contend that Plaintiff engaged in forum shopping, yet Plaintiff levies that accusation at the County *even though Plaintiff himself filed claims in both state and federal courts*.  The sole case that Plaintiff cites for the principle that an abstention motion can itself be evidence of forum shopping is a case in which the defendants had received multiple adverse discovery rulings and used their abstention

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1  motion to delay the court's rulings on discovery sanctions and summary

2  judgment.  *Peri Formwork Sys., Inc. v. Legendary Builders Corp.*, 2018

3  WL 5099704, at \*6 (C.D. Cal. 2018).  That is a far cry from what

4  happened here.

5  • **Parallelism.**  As explained above, the claims are sufficiently parallel to

6  support abstention.

7  **III.  CONCLUSION**

8  The Court should grant Defendants' Rule 12(c) motion to dismiss or stay.

9

10  Dated: December 5, 2025  /s/ *Dimitri D. Portnoi*
Dimitri D. Portnoi

11  Kyle M. Grossman
Marni B. Robinow

12  O'MELVENY & MYERS LLP

13  *Attorneys for Defendants County of*

14  *Los Angeles, Fernando Boiteux,*
*Adam Uehara, and Arthur Lester*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM

1

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester, certifies that this brief contains 4,194 words, which complies with the word limit of this Court and Local Rule 11-6.1.

Dated:  December 5, 2025

O'MELVENY & MYERS LLP

By:     */s/ Dimitri D. Portnoi*
        Dimitri D. Portnoi

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester*

DEFS.' REPLY ISO
MOT. TO DISMISS OR STAY
2:24-CV-04353-JLS-BFM