UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-04353-JLS-BFM             Date: January 30, 2026
Title: Jeffrey Little v. Los Angeles County Fire Department et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:**   (IN CHAMBERS) **ORDER DENYING MOTION TO DISMISS OR ALTERNATIVELY STAY (Doc. 74)**

     Before the Court is a Motion to Dismiss or Alternatively Stay filed by Defendants County of Los Angeles, Fernando Boiteux, Arthur Lester, and Adam Uehara. (Mot., Doc. 74; Mem, Doc. 74-1.) Plaintiff Jeffrey Little opposed, and Defendants replied. (Opp., Doc. 80; Reply, Doc. 82.) Having heard oral argument, and for the following reasons, the Court DENIES Defendants' Motion.

**I.**     **BACKGROUND**

     The Court recounted the facts and procedural history of this case in detail in its prior Orders Granting Defendants' Motion to Dismiss the First Amended Complaint ("FAC") and Denying Defendants' Motion to Dismiss the Second Amended Complaint ("SAC"). (Order Granting MTD FAC at 1–5, Doc. 50; Order Denying MTD SAC at 2–6, Doc. 60.) The Court recounts below only the background relevant to the present Motion, which involves Little's November 2024 suspension and his appeal thereof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                                   Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

### A.      Factual Background

Plaintiff Jeffrey Little works as a Captain in the Lifeguard Division of the Los Angeles County Fire Department. (Third Amended Complaint ("TAC") ¶¶ 10, 17, Doc. 78.)  Little is an "Evangelical Christian with traditional and orthodox beliefs on marriage, family, and sexual behavior and identity." (*Id.* ¶ 18.)

#### 1.      2023 Pride Month

In March 2023, the Los Angeles County Board of Supervisors passed a motion that "directed the Chief Executive Officer to work with all County Departments to explore ways the Progress Pride Flag can be flown at all county facilities" during June, LGBTQ+ Pride month.  (*Id.* ¶ 19; Ex. 3 to TAC.)  On May 25, 2023, the Fire Department implemented that directive by issuing EA-231—a memorandum requiring that the Progress Pride Flag be flown at Fire Department facilities during the month of June, provided that the facility had adequate flagpoles and flag clasps available to accommodate the Progress Pride Flag.  (TAC ¶¶ 20–21; Ex. 4 to TAC.)  EA-231 required Captains, including Little, and Site Supervisors to "[e]nsure [Progress Pride Flags] are received and flown throughout the month of June." (Ex. 4 to TAC.)  Little alleges that "[t]he views commonly associated with the Progress Pride Flag . . . are in direct conflict" with his sincerely held religious beliefs, which dictate that he cannot be responsible for "rais[ing] the Progress Pride Flag or ensur[ing] that it is raised and properly flown." (TAC ¶¶ 37, 45.)

On June 18, 2023, Little requested to be "exempt [from] adhering to EA-231" as a reasonable accommodation on the grounds that EA-231 "infringes on [his] sincere religious beliefs." (*Id.* ¶¶ 42–43; Ex. 6 to TAC.)  The Fire Department held an Interactive Process Meeting with Little on June 19, 2023.  (TAC ¶¶ 45, 50.)  At the meeting, the Fire Department granted Little's request by agreeing that, for the remainder

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                                     Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

of June, Little (1) would be assigned to facilities that could not physically accommodate the Progress Pride Flag; and (2) would not need to personally raise, or ensure the raising of, the Progress Pride Flag.  (*Id.* ¶ 46.)  Going forward, "Little was to negotiate arrangements with others," such as "shift swapping, use of recall exemption, and use of leave benefit time," to "avoid a conflict between his religious beliefs and compliance with EA-231."  (*Id.* ¶ 53.)  Little alleges that this accommodation "appeared to be a practical solution" because there were several sites—including Area 17—that did not have enough flag clasps to accommodate the Progress Pride Flag.  (*Id.* ¶¶ 47–48.)

