# EXHIBIT S

Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Robert E. Weisenburger, SBN 305682
 rweisenburger@limandri.com
Joshua A. Youngkin, SBN 332226
 jyoungkin@limandri.com
LiMANDRI & JONNA LLP
 *as Special Counsel to*
 THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Attorneys for Plaintiff
*Captain Jeffrey Little*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN JEFFREY LITTLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, a public entity, et al.<br><br>Defendants. | Case No.: 2:24-cv-04353-JLS-PD<br><br>**PLAINTIFF CAPTAIN JEFFREY LITTLE'S RESPONSES TO DEFENDANT COUNTY OF LOS ANGELES'S REQUESTS FOR ADMISSION**<br><br>**[SET ONE]**<br><br>Judge:   Hon. Josephine L. Staton<br>Courtroom:   8A<br><br>Action Filed:   May 24, 2024 |

1

PROPOUNDING PARTY:      Defendant COUNTY OF LOS ANGELES

RESPONDING PARTY:       Plaintiff CAPTAIN JEFFREY LITTLE

SET NO:                 SET ONE [Nos. 1-2]

Plaintiff Captain Jeffrey Little, pursuant to Fed. R. Civ. P. 36, hereby provides these Responses and Objections to the Request for Admissions, Set One, propounded by Defendant County of Los Angeles, without prejudice to further discovery and investigation.

These responses are made solely for the purpose of, and in connection with, this action. Each response is given subject to all appropriate objections, including but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility, which would require the exclusion of any statement contained herein if the response was asked of, or if any statement contained herein was made by, a witness present and testifying in Court. All such objections and grounds therefore are reserved and may be interposed at any hearing or at the time of trial.

Plaintiff has not completed his investigation of the facts relating to this litigation and has not completed discovery or trial preparation. Consequently, the following responses are given without prejudice to amend, supplement, or modify and are subject to Plaintiff's right to produce, at the time of trial or at any time during these proceedings, subsequently discovered evidence relating to the proof of currently known material facts and all evidence, wherever discovered, relating to the proof of subsequently-discovered material facts. Because of the burdensome nature of the requests for admission, Plaintiff makes these admissions or denials based on the information available to him at this time.

## DEFINITIONS

Each word, term, or phrase defined below and used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil

Procedure and the Local Rules.

1. "Concerning" means analyzing, containing, dealing with, constituting, defining, describing, discussing, embodying, evidencing, explaining, identifying, referencing, mentioning, reflecting, relating to, referring to, setting forth, showing, stating, summarizing, supporting, or pertaining to the subject matter of the relevant Request.

2. "Document" or "Documents" means all electronically-stored information ("ESI") and written matter of every type, including Communications, as the term is broadly defined under Rule 34 of the Federal Rules of Civil Procedure.

3. "Identify" when referring to the identification of a Person, means to give, to the extent known, the Person's full name, present or last known residence address and telephone number, their current and past positions and titles as well as the dates during which they held those positions and titles, the present or last known place of employment and the business address and telephone number and email. When referring to the identification of an organization, "Identify" means the organization's full name and the address of its principal place of business. When referring to the identification of Documents, "Identify" means to give to the extent known the: (a) type of Document; (b) general subject matter; (c) the format in which it is maintained (e.g., written Document, computer file (and filetype), audio or video recording, or any other form); (d) location of the Document; (e) name and address of the custodian of the Document (f) date of the Document; and (g) author(s), addressee(s), and recipient(s). 4. "Person" or "Persons" means any natural person or entity, firm, association, organization, partnership, business, trust, corporation, electronic mailbox, or public entity, and their officers, directors, members, principals, employees, agents, contractors, representatives, parents, acquisitions, successors or predecessors, all persons acting on their behalf, and any and all persons associated with, affiliated with, or controlled by them.

/ / /

3

5. "You" or "Your" means Jeffrey Little, the Plaintiff in the above-captioned action, and any representatives, employees, agents, or other Persons acting or purporting to act on his behalf.

