# EXHIBIT A

# INTERACTIVE PROCESS MEETING
# WORKSHEET

1.

## Employee Information                    IPM Date/Time: 6/19/2023

| Name of Employee | Jeffrey Little |
|---|---|
| Employee Number | 482745 |
| Job Title | Captain, Lifeguard |
| Date of Injury | N/A |
| Claim Number | N/A |
| Work restrictions | Per email sent from EE on 6/18/2023:<br>I am requesting to be exempt to adhering to EA-231 and am requesting a religious accommodation on grounds that it infringes on my sincere religious beliefs. I have always made it a priority to carry out the mission of the department, serve the community, and be an exemplary employee, but this board motion and the responsibilities accompanying it is in conflict with my deep religious faith. |
| **Check Mark One:**<br>**Temporary ____**<br><br>**Permanent ____** | **Note: All permanent work restrictions are based on Permanent & Stationary (P&S) Maximum Medical Improvement (MMI) findings.** |

**First IPM held on 6/19/2023**

Explained purpose of IPM – in accordance with ADA/FEHA where we engage in a good faith interactive process with employees to determine an accommodation, if appropriate.
The Interactive Process is an ongoing dialogue between the employee and appropriate representatives of the County of Los Angeles Fire Department.

Reviewed with EE that he sent an email requesting a religious accommodation. I asked EE to explain what he was asking for. EE responded that he is requesting to be exempt of the board motion outlined in EA: 231 dated 5/25/23, which indicates that the Progress Pride Flag (PPF) is to be flown at County facilities during the month of June, which will now be recognized as LGBTQ+ Pride month moving forward. Specifically, that his work location (Will Rogers Beach) be exempt from adhering to this EA due to his religious beliefs and that under the EA, his location should not be held to the standard of flying the PPF. EE referenced the flow chart attachment of the EA where it shows that locations where the American and State flags are flown that are required to fly the flag. Explained that I cannot comment on the requirements; however, I will address his religious request.

I confirmed that he is requesting that the flag not be flown at his work location, Will Rogers Beach. EE stated that he has been at that location and the department has never requested that any flags been flown at that location, including MIA/POW flags.

EE stated that he understands that if he has to work at other locations, the flag may be flown; however, he would prefer to work at a location where the PPF is not flown.

EE was informed that this request has been discussed with his COC and they are able to accommodate him with an assignment at Area 33. EE accepted this work location. It was explained that he would not be the Area 33 Headquarters Captain; therefore, he would not be responsible for ensuring that the flag is flown. EE was informed that there may be extenuating circumstances when

IPM Date:     6/19/2023 and 6/21/2023                    Employee:     Jeffrey Little

he would have to put up or take down the flag.  It was further explained by Chief McMillon that it is every captain's responsibility to ensure that the PPF is up.  Asked EE if he understands and he responded that he does not agree and that it is against his will.

EE rep Gregory Crum stated that he feels confident that this accommodation will work, and it is the best case scenario.

Recalls were discussed.  EE stated that he was recalled for this Wednesday in Redondo Beach.  The major issue is that it would be the Captains responsibility to ensure that the crew is flying the flag.

Asked EE to confirm what the issue is for the EE, is it working in an area where the flag is being flown or being responsible for flying the flag and ensuring that someone else flies the flag.  EE stated that the main issue is working in a building that has a flag flown since it goes against his religious beliefs.  Informed EE that at Area 33, the flag will be flown and if that is a concern, EE said no because he will not see it because he will be out in the field.  It was explained to EE that he will be responsible for making sure that flag is flown, he does not have to do it, but does have to ensure that it goes up by having someone else do it.  EE stated that he cannot force someone to put up a flag that goes against his religion.

Explained to EE that if he called on a recall he would be required to ensure that the flag is flown.  EE stated that he has one recall left for this Wed and he can switch with another EE.  He will ask the EE if they can switch.  Chief McMillon asked that if the Chief ensures that the flag is flown, can we work at the location and the EE said that he is not okay with that.  He will use an exemption to not be recalled.

EE stated that Sunday is a relief day at Redondo, could it be pulled, and he work at Area 33 on Wed.  It was agreed by the Chiefs.

We reviewed that at his U&C there are two lifeguard towers that are decorated/painted to support LGBTQ+.  Is there an issue for him working there with the two towers and being responsible for ensuring their maintenance.  EE stated that there is no issue.  Asked EE if he is able to perform his duties if he had a patient who was part of the LGBTQ+ community.  EE said yes, he has no issue responding to calls, fixing the tower issues, and what ever else is required of him as a Captain.

Chief Uehara will ensure that the shift swaps are documented in Telestaff.

Explained to EE that if the EE's cannot swap, he will have to burn his own time.  EE stated that he understood.

Informed EE that if anything changes on either his end or ours, we would engage again.  EE stated okay.
No further questions; therefore, IPM ended.

