# EXHIBIT B

## DISCUSSION – FIRE DEPARTMENT
### Accommodation

**Today's Date: 7/13/2023**

| | |
|---|---|
| **Name of Employee:** | Jeffrey Little |
| **Employee Number:** | 482745 |
| **Job Title:** | **Captain, Lifeguard** |
| **UOA:** | Lifeguard |

**ACCOMMDATION REQUESTED:**

Per email sent from Jeffrey Little on 6/18/2023:

I am requesting to be exempt to adhering to EA-231 and am requesting a religious accommodation on grounds that it infringes on my sincere religious beliefs. I have always made it a priority to carry out the mission of the department, serve the community, and be an exemplary employee, but this board motion and the responsibilities accompanying it is in conflict with my deep religious faith

As part of part of the Department's policy and practice to engage in good faith and in accordance with Title I of the American with Disabilities Act (ADA) and the Fair employment Housing Act (FEHA), we met with you two times via Teams, on Monday, June 19, 2023, and Thursday, June 22, 2023, to discuss your request for a religious accommodation. Present at the discussion on Monday, June 19, 2023, was Assistant Chief, Adam Uehara, Section Chief, Danielle McMillon, your representative, Gregory Crum and me.  Present at the discussion on Thursday, June 22, 2023, was Assistant Chief, Adam Uehara, Section Chief, Danielle McMillon, your representative, Gregory Crum, Risk Management Division Manager, Rachel Lara, and me.

### DISCUSSIONS

During the discussion on June 19, 2023, we reviewed your request for a religious accommodation; wherein, you were asked to provide further clarification to your request.  You responded that you would like a religious accommodation to be exempt of the board notion that was outlined in EA 231: Raising the Progress Pride Flag dated May 25, 2023, which indicates that the Progress Pride Flag (PPF) is to be flown at County facilities during the month of June, which will now be recognized as LGBTQ + Pride month moving forward.  You explained that you are assigned to Will Rogers Beach.  You stated that you feel that based on EA 231, Will Rogers should be exempt from adhering to flying the PPF based on the flow chart attachment which indicates that only locations where American and State flags are flown need to fly the PPF. Further, you explained that Will Rogers Beach does not fly both.  You were informed that I would not be able to address the requirements within this discussion; however, I would address the request for religious accommodation.  It was confirmed that you are requesting to not fly the PPF at Will Rogers Beach, and if this is not a possibility, then you would like to be placed at a station where the PPF is not flown.

You were informed that this request was discussed with your chain of command and the department is able to accommodate you with an assignment at Area 33, which you accepted.  It was explained that you would not be the Area 33 Headquarters Captain; therefore, you would not be responsible for ensuring that the PPF is flown.  You were informed that although you are not the Area 33 Headquarters Captain, it is every captain's responsibility to ensure that the appropriate flags are flown at locations; therefore, there may be extenuating circumstances when you may have to put up or take down the PPF flag.  You stated that you do not agree to this because it is against your will.  You stated that your major issue is that it is the captain's responsibility to ensure that the crew is flying the PPF flag. You were asked to clarify your concern; is it working in a location where the PPF is flown, or the responsibility of ensuring that the PPF is flown. You replied that your main issue is working in a building where the PPF is flown since it goes against your religious beliefs.  It was explained that at Area 33, the PPF is flown; therefore, would it be an issue if you are assigned there.  You responded that it would not be an issue because you would not visibly see the flag and the assignment at Area 33 requires you to be in the field.  You were reminded that as the captain, there may be circumstances where you would have the responsibility of ensuring that the PPF is flown.  You replied that you could not force someone to put up a flag that goes against your religion.  Your representative, Gregory Crum, stated that he felt confident that this accommodation would work, and it is the best-case scenario.

LAC-0000374

Page 2

Name:    Jeffrey Little                                    IPM Date:    6/19/2023 and 6/22/2023

Recalls were discussed and you informed us that you were recalled for Redondo Beach for Wednesday, June 21, 2023. You were informed that you may be recalled at a location where the PPF would be required to be flown and you responded that you cannot work at a location where that would happen; therefore, you would use your exemption so you would not be recalled. You informed us that Sunday, June 25, 2023, was a relief day at Redondo, and inquired if you could be pulled and work at Area 33 on Wednesday. The Chiefs agreed to this request.

Chief Uehara stated that he will ensure that the shift swaps are documented in Telestaff. It was explained that if you are unable to swap, you will need to use your own leave benefit time and you replied that you understood.

