# EXHIBIT E

**LOS ANGELES COUNTY FIRE DEPARTMENT**
**Request for Accommodation**

**Today's Date: 6/20/2024**

| Name of Employee: | Jeffrey Little |
|---|---|
| **Employee Number:** | 482745 |
| **Job Title:** | **Captain, Lifeguard** |
| **UOA:** | Lifeguard |

**ACCOMMDATION REQUESTED:**
Per email sent from EE on 5/8/2025:

(1) I be exempt this June from the EA-231 requirement of captains/site supervisors to handle, raise, and lower the Pride Flag or Progress Pride Flag at stations/sites to which they've been assigned or otherwise stationed;

(2) I be exempt this June from the Direct Order directing my specific compliance with this requirement of EA-231; and that;

(3) I be exempt this June from any requirement to order, command, or supervise any other person, including any subordinate, colleague, or coworker, to raise, lower, or otherwise handle the Pride Flag or Progress Pride Flag.

As part of the Department's policy and practice to engage in good faith and in accordance with the Fair employment Housing Act (FEHA), we met with via Teams, on Wednesday, May 29, 2024, and Friday, May 31, 2024, to discuss your request for a religious accommodation. Present at both Interactive Process Meetings (IPM) were Section Chief, Kyle Power, your attorneys, Joshua Youngkin and Paul Jonna, your union representative, Gregory Crum and me.

**DISCUSSIONS**

During the discussion on May 29, 2024, it was explained that during this meeting we would review your requests and take them back to your chain of command (COC) for them to determine what kind of reasonable accommodation could be provided to you, if any. We reviewed your email request for a religious accommodation; wherein, you were asked to provide further information regarding your request. You explained that you received a Direct Order dated June 22, 2023, and then proceeded to read it in its entirety. It was explained that the purpose of this IPM was to address requests for accommodations and within the IPM forum. It was explained that for this IPM, we will not address Direct Orders or any items pertaining to discipline or what falls into that category. You also requested that if your request was approved, that it could be a standing accommodation. I explained that if an employee has a need for a religious accommodation on an annual basis, it must be requested every year. Your attorney stated that it would be preferred that you be provided a standing accommodation because it would create a hardship for you to request it every year. It was explained that this is the standard process, per the Department of Human Resources (DHR); however, I would confirm this. You explained that your accommodation request was based on the Direct Order that you received and its verbiage, which was based on last year's Board of Supervisors mandate regarding the progress pride flag (PPF). Further, you stated that although you are currently working, you did not trust the county and were concerned about coming to work in the month of June with the Direct Order in place. Your attorney requested that the Direct Order be considered within the IPM forum because the information within it pertains to the accommodation request.

You were asked if your religious beliefs interfere with your ability to perform emergency duties/care for members of the public who are part of the LGBTQIA+ community, and you responded "no, I will perform my duties anywhere, any place, and any time".

It was discussed that although you referenced EA 231 in your email, there would be a new EA coming out for 2024 that would reference guidelines in accordance with the Board of Supervisors motion.

It was agreed that we would put a pin in this meeting so that I could take back your request to your COC and they can determine what accommodation could be provided, if any. It was agreed that we would have a follow up IPM on Friday, May 31, 2024, at 11:30 am.

LAC-0002411

Page 2
June 20, 2024

Name:        Jeffrey Little                                          IPM Date:    5/29/2024 and 5/31/2024
_____            _____

There were no further questions; therefore, the IPM ended.

During the discussion on Friday, May 31, 2024, it was reiterated that this follow up meeting was to discuss your religious accommodation request. Your initial request was reviewed, along with the additional requests that your attorney made.

EA 232 dated and emailed to the department on May 30, 2024, was reviewed and you confirmed that you had received and read it.

It was confirmed that your work schedule was Thursday through Saturday from 10:00 am to 8:00 pm at Area 33 (Point Dune, Malibu, and Nicholas Beach) and Wednesday from 8:00 am to 6:00 pm at Zuma Beach. It was confirmed that you supervise two Ocean Lifeguard Specialists (OLS) at both locations. You were informed that at Zuma Beach the PPF would be raised at 7:00 am which is before your shift starts; therefore, you would not be responsible for raising it. You were informed that the current plan at Malibu was to not fly the PPF per the EA 232 guidelines because that site had a repurposed telephone pole. You were informed that at Pointe Dune one of the OLS would raise the PPF; therefore, you would be accommodated by not having to raise the PPF. You stated that you did not think the PPF could be safety flown at Point Dune because the poll was too short and the PPF would lay on the roof. Chief Power stated that he would confirm this.

You requested a written listing of all the locations where the PPF would be flown. You stated that you were concerned that staff would not adhere to EA 232. When asked to clarify, you explained that last year there were lifeguard chiefs (you stated that it was not Chief Power) who went around and put up PPFs outside of the requirements of EA 231. Chief Power stated that there had been meetings regarding which locations would fly the PPF and which ones could not safely fly the PPF in accordance with EA 232. You and your attorney, Mr. Jonna, requested a written listing of locations that would not fly the PPF.

