**EXHIBIT O**

DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. # 313952)
kgrossman@omm.com
MARNI B. ROBINOW (S.B. # 313412)
mrobinow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone:    (213) 430 6000
Facsimile:    (213) 430 6407

*Attorneys for Defendants County of Los Angeles,
Fernando Boiteux, Arthur Lester, and Adam Uehara*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CAPTAIN JEFFREY LITTLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>County of Los Angeles, et al.,<br><br>Defendant. | Case No.  2:24-cv-04353-JLS-BFM<br><br>**DEFENDANT COUNTY OF LOS ANGELES' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES, SET TWO** |

an accommodation in June 2023. During the June 22, 2023 interactive process meeting ("IPM"), Plaintiff asked if he could submit time off requests for the remainder of the month. He was directed to do so through his chain of command. Plaintiff worked on June 23, 2023 and called out sick for the rest of the month through July 29, 2023. Renee Nuanes-Delgadillo was not in a position during the June 22, 2023 IPM to grant or deny a request for time off because such requests need to be coordinated through the chain of command, especially when made without advance notice. When deciding whether to grant time off requests, the chain of command considers whether the Fire Department will be able to maintain adequate levels of staffing and whether granting a request would result in forced recalls. In 2024, Plaintiff requested a religious accommodation on May 8, 2024. During the IPM on May 29, 2024, it was explained to Plaintiff that his requests would be taken back to his chain of command for them to determine what kind of reasonable accommodation could be provided, if any. During the May 31, 2024 IPM, and following consultation with Plaintiff's chain of command, Plaintiff was offered accommodations that included the option to take a leave of absence during which Plaintiff could use his leave benefit time.

**SPECIAL INTERROGATORY NO. 24:**

Provide metrics regarding the EA-231 and EA-232 violations by LAC Fire Department personnel that the LAC Fire Department or Human Resource Department processed, including the total number of violations processed, the total number of violations that resulted in discipline, and whether any of the alleged violations besides PLAINTIFF's resulted in disciplinary suspension.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

**Objections:**

Defendant incorporates by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein. Defendant further objects to this Request because the terms and phrases "violations," "metrics," and "EA-231 and EA-232," are not defined and are subject to varying interpretations. For example, "violations" could refer to a failure to comply with EA-231 and/or EA-232, disobeying EA-231

FIRST SUPP. RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SUPPLEMENTAL
INTERROGATORIES, SET TWO

and/or EA-232, or something else. Further, "metrics" could refer to "the total number of violations processed, the total number of violations that resulted in discipline, and whether any of the alleged violations besides PLAINTIFF's resulted in disciplinary suspension," other analysis or data, or something else. "EA-231 and EA-232" could refer to either EA-231 or EA-232, or to both EA-231 and EA-232. Therefore, the Request is vague and ambiguous. Defendants also object to this Request as calling for information on "EA-231 and EA-232 violations" by other LAC Fire Department personnel, thus potentially threatening their right to privacy. Defendant further objects to this Request as calling for "violations" by non-parties and therefore is irrelevant to this litigation. Defendant further objects to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because requests for accommodation from compliance with EA-231 and EA-232 other than PLAINTIFF's requests are not at issue in this litigation. Defendant also objects to this request to the extent that it assumes facts not in evidence, specifically that PLAINTIFF's request for an accommodation from EA-231 resulted in "disciplinary suspension." Defendant further objects to this Request to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or doctrine. Defendant also objects on the basis that its investigation is ongoing. Finally, Defendant also objects to this Request to the extent that it calls for information not maintained in the normal course of business, and therefore is unduly burdensome.

**Response:**

Subject to and without waiving any of these Objections, and subject to the interpretations stated herein, Defendants will meet and confer with Plaintiff regarding this Request.

**FIRST SUPPLEMENTAL RESPONSE SPECIAL INTERROGATORY NO. 24:**

**Objections:**

Defendant incorporates by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein. Defendant further objects to this Request because the terms and phrases "violations," "metrics," and "EA-231 and EA-232," are not defined and are subject to varying interpretations. For example,

FIRST SUPP. RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SUPPLEMENTAL
INTERROGATORIES, SET TWO

"violations" could refer to a failure to comply with EA-231 and/or EA-232, disobeying EA-231 and/or EA-232, or something else.  Further, "metrics" could refer to "the total number of violations processed, the total number of violations that resulted in discipline, and whether any of the alleged violations besides PLAINTIFF's resulted in disciplinary suspension," other analysis or data, or something else.  "EA-231 and EA-232" could refer to either EA-231 or EA-232, or to both EA-231 and EA-232.  Therefore, the Request is vague and ambiguous.  Defendants also object to this Request as calling for information on "EA-231 and EA-232 violations" by other LAC Fire Department personnel, thus potentially threatening their right to privacy.  Defendant further objects to this Request as calling for "violations" by non-parties and therefore is irrelevant to this litigation.  Defendant further objects to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because requests for accommodation from compliance with EA-231 and EA-232 other than PLAINTIFF's requests are not at issue in this litigation.  Defendant also objects to this request to the extent that it assumes facts not in evidence, specifically that PLAINTIFF's request for an accommodation from EA-231 resulted in "disciplinary suspension."  Defendant further objects to this Request to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or doctrine.  Defendant also objects on the basis that its investigation is ongoing.  Finally, Defendant also objects to this Request to the extent that it calls for information not maintained in the normal course of business, and therefore is unduly burdensome.

**Response:**

Subject to and without waiving any of these Objections, subject to the interpretations stated herein, and following a reasonable search and diligent inquiry, Defendant responds as follows:  Aside from Plaintiff, one LAC Fire Department employee was disciplined in connection with violating EA-231 or EA-232, and that employee received a suspension.

FIRST SUPP. RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SUPPLEMENTAL
INTERROGATORIES, SET TWO

Dated: February 6, 2026

/s/ *Marni B. Robinow*
Dimitri D. Portnoi
Kyle M. Grossman
Marni B. Robinow
O'MELVENY & MYERS LLP

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester*

FIRST SUPP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES, SET TWO

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2026, a true and correct copy of DEFENDANT COUNTY OF LOS ANGELES' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES, SET TWO was served by transmission via electronic mail to the following counsel of record for Plaintiffs.

Charles S. LiMandri, SBN 110841
cslimandri@limandri.com
Paul M. Jonna, SBN 265389
pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
jtrissell@limandri.com
Joshua A. Youngkin, SBN 332226
jyoungkin@limandri.com
LiMANDRI & JONNA LLP
*as Special Counsel to*
THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Dated: February 6, 2026                    O'MELVENY & MYERS LLP

By:     */s/ Marni B. Robinow*
        Marni B. Robinow

*Attorney for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester*

FIRST SUPP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES, SET TWO

**VERIFICATION**

I have read and hereby certify that the foregoing Supplemental Responses to Plaintiff's Special Interrogatory No. 24 are true and correct to the best of my knowledge and belief at this time based on information in my possession or information others have collected, discussed, and made available to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 6, 2026 at Los Angeles, California.

By:   /s/ *Julia Kim*
Julia Kim

VERIFICATION OF FIRST SUPP. RESPS. &
OBJS. TO PLF.'S SPECIAL ROGS [SET TWO]
2:24-CV-04353-JLS-BFM