DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. # 313952)
kgrossman@omm.com
MARNI B. ROBINOW (S.B. # 313412)
mrobinow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone:   (213) 430 6000
Facsimile:   (213) 430 6407

*Attorneys for Defendants County of
Los Angeles, Fernando Boiteux,
Arthur Lester, and Adam Uehara*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Jeffrey Little,<br><br>            Plaintiff,<br><br>      v.<br><br>Los Angeles County Fire Department, et al.,<br><br>            Defendants. | Case No. 2:24-cv-04353-JLS-BFM<br><br>**DEFENDANTS' SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS**<br><br>*[Filed concurrently with Opposition to Motion for Partial Summary Judgment; Statement of Genuine Disputes of Material Fact and Additional Material Facts; Declaration of Dimitri D. Portnoi; and [Proposed] Order]*<br><br>Hearing Date: May 8, 2026<br>Hearing Time: 10:30 a.m.<br>Judge:  Hon. Josephine L. Staton<br>Courtroom:  8A<br><br>TAC Filed:  October 21, 2025<br>Trial Date:  None set |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| 48. It is possible for the County to change lifeguards' schedules, which they otherwise bid on in advance, when an employee seeks such a change by working with Human Resources—including through the interactive process for an accommodation. (Lester Dep. pp.54:2-55:10, 56:15-57:24; Power pp.35:25-37:1; Crum Dep. pp.50:20-54:16.) | Objection. This statement is not supported by the best evidence. The Memorandum of Understanding for Joint Submission to Board of Supervisors Regarding the Supervisory Beach Lifeguards Employee Representation Unit between the County of Los Angeles and the Los Angeles County Lifeguard Association would be the best evidence of its contents. (Fed. R. Evid. 1002.) |
| 55. Chief Boiteux estimated if a recall was necessary to cover a *month* of shifts, the cost to the County would be approximately $16,000 from its annual $1.5 billion budget. (Boiteux Dep. pp.215:5-216:4.) | Objection. This fact lacks foundation that Chief Boiteux had any knowledge sufficient to support this fact or these calculations. (Fed. R. Evid. 901.) |
| 64. Chief Boiteux recalled that Captain Little's "objection was he didn't want to raise the flag." (Boiteux Dep. pp.147:23-148:8.) | Objection. This fact lacks foundation as to how Chief Boiteux would know Plaintiff's "objection." (Fed. R. Evid. 901.) |
| 80. Captain Little made the shift swap to work Area 17 on June 21 before Chief McMillon texted him that she able to secure him an exemption from recall duty on June 21, 2023; at that point, Captain Little didn't want to trigger a recall for another lifeguard to have to take his place on June 21, 2023. (Little Dep. pp.150:9-151:16.) | Objection. This statement is not supported by the best evidence. The text message thread including Plaintiff, Chief McMillon, and Chief Uehara would be the best evidence of its contents. (Fed. R. Evid. 1002.) |
| 82. Chief Uehara was on the same text string and was thus aware of Little's plan to work Area 17 on June 21. (Little Dep. p.155:9-12, Ex. 1075.) | Objection. This fact lacks foundation that Chief Uehara read or participated in the cited text message thread, or was aware of Plaintiff's plan to work Area 17 on June 21, 2023. (Fed. R. Evid. 901; Declaration of Dimitri D. Portnoi in Support of Defendants' Statement of Genuine Disputes of Material Fact and Additional Material |

