# EXHIBIT D

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAPTAIN JEFFREY LITTLE, an )
individual, )
 )
                    Plaintiff, )
 )
        vs.                    )Case No. 2:24-cv-04353JLS-PD
 )
LOS ANGELES COUNTY FIRE        )
DEPARTMENT, a public entity,   )
et al.,                        )
 )
                    Defendants. )
_____)

VIDEOTAPED DEPOSITION OF WILLIAM MAYFIELD

VOLUME 1

TUESDAY, DECEMBER 9, 2025

LOS ANGELES, CALIFORNIA

Reported by:  Adele Frazier, CSR No. 9690, RPR, CRR, RMR

THE SULLIVAN GROUP OF COURT REPORTERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAPTAIN JEFFREY LITTLE, an )
individual, )
)
Plaintiff, )
)
vs. )Case No. 2:24-cv-04353JLS-PD
)
LOS ANGELES COUNTY FIRE )
DEPARTMENT, a public entity, )
et al., )
)
Defendants. )
_____)

VIDEOTAPED DEPOSITION OF WILLIAM MAYFIELD, taken on behalf of

the Plaintiff, with all parties appearing remotely,

commencing at 10:06 a.m. and terminating at 2:30 p.m. on

Tuesday, December 9, 2025, before Adele C. Frazier, Certified

Shorthand Reporter No. 9690 for the State of California,

pursuant to Notice.

APPEARANCES OF COUNSEL:


For Plaintiff:

      LiMANDRI & JONNA, LLP
      BY:  PAUL M. JONNA
          WILLIAM T. DUKE
      P.O. Box 9120
      Rancho Santa Fe, California 92067
      pjonna@limandri.com



For Defendants:

      O'MELVENY & MYERS, LLP
      BY:  DIMITRI D. PORTNOI
          ALEX MEEK
      400 South Hope Street, Suite 1900
      Los Angeles, California 90071
      dportnoi@omm.com

I N D E X

WITNESS:  WILLIAM MAYFIELD

EXAMINATION                                               PAGE

By Mr. Jonna                                              7

EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Org chart dated 4-4-2025 | 19 |
| Exhibit 2 | Board of Supervisors PPF policy | 35 |
| Exhibit 3 | Board of Supervisors Flag policy | 55 |
| Exhibit 4` | Email from Michael Samsing re PPF not flown at Zuma | 81 |
| Exhibit 5 | EA-231 | 85 |
| Exhibit 6 | EA-231 PPF Flow Chart | 99 |
| Exhibit 7 | EA-231 Coordinating emails | 101 |
| Exhibit 8 | Emails re public comment | 103 |
| Exhibit 9 | Little RA Request to Boituex | 104 |
| Exhibit 10 | McMillon PreIPM RA Discussion | 111 |

**EXHIBITS (CONT.)**

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 11 | Uehara to Kim re Orchestrated RA request | 120 |
| Exhibit 12 | Kim's Request for Info on Little For IPM | 124 |
| Exhibit 13 | McMillon Text Messages | 125 |
| Exhibit 14 | Delgadillo internal confirmation Of RA | 126 |
| Exhibit 15 | Mayfield Re 100% Compliance | 138 |
| Exhibit 59 | Org chart | 71 |

THE SULLIVAN GROUP OF COURT REPORTERS

2023, and he copied Kyle Power and Danielle McMillon, Gregory Crum, and the Bates stamp here is LAC_377.

Do you see that?

A.    Yes.

Q.    Did you ever -- were you ever contacted about Captain Little's accommodation request around this time period, June 18, 2023?

A.    I don't recall specific dates, so I don't know if that's the specific date, but I did learn that sometime of Captain Little's concern.

Q.    When do you remember the first time you learned about his concern?

A.    I don't recall.

Q.    Do you remember who told you about it for the first time?

A.    I believe it may have been -- I'm assuming that it was from the lifeguard chain of command and Chief Boiteux.

Q.    Do you remember anything about what he said?

A.    Specifics, no.

Q.    Do you remember if you provided him with any feedback about how to handle Captain Little's request --

MR. PORTNOI:    Objection.

BY MR. JONNA:

Q. -- during that initial conversation?

A. I don't recall specifics, but I may have been involved in how to handle.

Q. What do you remember generally about what guidance you gave Chief Boiteux about how to handle Captain Little's accommodation request?

