# EXHIBIT E

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAPTAIN JEFFREY LITTLE, an individual,

          Plaintiff,

  vs.

LOS ANGELES COUNTY FIRE DEPARTMENT, a public entity, et al.,

          Defendants.

          Case No.
          2:24-cv-04353-JLS-PD

VIDEO DEPOSITION OF RENEE NUANES-DELGADILLO

VIA ZOOM VIDEOCONFERENCE

MONDAY, NOVEMBER 24, 2025

REPORTED BY:

LISA MOSKOWITZ

CA-CSR 10816, RPR, CRR, CLR

WASHINGTON CCR 21001437, NEVADA CCR 991

ILLINOIS CSR 084.004982

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


CAPTAIN JEFFREY LITTLE, an        )
individual,                      )
                                 )
                Plaintiff,       )
                                 )    Case No.
     vs.                         )    2:24-cv-04353-JLS-PD
                                 )
LOS ANGELES COUNTY FIRE          )
DEPARTMENT, a public entity,     )
et al.,                          )
                                 )
                Defendants.      )
_____)


        Video Deposition of RENEE NUANES-DELGADILLO, via Zoom Videoconference, commencing at 9:57 a.m., Monday, November 24, 2025, reported stenographically by Lisa Moskowitz, California Certified Shorthand Reporter Number 10816, Certified Realtime Reporter, Nevada CCR Number 991, Washington CCR Number 21001437, Illinois CSR Number 084.004982, RPR, CLR, NCRA Realtime Systems Administrator.

REMOTE APPEARANCES:


For the Plaintiff:

        LiMANDRI & JONNA, LLP
        Attorneys at Law
        BY:   PAUL M. JONNA
        BY:   WILLIAM T. DUKE
        16236 San Dieguito Road
        Building  3, Suite 3-15
        Rancho Santa Fe, California 92067
        (858) 759-9930
        pjonna@limandri.com
        wduke@limandri.com



For the Defendants and the Deponent:

        O'MELVENY & MYERS, LLP
        Attorneys at Law
        BY:   DIMITRI D. PORTNOI
        BY:   BRYAN RODRIGUEZ
        400 South Hope Street
        Suite 1900
        Los Angeles, California 90071
        (213) 430-6000
        dportnoi@omm.com
        brodriguez@omm.com


Also Present:

        MARCELA SANDOVAL, Videographer

INDEX

EXAMINATION BY:                                        PAGE

  BY ATTORNEY JONNA                                      7


                        EXHIBITS

        (STENOGRAPHER'S NOTE:  All quotations from exhibits are reflected in the manner in which they were read into the record and do not necessarily denote an exact quote from the document.)

NUMBER                                                PAGE

Exhibit 1      Email Chain from Renee              65
               Nuanes-Delgadillo, dated
               5/8/2024

Exhibit 2      Board Resolution, dated             90
               3/7/2023

Exhibit 3      EA-231, dated 5/25/2023             94

Exhibit 4      EA-232, dated 5/30/2024             98

Exhibit 5      Email Chain from Julia Kim,        100
               dated 6/18/2023

Exhibit 6      Email Chain from Renee             111
               Nuanes-Delgadillo, dated
               6/20/2023

Exhibit 7      Email Chain from Julia Kim,        122
               dated 6/19/2023

Exhibit 8      Email Chain from Fernando          140
               Boiteux, dated 12/17/2024

Exhibit 9      Text Message Thread               151

Exhibit 10     Email from Renee                  156
               Nuanes-Delgadillo, dated
               7/13/2023

EXHIBITS (Continued)

NUMBER                                                        PAGE

Exhibit 11    Email Chain from Renee              201
              Nuanes-Delgadillo, dated
              6/6/2024

Exhibit 12    Request for Accommodation,          202
              dated 6/20/2024

Exhibit 17    Email from Renee                    174
              Nuanes-Delgadillo, dated
              6/24/2023

Exhibit 18    Direct Order, dated 6/22/2023       181

Exhibit 19    Accommodation Request, dated        186
              7/12/2023

Exhibit 20    Email Chain from Renee              197
              Nuanes-Delgadillo, dated
              6/3/2024

Exhibit 23    Email Chain from Fernando           181
              Boiteux, dated 8/21/2023

Exhibit 24    EMM-6, dated 5/16/2025              230

person who's ensuring that it's flown in the first instance.  That was his request to you.

Do you remember that?

A.  I'd have to -- if you can pull up the document again, that IPM, because I believe we kind of go into it a little bit further on in the IPM.

Q.  Okay.  So I'll pull up the document.  I'm not trying to hide the document from you, but I really am just more interested in what you remember. Is it one of those things you just need to see the document to remember?  You just don't remember?

A.  Yeah, it's been several years.  So, yes, I don't want to misspeak.

Q.  Okay.  So . . .

A.  So right under this highlighted portion it says:  You stated that your major issue is that it is the captain's responsibility to ensure that the crew is flying the PPF flag.  You were asked to clarify your concern.  Is it working in a location where the PPF is flown or the responsibility of ensuring that the PPF is flown?  You replied that your main issue is working in a building where the PPF is flown since it goes against your religious beliefs.