On June 21, 2023, Little traded shifts with a colleague so that he could be reassigned to Area 17.  (*Id.* ¶ 62.)  But before Little's shift began, Fire Department Section Chief Arthur Lester brought additional clasps to Area 17 and directed lifeguards to raise Progress Pride Flags at each of the three Area 17 sites.  (*Id.* ¶ 64.)  Little alleges that Chief Lester "knew [Little] had an accommodation" and "sought to defeat that religious accommodation due to his animus against [Little]'s religious beliefs."  (*Id.* ¶ 66.)  When Little arrived for his shift at 10:30 a.m., he took down the Progress Pride Flag from his assigned Area 17 site.  (*Id.* ¶ 68.)  Little then removed the Progress Pride Flags from the other two Area 17 sites.  (*Id.* ¶ 69.)  Later that afternoon, the Fire Department informed Little by Microsoft Teams that his religious accommodation had been revoked.  (*Id.* ¶ 70.)  Chief Lester allegedly "ordered [Little] to re-raise the Progress Pride Flags that he had lowered," but Little refused to do so.  (*Id.* ¶¶ 70–72.)

        2.        **The November 2024 Suspension and CSC Appeal**

On July 16, 2024, the Fire Department sent Little a Notice of Intent to Suspend for his June 2023 "unauthorized removal of the Progress Pride Flags from three lifeguard stations, which constituted inappropriate conduct towards others and discrimination based on sexual orientation."  (TAC ¶ 86; Ex. 18 to TAC.)  On October 24, 2024, the Fire Department sent Little a Notice of Suspension, and suspended him for three weeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                                      Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

without pay during November 2024.  (TAC ¶ 87; Ex. 19 to TAC, Notice of Suspension.)  The Notice of Suspension stated that Little's suspension was based on his removal of Pride flags without authorization on June 21, 2023, which "demonstrated poor judgment and contradicted the BOS' initiative to show support for and inclusion of the LGBTQ+ community."  (Notice of Suspension.)

On November 6, 2024, Little filed an appeal of his suspension with the Los Angeles County Civil Service Commission ("CSC"), pursuant to the County's Civil Service Rules.  (Ex. 4 to Jonna Decl., CSC Appeal Record Part 1 at 6–8, Doc. 80-5.)  Little requested that the CSC certify the following issues: (1) whether the allegations in the Notice of Suspension are true; (2) whether said allegations support the suspension served; (3) whether the Notice of Suspension was timely provided to Little; (4) whether the allegations in the Notice of Suspension amount to religious discrimination; and (5) whether the *Skelly* hearing satisfied due process.  (*See* Ex. 4 to Jonna Decl., CSC Appeal Record Part 3 at 69, Doc. 80-7.)  At a March 5, 2025 hearing, the CSC certified the first two issues, but declined to certify the other issues.  (*See id.*; Ex. 4 to Jonna Decl., CSC Appeal Record Part 6 at 102, Doc. 80-10.)

Little amended his appeal to the CSC, asking it to reconsider certifying the third through fifth issues, then amended his appeal once again, clarifying that he was seeking certification of only the third issue, which he defined as the applicability of the Firefighters' Bill of Rights ("FBOR").  (CSC Appeal Record Part 3 at 72; CSC Appeal Record Part 6 at 51–52.)  According to Little, the Fire Department violated the FBOR's requirement to complete its investigation within one year.  (CSC Appeal Record Part 3 at 73.)  On May 14, 2025, the CSC denied Little's request to certify the FBOR issue.  (CSC Appeal Record Part 6 at 66.)