**GENERAL OBJECTION**

Plaintiff Captain Jeffrey Little hereby makes the following general objections to Defendant County of Los Angeles's First Set of Requests for Admission. These general objections are incorporated by reference into each and every response to each and every Request for Admission as though fully set forth therein. By responding to the Requests for Admission, Plaintiff does not waive any of these objections.

1.      Plaintiff objects to each Request for Admission to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including but not limited to the right to privacy under the United States and California Constitutions.

2.      Plaintiff objects to each Request for Admission to the extent it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, pursuant to Federal Rule of Civil Procedure 26(b)(1).

3.      Plaintiff objects to each Request for Admission to the extent it is overly broad, unduly burdensome, oppressive, or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each Request for Admission to the extent it is vague, ambiguous, or unintelligible, or calls for speculation as to the meaning of undefined or poorly defined terms.

5.      Plaintiff objects to each Request for Admission to the extent it seeks a legal conclusion or the application of law to fact, as Requests for Admission are

4

limited to matters of fact or the genuineness of documents under Fed. R. Civ. P. 36(a)(1).

6.    Plaintiff objects to each Request for Admission to the extent it is compound, conjunctive, or disjunctive, or contains subparts, rendering it multiple requests in violation of the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

7.    Plaintiff objects to each Request for Admission to the extent it assumes facts not in evidence or mischaracterizes facts, events, or documents.

8.    Plaintiff objects to the Definitions and Instructions to the extent they are inconsistent with or impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, or applicable case law. Plaintiff will respond to the Requests for Admission based on the ordinary and customary meanings of the terms used, as understood in the context of this litigation.

9.    Plaintiff objects to each Request for Admission to the extent it seeks information that is already in Defendants' possession, custody, or control, or is equally available to Defendants through public sources or their own records.

10.    Plaintiff objects to each Request for Admission to the extent it violates Plaintiff's right to privacy or seeks confidential, proprietary, or sensitive information without a protective order in place.

11.    Plaintiff reserves the right to supplement, amend, or revise these responses as additional information becomes available or as circumstances warrant, pursuant to Fed. R. Civ. P. 26(e).

12.    No incidental or implied admissions are intended. The fact that Plaintiff has responded or objected to any Request for Admission should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Request, or that such response or objection constitutes admissible evidence. The fact that Plaintiff has responded to part or all of any Request is not

intended and shall not be construed as a waiver by Plaintiff of any part of any objection to such Request.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that, in Your June 19, 2023 interactive process meeting, You never stated that Your religious beliefs would require You to take down the Progress Pride Flag while at work.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Plaintiff objects that this request seeks information that is not relevant to this case and is vague and ambiguous as to its purpose and the terms "require" and "take down." To the extent that Defendants seek to undermine the credibility of Plaintiff's religiously motivated lowering of the flag because he did not mention lowering the flag during the IPM meeting, this request seeks irrelevant information because an employee's religious beliefs need not be reasonable to the defendant. *Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1155 (9th Cir. 2025). To the extent that this request seeks to establish that Plaintiff's religiously motivated lowering of the flag is not protected by Title VII or FEHA because lowering the flag was not specifically mentioned during the IPM meeting, this request seeks irrelevant information because Title VII does not require a specific request. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772-74 (2015). To the extent that this request seeks to establish that Plaintiff's religiously motivated lowering of the flag is not "required" by his faith, this request seeks irrelevant information because Title VII protects religiously *motivated* actions, not religiously *required* or "mandated" actions. *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

Plaintiff further objects to this request on the grounds that it improperly seeks an admission on a disputed conclusion of law. Specifically, Plaintiff denies that his religious beliefs "require" him to "take down" the PPF, or any flag, while at work. Rather, his desire to not work under the PPF was religiously motivated and he

6

lowered the PPF in accordance with his interpretation of his duties pursuant to EA-231, Assistant Chief Uehara's June 2, 2023 determination that the PPF would not fly at Area 17 or on "flagpoles that do not typically fly more than one flag throughout the rest of the year," and the Religious Accommodation provided to him by Defendants at the June 19, 2023 IPM, which allowed him to work at locations where the PPF was not flown. Subject to the following objections, Admitted.