## Interactive Process Meeting Verification Sign-in Sheet

| Attendees | Name | Meeting | Date |
|---|---|---|---|
| Employee | Jeffrey Little | Teams | 6/19/2023 |

2

Updated: 3/15/18

                                                                                          LAC-0001489

IPM Date:    6/19/2023 and 6/21/2023                          Employee:    Jeffrey Little

| Assistant Chief, Lifeguard Division | Adam Uehara | Teams | 6/19/2023 |
|---|---|---|---|
| Section Chief, Lifeguard Division | Danielle McMillon | Teams | 6/19/2023 |
| Employee Representative | Gregory Crum | Teams | 6/19/2023 |
| Risk Management | Renée Nuanes-Delgadillo | Teams | 6/19/2023 |

**Second IPM held on 6/21/2023**

Explained to EE that we are meeting with him again to conduct a second discussion regarding his request.  Reiterated that the purpose of IPM – in accordance with ADA/FEHA where we engage in a good faith interactive process with employees to determine an accommodation, if appropriate.
The Interactive Process is an ongoing dialogue between the employee and appropriate representatives of the County of Los Angeles Fire Department.

Explained that we have received some additional information pertaining to religious accommodations and would like to have some clarity regarding his request.  Asked EE, "What is it about your religious beliefs that directly impacts your ability to work in a location where the PPF is flown and having to put up/down the PPF?"

EE responded that he does not feel comfortable working at a location where the PPF is displayed.  EE stated that he is not ready to compromise his religious beliefs

Explained that a religious accommodation usually refers to allowing an employee to take time to attend services, provide them time to pray during certain religious holidays, etc.  A religious accommodation does not include allowing him to not work in a building where a PPF is flown.  Asked EE how working where the PPF is flown directly impacts his ability to practice his religion?

EE reiterated that he is not comfortable and that it goes against his religious beliefs.

Reviewed case law with EE – informed him that recently there was a federal district court that held an employer did not violate Title VII by not accommodating an employee who opposed the employer's practice of displaying a Pride flag during Pride month.  The court noted that merely expecting the employee to attend work in the same location that a Pride flag was display did not amount to asking him to adhere to a conflicting employment requirement.

Informed EE that based on this, his request does not fall under a religious accommodation.

EE stated that if he shows up to work it would be against his will.  EE asked how the department can just change their mind and this is not in good faith.

Reminded EE that during the last meeting he was informed that if anything changes on either end, we will meet again.  Informed EE that we received clarification regarding religious accommodation requests pertaining to the PPF, and we are meeting again with him in good faith.

Gregory Crum asked EE if he could come back to work.

EE stated, "I answer to a higher power, God, and I will not bow down to the county of LA to change

3

Updated: 3/15/18

IPM Date: _____6/19/2023 and 6/21/2023_____   Employee: ____Jeffrey Little_____

my beliefs".

EE stated that under EA:231 it does not require his location to put up the PPF.  How can the department force them to go against the EA?  Chief Uehara informed EE that per the Fire Chief, and effective immediately, the PPF will need to be flown at all locations.  He also informed EE that an EA will be sent out the following day.

Explained to EE that this is outside of the IPM forum, that we only address the religious accommodation request.

EE stated that he will not change his religious beliefs.  EE asked if can submit time off requests for the remaining days.  Informed EE that all time off requests will be done by the COC and him, not within the IPM forum.

EE asked if he would have to go back to his work location or can he stay at Area 33 since he is scheduled there.

Greg Crum stated that based on the IPM discussion, the religious accommodation will not be done; therefore, in regard to requesting time off, that discussion will continue outside of the IPM.

Chief McMillon informed EE that BOS Hahn noticed that the PPF were not being flown and wanted to know why.  Additionally, more PPF were taken to more areas throughout the Lifeguard Division, so he may be at a location where a PPF is flown.

Chief McMillon stated that many movements were made to ensure that EE can work at Area 33, so she would like to know if they can not move him back for this week.
Thurs – scheduled at Area 33
Fri – he has a special assignment
Sat – scheduled at Area 33
Tues – scheduled at Hermosa (Area 15)

He would be back at his regular location on Thurs/Fri

It was agreed that the time off requests and his work schedule would be done outside of the IPM.

No further questions; therefore, IPM ended.

| Attendees | Name | Meeting | Date |
|---|---|---|---|
| Employee | Jeffrey Little | Teams | 6/21/2023 |
| Assistant Chief, Lifeguard Division | Adam Uehara | Teams | 6/21/2023 |
| Section Chief, Lifeguard Division | Danielle McMillon | Teams | 6/21/2023 |
| Employee Representative | Gregory Crum | Teams | 6/21/2023 |
| Risk Management | Renée Nuanes-Delgadillo | Teams | 6/21/2023 |

4

Updated: 3/15/18

Confidential                                                                 LAC-0001491

IPM Date:   6/19/2023 and 6/21/2023                    Employee:   Jeffrey Little

| Risk Management | Rachel Lara | Teams | 6/21/2023 |

5

Updated: 3/15/18

Confidential                                                                                      LAC-0001492