It was reviewed that at Will Rogers Beach there are two lifeguard towers that are painted/decorated to support LGBTQ+, and you were informed that as the captain, it is your responsibility to oversee the maintenance of the towers. You stated that this would not be an issue. You were asked if you are able to provide assistant to a patron who is part of the LGBTQ+ community, and you responded that you do not have an issue responding to calls, maintenance of the towers, or whatever else is required of you as a captain.

You were informed that if anything changes on either end, we would engage again, you replied that you understood.

There were no further questions; therefore, the discussion ended.

During the discussion on Thursday, June 22, 2023, it was explained that we are meeting with you again to conduct another meeting regarding your religious accommodation request. You were informed that we received some additional information pertaining to religious accommodations and would like to have some clarify regarding your request.

You were reminded that the purpose of the meeting is in accordance with ADA and FEHA, where we engage with employees in a good faith interactive process to determine accommodations, if appropriate. Further, we explained that the interactive process is an ongoing dialogue between the employee and appropriate representatives of the County of Los Angeles Fire Department.

You were asked, "What is it about your religious beliefs that directly impacts your ability to work in a location where the PPF is flown and having to put up and take down the PPF?" You responded that you do not feel comfortable working at a location where the PPF is displayed and that you are not ready to compromise your religious beliefs.

It was explained that the purpose of a religious accommodation is to allow an employee to be able to practice their religion, such as taking time to attend religious services, wear religious garments, or provide them time to pray during the workday. Further, it was explained that a religious accommodation does not including allowing an employee to not work in a building where the PPF is flown. You were asked to explain how working where the PPF is flow directly impacts your ability to practice your religion. You reiterated that you do not feel comfortable and that it goes against your religious beliefs.

We reviewed a recent case law, where in a federal district court, it was determined that an employer did not violate Title VII by not accommodating an employee who opposed the employer's practice of displaying a Pride flag during Pride month. The court noted that merely expecting the employee to attend work in the same location that a Pride flag was displayed did not amount to asking him to adhere to a conflicting employment practice. Further, you were informed that a religious accommodation does not include allowing an employee to not work in a building where the PPF is flown.

It was explained that based on this case law, your request does not fall under a religious accommodation. You replied that by you showing up to work it would go against your will.

You inquired as to how the department can change their mind and that by doing this it was not in good faith. You were reminded that during the last meeting we informed you that if anything changes on either end, we would meet again. It was explained that since we received clarification regarding religious accommodation requests pertaining to flying a pride flag; therefore, we are meeting with you again in good faith to discuss them.

Mr. Crum asked you if you could return to work. You responded, "I answer to a higher power, God, and I will not bow down to the County of Los Angeles to change my beliefs".

LAC-0000375

Page 3

Name:     Jeffrey Little                                          IPM Date:   6/19/2023 and 6/22/2023

You stated that under EA 231, it does not require that a PPF be put up at your work location.  Chief McMillon stated that Board of Supervisor Hahn was driving in the area and noticed that the PPFs were not being flown and inquired as to why. Chief Uehara informed you that per the Fire Chief, and effective immediately, the PPF will need to be flown at all locations and an updated EA will be sent out regarding this.  Additionally, Chief McMillon stated that more PPFs were dropped off at more locations throughout the Lifeguard Division; therefore, there is a high probability that you may be at a location were the PPF is flown.  You were reminded that your concerns regarding EA 231 and flying the flag are outside of the interactive process forum and that we would only address the religious accommodation.

You reiterated that you would not change your religious beliefs.  You asked if you could submit time off requests for the remaining days.  You were informed that your time off requests would be done by your chain of command and yourself, and not within the interactive forum.   Mr. Crum echoed that based on the interactive discussion, the religious accommodation will not be provided; therefore, the time off requests will continue outside of the interactive forum.  It was agreed that all time off requests would be done outside the interactive.

## CONCLUSION

You inquired if you would have to return to your regular work assignment or if you could stay at Area 33, where you have scheduled shifts.  Chief McMillon stated that since many movements were made to ensure that you could work at Area 33, you would continue to work your assignments there and would be back at your regular work location on either Thursday, June 29, 2023 or Friday, June 30, 2023.

There were no further questions; therefore, the IPM ended.

You have the right to respond in writing regarding the information provided in this letter.  If you choose to do so, your written response should be addressed to Risk Management Division Attn: Renée Nuanes-Delgadillo, 1255 Corporate Center Drive, Suite 402, Monterey Park, CA 91754 no later than 10-calendar days from the date of this correspondence. If you have any questions regarding this letter, please call me at **PII Redacted**, Monday through Friday, 7:30 am to 4:30 pm. Or you may email me at **PII Redacted**

Sincerely,
*Renée Nuanes-Delgadillo*
*Leadership & Professional Standards Bureau*

LAC-0000376