You asked if you would be responsible for monitoring the PPF. When asked to clarify, you stated that if someone defies EA 232, what would be your responsibility. You stated that telling someone to put up the PPF "causes knots in my stomach". It was explained that an essential job duty of a lifeguard captain is to supervise, which includes ensuring that staff comply with policies, procedures, and directives, which include EAs, and this essential job function cannot be removed as it would be an undue hardship. Your attorney, Mr. Jonna, stated that he understood the term "undue hardship", but inquired about the financial cost that the undue hardship would create. It was explained that to remove this essential job function would result in another lifeguard captain having to supervise the staff at Area 33 by having someone come in on their day off or having a lifeguard captain from another area to come to that location, whereas this would result in a safety concern of that lifeguard captain leaving their respective work location to supervise the staff at Area 33.

You inquired what would be the process if the PPF becomes damaged while you are working. Chief Power explained that his (Chief Power's) responsibility would be to ensure that the PPF was replaced. You would just need to notify him.

You reiterated that you feel unwell when having to tell a subordinate to put up the PPF and that it is not undue hardship to remove this from your responsibility. Further, you stated, "I feel that the county does not think that my beliefs matter. I don't want to be disciplined if I don't comply with the Direct Order from last year and I just can't work in that type of environment". You stated that per EA 232, employees who do not comply will be dealt with very seriously and that is the reason why you are proceeding with this request to prevent being confronted and being "dealt with".

Your attorney, Mr. Jonna, asked if you could be assigned to another location where the PPF would not be flown; he stated, "it really depends on what extent the county wants to work through this request". Chief Power reiterated that the locations where the PPF would not be flown has not been confirmed. He also informed you that another option that you had was for you to request a standard practice trade with another captain. Mr. Jonna asked if you could be moved to a vacant location where the PPF is not being flown. Chief Power explained that there are no current vacant locations where you could be moved, and the department cannot displace another employee. Additionally, he stated that each employee's ownership of their schedule cannot be removed by the department. Chief Power reiterated that a trade would be an option. You thanked Chief Power for his explanation and asked if a mutual trade was sought, would he approve it. Chief Power replied that he would. Again, Mr. Jonna requested a list of locations where the PPF would not be flown, and Chief Power replied that the department does not have this information at this time.

LAC-0002412

Page 3
June 20, 2024

Name:    Jeffrey Little                                IPM Date:    5/29/2024 and 5/31/2024

You and your attorney, Mr. Jonna, asked if this accommodation could be a standing accommodation moving forward so that you would not have to request it annually.  It was explained that I received confirmation from DHR that the county does not provide standing annual religious accommodations.  Additionally, since the accommodation is only for the month of June, it would need to be requested every year since the determination of how the PPF is flown is based on the Board of Supervisors determination prior to June each year and may change annually.

You were informed that the department could also accommodate you with a leave of absence and allow you to use your leave benefit time.

**CONCLUSION**

The IPM was summarized as follows:

- The department would accommodate you by not requiring you to put up or take down the PPF during the month of June.
- You would be required to supervise staff in adherence with all EAs, department/county policies and directives.
- You can request a mutual transfer on your own and submit the request through the appropriate channels.
- The department can accommodate you by providing you with a leave of absence and allow you to use your leave benefit time.

Mr. Jonna stated that this would not be the final determination since it has been requested to place you in a location where the PPF would not be flown.  Mr. Jonna asked if the IPM was being recorded and he was informed that it was not.

There were no further questions; therefore, the IPM ended.

Subsequent to the IPMs, you sent me an email on June 3, 2024, and stated that Chief Power confirmed that none of the flagpoles in Area 33 currently meet the criteria to fly the PPF, per EA 232; therefore, you would not have to supervise staff to raise and lower the PPF and you would be able to adhere to the compliance set forth in EA 232 for your regularly scheduled shifts from Thursday through Saturday.  For your work shift on Wednesday, you stated that you submitted a request for trade with another captain and Chief Power has approved this trade; therefore, you will not be at a location where the PPF will be flown. Further, you wrote that "this is not a long-term solution and it doesn't address being required to supervise and adhere to the PPF policy while still having an active direct order over my head stating that I can be disciplined/terminated for not ensuring the PPF EA is followed. It also doesn't address recalls if I am forced to work at another location where the PPFs are being flown."

To address your concern regarding ordering others to raise the PPF, please be advised that to ensure the department's compliance with EA-232, you are not required to personally direct anyone to raise the PPF.  Instead, the expectation is that you promptly report noncompliance with EA-232 through your COC.

You have the right to respond in writing regarding the information provided in this letter.  If you choose to do so, your written response should be addressed to Risk Management Division Attn: Renée Nuanes-Delgadillo, 1255 Corporate Center Drive, Suite 402, Monterey Park, CA 91754 no later than 10-calendar days from the date of this correspondence. If you have any questions regarding this letter, please call me at PII Redacted , Monday through Friday, 7:30 am to 4:30 pm. Or you may email me at PII Redacted

**Sincerely,**
*Renée Nuanes-Delgadillo*
*Leadership & Professional Standards Bureau*

LAC-0002413