1

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | Facts, Ex. F (Uehara Dep. Tr.) 138:2-142:21.) |
| 89. The June 11 CPOE complaint did not involve individuals who had religious accommodations or known religious objections to the PPF. (Stormer Dep. pp.94:1-95:25.) | Objection. This statement is not supported by the best evidence. The CPOE Investigations Unit Investigative Report for the June 11, 2023 CPOE complaint would be the best evidence of its contents. (Fed. R. Evid. 1002.) |
| 104. Relocating Captain Little to an area not flying the PPF remained a way to accommodate him even after issuance of the directive. (*Id.*) | Objection. This fact lacks foundation because Chief Boiteux was not involved in Plaintiff's accommodation request process. (Fed. R. Evid. 901.) |
| 105. Chief Boiteux assumed that Captain Little agreed to work at Area 17 on June 21, 2023, on the expectation that the PPF would not be flying there, and it would have been better for someone in Captain Little's chain of command to inform him that the PPF was now flying in Area 17 before Captain Little arrived to work there that morning. (Boiteux Dep. pp.173:161-174:10, 183:7-13.) | Objection. This fact lacks foundation and personal knowledge; Chief Boiteux did not know whether Plaintiff agreed to work at Area 17. (Fed. R. Evid. 901; Fed. R. Evid. 602.) |
| 110. Ocean Lifeguard Specialist Jake Miller at Area 17-2 informed Captain Little that Chief Lester had dropped off the PPFs and clasps earlier that morning with instructions to raise the PPFs; however, Captain Little understood that Lester did not have authority to change department policies or Captain Little's religious accommodation. (Little Dep. p.203:6-21.) | Objection. This fact lacks foundation as Plaintiff stated that Chief Lester "did not have the authority to change policies and change my IPM," but did not establish foundation for this statement. (Fed. R. Evid. 901.) |
| 111. Captain Little asked Miller if he would be offended if Captain Little took down the PPF given the sensitivity of the topic; Miller said | Objection. Hearsay as to Ocean Lifeguard Specialist ("OLS") Miller's statements. (Fed. R. Evid. 801; Fed. R. Evid. 802.) |

DEFS.' STATEMENT OF EVIDENTIARY OBJECTIONS
2:24-CV-04353-JLS-BFM

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| he would not be offended. (Little Dep. pp.204:22-205:15.) | |
| 115. Captain Little then went to Area 17-1 and saw a PPF flying on an area flagpole that hadn't flown a flag in years. Captain Little asked Ocean Lifeguard Specialist Tenan-Snow and his co- lifeguard if they would be offended if Captain Little took the PPF down, and they said they didn't care; Captain Little then removed the PPF, folded it, and put in in the nearby Area 17-3 building. (Little Dep. pp.210:14-214:15.) | Objection. Hearsay as to Ocean Lifeguard Specialist Tenan-Snow's statements. (Fed. R. Evid. 801; Fed. R. Evid. 802.) |
| 127. The County's decisionmakers were thus aware that Captain Little's actions regarding the PPF were motivated by religious reasons. (Lester Dep. pp.99:21-100:25, 140:10-141:5.) | Objection. This fact lacks foundation to support any conclusion as to who were the "decisionmakers." (Fed. R. Evid. 901.) |
| 129. On June 22, 2023, Captain Little filed a CPOE complaint regarding the aforementioned events at Area 17 on June 21, 2023, further notifying the County that his actions were motivated by religious reasons. (Little Dep. pp.248:22-249:1.) | Objection. This statement is not supported by the best evidence. The CPOE Report Notification Form Plaintiff filed on June 22, 2023 would be the best evidence of its contents. (Fed. R. Evid. 1002.) |
| 142. According to estimates from Captain Little's chain of command, the full economic cost of granting Captain Little the religious accommodation he sought would cost the fire department $3,000 to $8,000 of its roughly $1.5 billion annual budget. (Kim Dep. pp.130:10–18, 132:17–133: 2; Boiteux Dep. p.24:6-8.) | Objection. This fact lacks foundation Chief Kim testified she could not recall the total annual budget. (Fed. R. Evid. 901; Dkt. 119-14 (Kim Dep. Tr.) 130:10-18.) |
| 167. The Notice of Instruction was issued because Captain Little took | Objection. This statement is not supported by the best evidence. The Notice of Instruction issued to |