A. Specifically, again, because I don't recall the time frame, I don't recall exactly how it happened or what time frame it was, but I -- I do recall that we sent him to the administrative bureau.

Q. What's the administrative bureau?

A. That's our HR.

Q. Okay. Do you remember if that was around the time that his accommodation request first came in?

A. I can't --

MR. PORTNOI: Objection. Vague.

THE WITNESS: I can't remember what time frame that is. I do recall perhaps speaking, but not of what specific time frame.

BY MR. JONNA:

Q. Okay. So you remember -- correct me if I'm saying anything that's not correct, but you remember having an initial conversation with -- you think it

12:52

12:52

12:53

12:53

12:53

was Fernando Boiteux about Captain Little's accommodation request, and the only thing you can remember that you suggested to him about how to handle this is that you should connect him with the administrative bureau; is that correct?

A.    Yes.

Q.    And do you know if Chief Boiteux followed that advice?

A.    I believe so.

Q.    Okay.  Do you have any other recollection or discussions about Captain Little's accommodation request before -- from the time it came in but before the incident involving taking down flags?  Did you have any other discussions you remember as you are sitting here today about his accommodation request?

A.    Those time periods, again, are kind of fuzzy.  I don't remember exactly what time period was this before or after the allegations.

Q.    Do you ever -- in your current role, do you ever -- well, not your current role, but your role that you had at the time, did you ever participate in the IPM process for folks?

MR. PORTNOI:  Objection.  Vague.

THE WITNESS:  No.

BY MR. JONNA:

THE SULLIVAN GROUP OF COURT REPORTERS

Q.    Have you ever participated in an IPM process, even in your prior positions?

A.    I believe I have for a dispatcher.

Q.    Do you remember what that was about?

MR. PORTNOI:  Objection.  Vague.

THE WITNESS:  I believe accommodations for dispatch console seating or ergonomics or something along those lines.

BY MR. JONNA:

Q.    Okay.

MR. PORTNOI:  Tell me if you object to me saying this, but I would just caution the witness just in general in the interest of privacy, although we can designate parts of the transcript as confidential, I don't think Mr. Jonna is going to be asking you for that person's name or identifying information.  We want to maintain that person's privacy.

So I would ask that you assume that Mr. Jonna is not asking you that unless Mr. Jonna is.

MR. JONNA:  That's correct.  I'm not asking for anyone's names.  If I need to a name, I'll let you know. Your lawyer will have a chance to weigh in on that.

Let me just ask you a few more questions, and then we'll take a break soon.

BY MR. JONNA:

Q.    So is it accurate to say that you had never dealt with a religious accommodation request before

you were presented with the one that Captain Little sent over?

MR. PORTNOI:  Objection.  Vague.  Misstates evidence.

THE WITNESS:  I don't believe so.

BY MR. JONNA:

Q.   You don't believe -- so it is correct that the religious accommodation request that came in from Captain Little was the first one you remember dealing with at the fire department; is that correct?

MR. PORTNOI:  Objection.  Misstates testimony.

THE WITNESS:  Not the way you stated it.  I didn't have anything to do with his accommodation or request.

BY MR. JONNA:

Q.   Okay.  How would you state it?  I'm trying to get a sense as to what familiarity that you had with the religious accommodation request.

Had you been presented with a religious accommodation request at any point prior to the one that you discussed with Fernando Boiteux about Captain Little?

A.   I don't believe so.

Q.   So after this accommodation request came in, if you scroll up in this email, Fernando Boiteux sent it over to Adam Uehara and Julia Kim on that

C E R T I F I C A T I O N

I, ADELE C. FRAZIER, Certified Shorthand Reporter, License No. 9690, for the State of California, do hereby certify:

That, prior to being examined, the witness named in the foregoing deposition, to wit, WILLIAM MAYFIELD, was by me duly sworn to testify the truth, the whole truth and nothing but the truth;

That said deposition was taken down by me in shorthand at the time and place therein named and thereafter reduced to computer-aided transcription under my direction.

I further certify that I am not interested in the event of the action.

Witness my hand the 12th of December, 2025

_____
ADELE C. FRAZIER, CSR, CRR, RMR, RPR

THE SULLIVAN GROUP OF COURT REPORTERS