Q.  Right.  But you understood from the context

of this -- I'm not criticizing the way you wrote this, but you understood that his first request to you as you stated here was not to fly it, and if this is not a -- this is not a possibility, then to be placed somewhere where it's not being flown.

And by specifically telling you that his concern was not being the one to ensure it's flown, he's basically saying someone else can do that, and I'll work there.  Someone else can ensure it's flown.

Is that not how you interpreted his request in 2023?

ATTORNEY PORTNOI:  Objection --

BY ATTORNEY JONNA:

Q.  In other words, think about what he's saying to you.  I don't want to be the one ordering other people to fly the flag.  I don't want to be the one ordering people to fly the PPF.  Are you following me?  So if you grant that request and someone else has to make sure that it's flown, that means he's working at a location where it's flown.

Do you agree?

ATTORNEY PORTNOI:  Objection.  Vague and multiple compound.

THE WITNESS:  So --

03:57

03:57

03:57

03:57

03:58

THE SULLIVAN GROUP OF COURT REPORTERS

215

BY ATTORNEY JONNA:

Q.  Go ahead.  If you understand the question, go ahead.

A.  I think the thing is in the first IPM it was there to gather information.  He said many things.  One of them -- and that's why I asked for clarification multiple times because there was kind of, like, it wasn't very clear.

At first he said one thing, but then when I asked for clarity, he said something different.  So he actually said multiple things in that first IPM.

Q.  Well, you would agree that it's a lot easier to accommodate him at a location where it's not being flown at all because now he doesn't have to order anyone to fly it.  That's sort of intuitive.  You would agree; right?

ATTORNEY PORTNOI:  Objection.  Calls for speculation.

THE WITNESS:  Yeah, I'm not sure I understand your question.

BY ATTORNEY JONNA:

Q.  If his ultimate objection is to flying it himself or ordering other people to fly, you would agree that one of the easiest ways to accomplish that to accommodate him would be to put him in a

03:58
03:58
03:58
03:58
03:58

location where it's not flying.  In that situation he wouldn't have to order anyone to do anything or do anything himself.  That's just the easiest solution.  You would agree; correct?

A.  I don't know if that's true, and the reason why it's because I don't know which locations fly the flag.  It was my assumption that most of the County facilities flew flags.  So I can't determine who does and doesn't because that's outside my area of expertise.  That's not my role.  My role is to address what his actual request is.

Q.  Yeah, but if you guys agreed to this accommodation where he'd be stationed at Area 33 and that the -- that Area 33 still says that the HQ captain will be responsible in ensuring that the PPF is flown.

Do you see that?

A.  Uh-huh.

Q.  Is that a yes?

A.  Yes.  Sorry.

Q.  So, I mean, I interpret that to mean that he's going to be possibly working somewhere where it's flown, but he's not going to be the one responsible for it.

Is that how you interpret it?

A.   Based on that IPM, it does state that.  If he's not the area's -- I think it was assigning captain.  If you go back to the IPM, I don't want to misspeak the wrong words.  But he's not the assigned captain so he's not responsible at Area 33.  However, in extenuating circumstances he is responsible because, in general, it's the captain's responsibility to ensure that the PPF is flown.

Q.   Basically what I'm trying to understand from you is in 2024 there was -- you were able to provide an accommodation to him that -- and one of the reasons why you distinguish 2024 from 2023 is you said that in 2023 he told you he didn't want to work somewhere where the flag was flying and then you sent him that case saying that's not a valid accommodation request.

Do you remember that?

A.   Yes, we did discuss it, yes.

Q.   But, in fact, that's not really what he was asking for, was it?  I mean, if you look at this email it says very clearly that he agreed to an accommodation to work at a location where the flag would be flying but other people will be responsible for ensuring it's flown as you say in here on Exhibit 6; is that correct?

REPORTER'S CERTIFICATE


        I, LISA MOSKOWITZ, a Certified Shorthand Reporter, licensed in the states of California, Nevada, Illinois, and Washington, do hereby certify that RENEE NUANES-DELGADILLO was by me duly sworn or affirmed; that said deposition was reported stenographically by me at the time and place herein named;

        That the deposition is a true record of all testimony as reported stenographically by me and was thereafter transcribed under my direction; that if this is a Federal case, a request [ ] was [X] was not made to read and correct said deposition; that the dismantling of the original transcript will void the reporter's certificate.

        I further declare that I have no interest in the outcome of said action nor am I related to any of the parties or counsel in said action.

        IN WITNESS WHEREOF, I have subscribed my name this 8th day of December, 2025.

_____

LISA MOSKOWITZ
California CSR 10816, RPR, CRR, CLR
Washington CCR 21001437, Nevada CCR 991,
Illinois CSR 084.004982