On August 12, 2025, Little filed a Petition for Writ of Mandamus with the Los Angeles County Superior Court, seeking reversal of the CSC's decision to deny

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                        Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

certification of the FBOR issue.  (Ex. 1 to Jonna Decl., Doc. 80-2.)  The writ petition will be heard in January 2026, and the CSC Appeal is stayed pending the Superior Court's decision.  (Sheldon Decl. ¶ 7, Doc. 74-7.)  Thereafter, the CSC will evaluate the allegations and justification provided for Little's suspension.  (*Id.*)

    **B.**    **Procedural Background**

Little initiated this action on May 24, 2024, (Compl., Doc. 1), before he was notified of his suspension and before he filed an appeal of that suspension to the CSC.  On February 10, 2025, Little filed his Second Amended Complaint ("SAC"), then later filed the operative Third Amended Complaint ("TAC"), which is substantively the same as the SAC.[1]  (SAC, Doc. 51; TAC, Doc. 78.)  Little brings claims for (1) religious creed discrimination/failure to accommodate in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) religious creed discrimination/failure to accommodate in violation of California's Fair Employment and Housing Act ("FEHA"); (3) retaliation in violation of Title VII; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (6) violation of the Free Exercise Clause of U.S. Constitution; and (7) violation of the Free Exercise Clause of the California Constitution.  (TAC at 34–48.)  Specifically, for Little's first and second failure-to-accommodate claims, he alleges that the Fire Department improperly expected Little to comply with EA-231 despite Little's expressed religious beliefs, resulting in an investigation, his suspension, hostile personal attacks, and removal from the Background Investigation Unit, as well as threatened future adverse employment action.  (*Id.* ¶¶ 133–138, 149.)

---

[1] The parties had stipulated to allow Little to file a TAC to correct a procedural deficiency in the SAC, which had erroneously sued the County of Los Angeles as the Los Angeles County Fire Department.  (Doc. 68.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                                                  Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

On November 19, 2025, over a year after Little filed his CSC appeal, Defendants filed the instant Motion.  (Mot.; Mem.)  Defendants argue that because Little's suspension has been appealed to the CSC, this Court should dismiss Little's first and second claims for failure-to-accommodate, which relate to the suspension, and stay the remainder of the case.  (Mem. at 8.)

## II.   LEGAL STANDARD

Rule 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings."  *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 Fed. App'x 734 (9th Cir. 2008).  In ruling on a Rule 12(c) motion, "[a]ll allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party."  *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  Judgment on the pleadings is warranted when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989); *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) ("A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.").

## III.  ANALYSIS

The parties agree the CSC will consider (1) whether the allegations in the Notice of Suspension are true, and (2) whether said allegations support the suspension served.  Defendants therefore advance two arguments.  First, Defendants argue that Little's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04353-JLS-BFM | Date: January 30, 2026 |
| Title:  Jeffrey Little v. Los Angeles County Fire Department et al | |

second claim, for failure-to-accommodate under FEHA, should be dismissed "to the extent it relies on the Suspension," because Little is required to exhaust his remedies pursuant to the CSC Appeal before challenging the suspension in this Court.  (Mem. at 12–15.)  Second, Defendants argue that Little's Title VII and FEHA failure-to-accommodate claims should be dismissed, and this case should be stayed pending the resolution of the CSC Appeal, under the *Younger*, *Burford*, or *Colorado River* abstention doctrines.  (*Id.* at 15.)  The Court addresses these arguments in turn.

    **A.**    **Exhaustion of Judicial Remedies Through the CSC Appeal**

    Invoking *Page v. Los Angeles County Probation Department*, Defendants argue that because Little has challenged his suspension with the CSC, he "must exhaust the chosen administrative forum's procedural requirements" before he may challenge the suspension in the instant action through his FEHA failure-to-accommodate claim.  123 Cal. App. 4th 1135, 1142 (2004).  In *Page*, the plaintiff filed a grievance before the CSC, challenging the Los Angeles County Probation Department's failure to hire her because of her disability.  *Id.* at 1138–39.  The CSC held three hearings, after which a hearing officer issued "a lengthy written statement of decision and recommendation," finding that the Department's adverse hiring decision did not constitute an impermissible failure to accommodate Page's disability, and that the Department had offered Page a reasonable accommodation by offering her an alternative position.  *Id.* at 1139.  Before the CSC issued a final decision, Page filed a lawsuit, alleging again that the Department failed to accommodate her in making hiring decisions in violation of FEHA.  *Id.* at 1139–40.  The trial court dismissed Page's FEHA claims, and the California Court of Appeals affirmed.  *Id.* at 1141, 1144.  Because Page had pursued her CSC Appeal "through evidentiary hearings to a proposed decision," and because any adverse final CSC decision would "be binding and defeat her FEHA claims," Page was obligated to exhaust her administrative and judicial remedies through the CSC Appeal before bringing her FEHA claims.  *Id.* at 1143–44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-04353-JLS-BFM                                   Date: January 30, 2026
Title: Jeffrey Little v. Los Angeles County Fire Department et al