**REQUEST FOR ADMISSION NO. 2:**

Admit that, in Your June 19, 2023 interactive process meeting, You were not told that You could remove the Progress Pride Flag from any flagpole on which it was flying.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects that this request seeks information that is not relevant to this case and is vague and ambiguous as to the words "told" and "could remove" and whether this request implies a limitation on Captain Little's discretionary duties related to EA-231 and flag policy. To the extent that this request seeks to establish that Plaintiff's religiously motivated lowering of the flag is not protected by Title VII or FEHA because lowering the flag was not specifically mentioned during the IPM meeting, this request seeks irrelevant information because Title VII does not require a specific request. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772-74 (2015).

Plaintiff further objects to this request on the grounds that it improperly seeks an admission on a disputed conclusion of law. Plaintiff denies that EA-231 prohibited lifeguard captains from removing the PPF in accordance with flag policy, as illustrated by Captain Crum's removal of the PPF from Dockweiler South's flag pole in accordance with Assistant Chief Uehara's June 2, 2023 determination that the PPF would not fly at Area 17 or on "flagpoles that do not typically fly more than one flag throughout the rest of the year." Because Plaintiff understood his duties under EA-231 might require him to lower the PPF according to flag policy, Plaintiff did not

7

seek a IPM to provide him with those same duties. Thus, removal of the PPF from flag poles was not a topic of discussion at Plaintiff's June 19, 2023 IPM. Subject to the following objections, Admitted.

LiMANDRI & JONNA LLP

Dated: January 22, 2026                    By: _____
                                                Charles S. LiMandri, Esq.
                                                Paul M. Jonna, Esq.
                                                Jeffrey M. Trissell, Esq.
                                                Robert E. Weisenburger, Esq.
                                                Joshua A. Youngkin, Esq.
                                                Attorneys for Plaintiff
                                                *Captain Jeffrey Little*

8

**VERIFICATION OF PLAINTIFF CAPTAIN JEFFREY LITTLE**

I, Captain Jeffrey Little, am a plaintiff in this action. I have read the above document, **Plaintiff Captain Jeffrey Little's Responses to Defendant County of Los Angeles's Requests for Admission [Set One],** and know its contents. The information supplied in the foregoing is based on my own personal knowledge or has been supplied by my attorneys, or other agents or compiled from available documents. The information in the foregoing document is true to the extent of my personal knowledge. As to the information provided by my attorneys, or other agents or compiled from available documents, including all contentions and opinions, I do not have personal knowledge but made a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, and believe it is true.

Thus, I am informed and believe that the matters stated in the foregoing document are true and, on that ground, certify or declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 21st day of January, 2026, at Los Angeles County, California.

_____
Captain Jeffrey Little

9

## CERTIFICATE OF SERVICE

*Captain Jeffrey Little v. Los Angeles County Fire Department, et al.*
USDC Court - Central District - Case No.: 2:24-cv-04353-JLS-PD

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **PLAINTIFF CAPTAIN JEFFREY LITTLE'S RESPONSES TO DEFENDANT COUNTY OF LOS ANGELES'S REQUESTS FOR PRODUCTION OF DOCUMENTS [SET TWO]; and**
- **PLAINTIFF CAPTAIN JEFFREY LITTLE'S RESPONSES TO DEFENDANT COUNTY OF LOS ANGELES'S REQUESTS FOR ADMISSION [SET ONE].**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Dimitri D. Portnoi, Esq.
Kyle M. Grossman, Esq.
Marni B. Robinow, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 430 6000; Fax: (213) 430 6407
E-Mail: dportnoi@omm.com
E-Mail: kgrossman@omm.com
E-Mail: mrobinow@omm.com
**Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Arthur Lester, and Adam Uehara**

  _X_   **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

  ___   **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the above is true and correct.

Executed on January 22, 2026, at Rancho Santa Fe, California.

Kathy Denworth