3

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| down the PPFs. (Boiteux Dep. pp.273:16-274:1, 277:9-17.) | Plaintiff would be the best evidence of its contents. (Fed. R. Evid. 1002.) |
| 173. Little was standing near Chief McMillon at the Malibu station when she observed the Malibu flagpole had been removed; Little stated that he was going home sick that day because he was having an emotional breakdown as a result of EA-231; he also notified the other captains working in Area 33's battalion area that day, and those captains were supportive. (Little Dep. pp.273:2-274:12, Ex. 1082 at p.3.) | Objection. Hearsay, Plaintiff states that "the other captains working in that battalion … were supportive of" Plaintiff going home sick on June 22, 2023. (Dkt. 119-1 (Little Dep. Tr.) 273:6-12.) This is an out of court statement offered for the truth of the matter asserted, and no hearsay exception applies. (Fed. R. Evid. 801; Fed. R. Evid. 802.) |
| 179. On June 23, 2023, only two days following the June 20 flag-lowering incident, Captain Little was suspended from his role on the BIU, which conducts investigations of emergency incidents, resulting in a significant loss of overtime, income, and prestige.) (3d Am. Verif. Cmplt. ¶82.A.) | Objection. This fact lacks foundation as to the statement "resulting in a significant loss of overtime, income, and prestige." (Fed. R. Evid. 901.) |
| 183. Sturdivant is unaware of any steps taken to investigate Captain Little's threat except for filing a security incident report. (Sturdivant Dep. p.149:8-13; Crum Dep. pp.162:2-163:12.) | Objection. This fact lacks foundation and relies on testimony from witnesses who lack personal knowledge sufficient to provide these facts. Plaintiff improperly cited to Chief Sturdivant and Captain Crum's 30(b)(1) testimony where the County designated Julia Kim to testify as a 30(b)(6) witness about this letter. She provided testimony on the Fire Department's investigation process, explaining that a security incident report was filed, and a copy is sent to the "sheriff's department's special operations unit." Among other things, Chief Kim also explained that where the incident is criminal in nature, such as here, law enforcement handles the investigation. Plaintiff instead cited to Chief Sturdivant's 30(b)(1) testimony on her personal recollection of events. (Fed. R. Evid. 901; Fed. R. Evid. 602; |

4

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | Declaration of Dimitri D. Portnoi in Support of Defendants' Statement of Genuine Disputes of Material Fact and Additional Material Facts, Ex. H (Kim Dep. Tr.) 278:7-286:15.) |
| 187. According to Chief Boiteux, the difference between Captain Little's actions and a similar action taken by Captain Crum, at the request of Chiefs Uehara and Lester, to lower an already-flying PPF in Area 17 on June 1, 2023, was the number of people upset about Captain Little taking down the PPF. (Boiteux Dep. p.175:4-25.) | Objection. This fact lacks foundation because Chief Boiteux testified that he is not involved in discipline. (Fed. R. Evid. 901; Dkt. 121-5 (Boiteux Dep. Tr.) 174:25-175:3.) |
| 196. The suspension notice made no mention of the religious accommodation agreed to with Captain Little on June 19, 2023, even though the Investigation Reports reference the accommodation 57 times. (3d Am. Verif. Cmplt. ¶90.) | Objection. This statement is not supported by the best evidence. The Notice of Suspension and Investigation Reports would be the best evidence of their contents. (Fed. R. Evid. 1002.) |
| 199. ███████████████ | ███████████████ |

DEFS.' STATEMENT OF
EVIDENTIARY OBJECTIONS
2:24-CV-04353-JLS-BFM

Dated: April 10, 2026                    /s/ *Dimitri D. Portnoi*
                                         Dimitri D. Portnoi
                                         Kyle M. Grossman
                                         Marni B. Robinow
                                         O'MELVENY & MYERS LLP

                                         *Attorneys for Defendants County of*
                                         *Los Angeles, Fernando Boiteux,*
                                         *Adam Uehara, and Arthur Lester*

DEFS.' STATEMENT OF
EVIDENTIARY OBJECTIONS
2:24-CV-04353-JLS-BFM