To be sure, here, the CSC Appeal of the suspension and the FEHA failure-to-accommodate claim may involve overlapping issues. In determining whether the suspension was justified, for example, one would think that the CSC might consider whether Little was entitled to take down the Pride flags because he was due a religious accommodation, as Little alleges in this action. However, the CSC specifically rejected Little's request to certify the issue of whether the allegations in the Notice of Suspension constituted religious discrimination. So unlike in *Page*, where the plaintiff brought virtually the same claims before the CSC and the court, there is uncertainty in this case as to whether overlapping issues will indeed exist. The issues before the CSC—whether the suspension is supported by the Notice of Suspension's allegations, and whether those allegations are true—are broad, and could focus on a number of different considerations. For example, the CSC may conclude that Little acted on the good faith belief that he was authorized to take down the Pride flags, leaving this Court to still determine whether the Fire Department's decision to suspend Little, notwithstanding his good faith belief, constituted a failure to provide him with a reasonable religious accommodation. Thus, dismissing Little's FEHA failure-to-accommodate claim at this stage is inappropriate. It is unclear what preclusive effect, if any, the CSC Appeal will have on the claim's suspension-related allegations. *See Perez v. Alameda Cnty. Sheriffs' Off.*, 550 F. App'x 410, 411 (9th Cir. 2013) (reversing the district court's grant of summary judgment in favor of the defendants as to Perez's FEHA sex discrimination claim, because Perez "may still have a viable sex discrimination claim" even in light of the CSC's findings).[2]

---

[2] Further, even if a future decision by the CSC would almost certainly have a preclusive effect on Little's claim, the Court is still not convinced dismissal would be warranted. Unlike in *Page*, where the plaintiff received a "comprehensive decision by the hearing officer" before filing suit, 123 Cal. App. 4th at 1142, and *Perez*, where the plaintiff received a final judgment from the CSC that had a preclusive effect on his FEHA claims, 550 F. App'x at 411, here, Little has received no tentative nor final decision on the merits determining whether his suspension was justified. Defendants cite to no case that compels a plaintiff who has initiated a CSC Appeal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                      Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

Dismissal is also inappropriate for another, independent reason: Little's FEHA failure-to-accommodate claim also encompasses other adverse employment actions that are beyond the scope of the CSC Appeal, such as an investigation, hostile personal attacks, removal from the Background Investigation Unit, and threatened future adverse employment action.  (TAC ¶¶ 137–38, 149.)  In *Page*, an adverse CSC decision would "defeat her FEHA claims," 123 Cal. App. 4th at 1143, but here, the CSC will consider only whether the suspension was appropriate and therefore will not determine whether Little was improperly subject to other adverse employment action.  Because the CSC will, at most, make determinations affecting only part of Little's FEHA failure-to-accommodate claim, dismissal of the entire claim would be inappropriate.  *See Porta-Fab Corp. v. Allied Modular Bldg. Sys., Inc.*, 2023 WL 6370224, at *1 (C.D. Cal. July 26, 2023) (Staton, J.) ("[Defendant's] Motion is not an appropriate use of . . . a motion for judgment on the pleadings, because it does not seek to dispose of an entire claim.").  The Court therefore denies Defendants' request to dismiss Little's FEHA failure-to-accommodate claim on this basis.

    **B.**    ***Younger*, *Burford*, and *Colorado River* Abstention**

Defendants also argue that the *Younger*, *Burford*, and *Colorado River* abstention doctrines warrant dismissal of Little's failure-to-accommodate claims and a stay of the action.  Defendants' arguments are unavailing.

In *Younger v. Harris*, the Supreme Court held that a federal court, in the absence of unusual circumstances, cannot interfere with a pending state criminal prosecution.  401 U.S. 37, 41 (1971).  The Supreme Court later "expand[ed] the protection of *Younger* beyond state criminal prosecutions, to civil enforcement proceeding."  *New Orleans Pub.*

---

to then pursue it to a final decision, including filing an appeal, where no interim decision has yet been issued.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                   Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

*Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989).  "*Younger* abstention remains an extraordinary and narrow exception to the general rule that federal courts have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."  *Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018) (internal quotations and citations omitted).

"*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges."  *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)).  "If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.'"  *Id.* at 924–25 (quoting *ReadyLink*, 754 F.3d at 759).  "Each of these requirements must be 'strictly met.'"  *Id.* (quoting *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007)).

*Younger* abstention plainly does not apply.  Defendants cannot, and make no attempt to, argue that the CSC Appeal, initiated by Little, resembles a "quasi-criminal enforcement action" against the Fire Department which is somehow challenged by this lawsuit.  *Rynearson*, 803 F.3d at 924; *cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 598 (1975) (applying *Younger* abstention to an action where plaintiffs sued arguing that officials' use of a nuisance statute was unconstitutional, and officials had initiated a state nuisance proceeding against them).  Rather, they argue that the CSC Appeal involves "a state's interest in enforcing the orders and judgments of its courts" because it "requires judicial exhaustion through a state court writ of mandate." (Mem. at 17.)  But this argument merely points out that the forum for the state proceeding may be state court, which is far from sufficient to justify *Younger* abstention.  Rather, *Younger*'s protection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                             Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

of a state's interest in its courts "is geared to ensuring that federal courts do not interfere in the procedures by which states administer their judicial system and ensure compliance with their judgments," like state statutory contempt procedures.  *Rynearson*, 903 F.3d at 926 (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977)).  This action involves no challenge to any similar state judicial enforcement process.  *See Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 64 (9th Cir. 2024) ("Because there are no ongoing enforcement actions or any court judgment, abstention under *Younger* is not warranted.").

Nor does *Burford* abstention apply.  *Burford* abstention allows a court to "decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *U.S. v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001).  Its purpose is to protect complex state administrative processes from undue federal interference.  *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 362 (1989).  In the Ninth Circuit, invocation of *Burford* abstention requires (1) "that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court"; (2) "that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence"; and (3) "that federal review might disrupt state efforts to establish a coherent policy."  *Morros*, 268 F.3d at 705 (quoting *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982)).

The mere existence of the parallel CSC Appeal does not warrant *Burford* abstention.  *See Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 845 (9th Cir. 2005), *amended,* 433 F.3d 1089 (9th Cir. 2006) ("[B]ecause *Burford* abstention is concerned with potential disruption of a state administrative scheme, rather than the mere existence of such a scheme, looking behind the action to determine whether it implicates the concerns of *Burford* is necessary." (quoting *AmSouth Bank v. Dale,* 386 F.3d 763, 784 (6th Cir. 2004))).  This action challenges the Fire Department's employment decisions; it does not involve a challenge to the CSC Appeal process or any

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04353-JLS-BFM | Date: January 30, 2026 |
| Title:  Jeffrey Little v. Los Angeles County Fire Department et al | |

determination by the CSC.  *Cf. Blumenkron v. Multnomah Cnty.*, 91 F.4th 1303, 1307–11, 1318 (9th Cir. 2024) (concluding that *Burford* abstention was appropriate where the plaintiffs challenged Oregon's Land Reserves Statute, which set forth land designation requirements and review procedures, as unconstitutional).  Moreover, none of the *Burford* elements are met.  The state has not chosen to concentrate employment disputes with the CSC; rather, a plaintiff may choose to challenge an employment decision in federal court or appeal to the CSC.  *See State Pers. Bd. v. Fair Emp. & Hous. Com.*, 39 Cal. 3d 422, 431 (1985) ("The Legislature's intent was to give public employees the same tools in the battle against employment discrimination that are available to private employees.").  And the mere fact that Little brought suit, invoking federal anti-discrimination law, does not run the risk of interference with "complex state law issues" or "a coherent policy."  *See id.* ("The procedures, protections and enforcement services available to discrimination claimants under the FEHA go beyond those available under the Civil Service Act.").

Finally, *Colorado River* abstention does not apply.  "Under *Colorado River*, considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay [or dismiss] federal proceedings pending the resolution of concurrent state court proceedings involving the same matter."  *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (internal citations omitted) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993)).  Such a decision is appropriate only in "exceedingly rare" circumstances, as "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."  *Seneca Ins. Co., Inc., v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017) (quoting *Colorado River*, 424 U.S. at 813).  "Generally 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"  *Id.* (quoting *Colorado River*, 424 U.S. at 817).  "The Supreme Court has emphasized that the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,' including in cases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                                  Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

involving parallel state litigation." *Id.* (quoting *Colorado River*, 424 U.S. at 813).  Thus, "[a]bdication of the obligation to decide cases can be justified . . . only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813.

In determining whether abstention is appropriate under *Colorado River*, "[t]he threshold question . . . is whether the state and federal actions are 'substantially similar.'" *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018) (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  While "exact parallelism" is not required, factors bearing on substantial similarity of proceedings include overlap of: (1) the named parties; (2) rights or conduct at issue; (3) the goals of the litigation; and (4) the issues presented for resolution before the state and federal courts.  *See Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1170 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017); *Nakash*, 882 F.2d at 1416–17.

This action and the CSC Appeal are not substantially similar.  This action involves seven state and federal claims for religious discrimination and failure-to-accommodate, retaliation, failure to prevent discrimination, and violation of the Free Exercise Clause, based on numerous alleged actions taken by the Fire Department and individual Defendants.  The CSC Appeal, by contrast, will determine only whether Little's suspension was justified, potentially affecting only his two failure-to-accommodate claims.  And even then, for the reasons discussed above, the CSC's findings will not necessarily impact those claims, because the CSC may not consider Little's entitlement to a religious accommodation.

Moreover, the other *Colorado River* factors are either neutral or weigh against abstention.  They are:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM　　　　　　　　　　　　Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

>  (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (citing *Holder*, 305 F.3d at 870).  The first two factors are inapplicable, or neutral, as no specific piece of property is at issue, and both the state and federal forums are situated in close geographic proximity.  As to the third factor, the CSC Appeal has not decided any substantive issues, so there is no special concern about piecemeal litigation.  *See Chacon v. Express Fashion Operations LLC*, 2020 WL 4004230, at *4 (C.D. Cal. Apr. 15, 2020) (Staton, J.) ("A review of the Ninth Circuit's *Colorado River* jurisprudence reveals that the touchstone of this inquiry is whether the state court has already decided important legal issues.").  The fourth factor counsels against abstention, as this action was filed before the CSC Appeal and has undergone substantial motion practice and discovery, while the CSC Appeal is stayed pending a determination about which issues will be certified.  The fifth factor also counsels against abstention, because Little brings federal law claims.  *See R.R. St. & Co.*, 656 F.3d at 980 ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender of jurisdiction.").  The sixth and eighth factors also weigh against abstention, because, as discussed above, the CSC Appeal involves only the suspension and cannot address Little's other allegations.  And finally, there is no evidence that Little is engaging in forum shopping, so the seventh factor is neutral.  In sum, the lack of substantial similarity between the disputes, and the remainder of the *Colorado River* considerations, counsel decidedly against abstention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04353-JLS-BFM                                                   Date: January 30, 2026
Title:  Jeffrey Little v. Los Angeles County Fire Department et al

  Because none of the abstention doctrines are applicable, the Court declines to dismiss any claim or stay the action.

**IV.**  **CONCLUSION**

  For the above reasons, Defendants' Motion is DENIED.

Initials of Deputy Clerk: kd