Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Joshua A. Youngkin, SBN 332226
 jyoungkin@limandri.com
William T. Duke, SBN 361823
 wduke@limandri.com
LiMANDRI & JONNA LLP
 *as Special Counsel to*
 THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

*Attorneys for Plaintiff*
*Captain Jeffrey Little*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN JEFFREY LITTLE,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, et al.<br><br>Defendants. | **Case No.: 2:24-cv-4353-JLS-PD**<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:      Hon. Josephine L. Staton<br>Courtroom:  8A<br>Date:       May 8, 2026<br>Time:       10:30 a.m.<br><br>Action Filed:  May 24, 2024 |

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| 1. | Portnoi Decl. Ex. J, Deposition of Chief O'Brien, p.68:1-4 (Def. Fact No. 14):<br><br>A. During the course of that month, we received phone calls from the board offices inquiring as to why facilities weren't flying the flag in accordance with their approved flag policy. | **Hearsay**. Fed. R. Evid. 802. |
| 2. | Portnoi Decl. Ex. N, Deposition of Chief Boiteux, p.154:14-22 (Def. Fact No. 16):<br><br>A. Well, what I remember about it was, I mean, that it was unusual to get, you know, such a late notification. I was not part of any meetings, but I heard there was a meeting at the fire headquarters with all executive team members regarding the Pride flag compliance. The fire chief was under extreme pressure from the Board of Supervisors because the Fire Department was not complying with board direction. | **Hearsay**. Fed. R. Evid. 802. |
| 3. | Portnoi Decl. Ex. J, Deposition of Chief O'Brien, p.68:1-70:11 (Def. Fact No. 16):<br><br>A. During the course of that month, we received phone calls from the board offices inquiring as to why facilities weren't flying the flag in accordance with their approved flag policy. | **Hearsay**. Fed. R. Evid. 802.<br><br>**Lack of Foundation**. Fed. R. Evid. 602. |

2

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | Q. So—and just to be clear, you said that month, you're talking about June of 2023?<br>A. Yes. My apologies, in June of 2023.<br>Q. Okay. So in June of 2023, you received calls from the Board of Supervisors concerned that the fire department wasn't complying—<br>A. Board of offices. I never spoke to one of the board members directly.<br>Q. Okay. So who did you speak to in the board offices?<br>A. I don't recall specifically who I spoke to, I know that there—when I said we received, the department received calls from board offices. This would be an example of—I should say the department received communications from the board office. May have been phone calls, may been e-mails. Like, this e-mail and the e-mails we saw prior, expressing concern as to why the flag wasn't being flown at County facilities, in fire department facilities in accordance with their policy.<br>Q. Okay. Would you have been copied on some of those e-mails?<br>A. I may have been.<br>Q. Okay. I'm going to—<br>A. I don't recall any specifically right now.<br>Q. Okay. Can you—after, can you look for those and provide them to your attorneys? I'm going to ask them to provide those, any e-mails | |

3

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | that you received from the County Board of Supervisors on that issue. Ask them to produce those documents to us. Okay?<br>A. Okay.<br>Q. So just take a look for those. So who else, besides yourself, might have received those communications from the Board of Supervisors offices?<br>[Objection]<br>A. So based on the e-mails we've seen, some of the division chiefs and deputy chiefs may have received calls or correspondence from the board offices. The fire chief may have received calls from the board offices. I may have received e-mails or calls from the policy.<br>Q. Okay. Would you have been copied on some of those e-mails?<br>A. I may have been.<br>Q. Okay. I'm going to—<br>A. I don't recall any specifically right now.<br>Q. Okay. Can you—after, can you look for those and provide them to your attorneys? I'm going to ask them to provide those, any e-mails that you received from the County Board of Supervisors on that issue. Ask them to produce those documents to us. Okay? | |
| 4. | Portnoi Decl. Ex. H, Deposition of Chief McMillon, p.124:12-21 (Def. Fact No. 16): | **Hearsay**. Fed. R. Evid. 802.<br><br>**Lack of Foundation**. Fed. R. Evid. |

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | Q. And who did Supervisor Horvast's office reach out to when they raised this concern about the flags not being flown at Zuma Beach?<br>A. My guess is Chief Marrone. I don't know how it got back down to me, but there was—I mean, the supervisors communicate with the fire chief. So, my guess is the deputy reached out to Marrone, stated the flag is not being flown at Zuma Beach, and that came down through Chief Boiteux/Uehara to me. It was on a day that I was working. | 602. |
| 5. | Portnoi Decl. Ex. L, Deposition of Chief Mayfield, vol. II, p.170:14-171:23 (Def. Fact No. 16):<br><br>Q. Okay. Just starting with that, what is your understanding as to why the fire department decided, in June of 2023, to require greater compliance with EA 231?<br>A. My understanding is we, as a department, weren't in compliance with the board of supervisors' directive.<br>Q. And who informed you—how did you come to learn that the department was not in compliance with the board of supervisors' directive?<br>A. Through our executive team. | **Hearsay**. Fed. R. Evid. 802.<br><br>**Lack of Foundation**. Fed. R. Evid. 602. |

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| 6. | Portnoi Decl. Ex. E, Deposition of Chief Lester, pp.68:20-69:22 (Def. Fact No. 16):<br><br>That—that was conveyed at an executive staff meeting with Chief Marrone—my understanding is through the board of supervisors—which is—who was at that meeting and then was immediately passed down the chain of—and the directive was, is that they would like to see 100 percent compliance on all these flags, and why are the fire department not flying the Pride flag as was directed from their original decree and everything else, right, and the EA. So that went from—at that time, Chief Mayfield is the deputy chief who would have been at the executive staff meeting with Chief Marrone, and he got that direction at the executive staff, who then passed it on to Chief Fernando Boiteux, who was my boss's boss, chief lifeguard at the time, who then relayed that messages down to the section chiefs that we were to have 100 percent compliance on—on the flags and with—on every flagpole within our battalions that met the EA and give a reason why—why that flag was not flown at that station if it's not able to be flown and why, basically which is what the email that you produced and I replied back to of the—the flagpoles that I was able to accomplish of | **Hearsay**. Fed. R. Evid. 802.<br><br>**Lack of Foundation**. Fed. R. Evid. 602. |

6

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | getting two flags flown on and then the reasons for why not, which is, you know, the ones that we talked about earlier, which is that one flag didn't—pole didn't even have a string on it, and the other ones needed smaller flags, which we didn't have in—on-site at that day and were on order. | |
| 7. | Portnoi Decl. Ex. O, Deposition of Gregory Crum, p. 115:19-116:4 (Def. Fact No. 53):<br><br>Q. And in what circumstances would you be working in the building operated by Beaches & Harbors?<br>A. Now, this is—I'm not sure of the deeds and the titles of all of these places, so just putting that into context. As [sic] Area 17, you start your day at what we call the Dockweiler compound, which is a building that's shared by Beaches & Harbors to the north and lifeguard division to the south. It is my understanding that that building is owned by Beaches & Harbors. | **Lack of Foundation**. Fed. R. Evid. 602. |
| 8. | Defendant' Fact No. 60 states: "OLS Gottschalk told Plaintiff that Chief Lester had ensured the PPF was raised that morning, that she was fine with the PPF up, and that she was concerned about receiving conflicting orders." | **Hearsay** to the extent that the cited evidence is submitted to prove OLS Gottschalk's then-existing state of mind (as opposed to merely that she made the statement to Little). Fed. R. Evid. 803(3). |

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | Portnoi Decl. Ex. B (Little Dep. Tr.) 206:5-207:10 | |
| | Portnoi Decl. Ex. M (Gottschalk Dep. Tr.) 86:13-15, 87:23-88:24, 101:3-7, 101:22-103:4, 282:2-10 | |
| | Portnoi Decl. Ex. E (Lester Dep. Tr.) 144:13-145:2 | |
| | Lester Decl. ¶5, Ex. C (CPOE complaint) at LAC-0000180 | |
| | Stormer Decl. ¶3, Ex. A (CPOE Investigative Report) at LAC-0000192, LAC-0000196 | |
| 9. | Portnoi Decl. Ex. Q, Deposition of Julia Kim, pp.114:7-115:17 (Def. Fact No. 100): | **Hearsay**. Fed. R. Evid. 802. |
| | Q. Okay. So before I get into my questions, it sounds like you have a pretty strong opinion on this. So what is your—what is your opinion about why Captain Little's request would pose an undue burden on the county? A. … We were subsequently under a board motion, and it was a mental health wellness board motion. And while that board motion did primarily focus on fire, on the firefighter side, a large portion of it had to do with the firefighters' mental health. And it's—and you can ask any firefighter. It always ties back into the recalls: the fact that they're not able to go home, the fact that they're missing their kids' | |

8

| **Board of Supervisors Motion and EA-231** | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | birthday parties, you know, important events. | |
| 10. | Portnoi Decl. Ex. Q, Deposition of Julia Kim, pp.114:7-116:19 (Def. Fact No. 103):<br><br>Q. Okay. So before I get into my questions, it sounds like you have a pretty strong opinion on this. So what is your—what is your opinion about why Captain Little's request would pose an undue burden on the county?<br>A. … And what that also led us into is then subsequent conversations, because it wasn't just about firefighters. LACoLA, which is the union that represents lifeguards, came to us and approached us about them experiencing the same sort of dire situation as the fire side. And when we looked at the—at the time—and I don't—you know, can't recall the specific numbers, but they were having, you know, recall issues, you know, with—with a number of lifeguards out on "I," injury.<br>Q. Are you talking about in 2021?<br>A. It started—the conversation started in 2021 with LACoLA, LACoLA bringing it to us, LACoLA telling us, "Hey, just as you—you guys are focused on running annual exams for firefighters. Don't forget about lifeguards. We are having the same problem as firefighters. We will | **Hearsay**. Fed. R. Evid. 802.<br><br>**Irrelevant.** Fed. R. Evid. 401.<br><br>The 2021 tragedy this fact exploits has no logical connection to whether accommodating one captain's religious beliefs for a few shifts one month each year would constitute an "undue hardship" on a department with thousands of employees that regularly recalls employees for nonreligious reasons.<br><br>The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| **Board of Supervisors Motion and EA-231** | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | have the same. Unless you want to have another Sierra incident," which is the murder, the suicide, and the attempted murder, they were—they were like, "Don't forget lifeguards." And so part of our staffing and, like, our exam schedule had to also then involve lifeguards. So I was then having meetings with 1014, which is firefighters union, but also with LACoLA, and the topic for years has been about the recalls. | |
| 11. | Defendant' Fact No. 4 states: "As a member of the Fire Department, following County policies is part of Plaintiff's job." Portnoi Decl. Ex. B (Little Dep. Tr.) 19:4-7 Portnoi Decl. Ex. O (Crum Dep. Tr.) 117:15-118:6 | **Irrelevant.** Fed. R. Evid. 401. This statement implies Little had an unqualified duty to comply with EA-231. But under Title VII and FEHA an employee's obligation to follow policies is limited by California and federal antidiscrimination law. The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 12. | Defendants' Fact No. 13 states: "The Board motion and EA-231 did not account for differences in the size of flags, clasps breaking due to weather, the number of flags not remaining consistent, clasps going missing, flag lines being cut, or flagpoles being taken down." Portnoi Decl. Ex. J (O'Brien Dep. Tr.) 53:15-23 | **Irrelevant.** Fed. R. Evid. 401. This fact could be relevant only if offered to excuse the County's conduct or explain the 100% compliance directive. However, the inadequacy of EA-231's drafting does not bear on whether the County was required to accommodate Little's religious beliefs. The statement has no tendency to |

10

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | Portnoi Decl. Ex. E (Lester Dep. Tr.) 39:21-41:20<br><br>Portnoi Decl. Ex. I (Uehara Dep. Tr.) 153:24-154:8, 157:4-16 | make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 13. | Defendants' Fact No. 35 states: "Plaintiff did not voice any objections to how two lifeguard towers at Will Rogers Beach were painted with the colors of the Pride Flag."<br><br>Portnoi Decl. Ex. B (Little Dep. Tr.) 118:3-120:4<br><br>Portnoi Decl. Ex. I (Uehara Dep. Tr.) 64:21-23, 110:4-25<br><br>Nuanes-Delgadillo Decl. ¶¶3-4, Ex. A (2023 IPM notes) at LAC-0001489, Ex. B (2023 IPM report) at LAC-0000375 | **Irrelevant.** Fed. R. Evid. 401.<br><br>Plaintiff's religious belief permits him to work in an environment where Pride symbols are present; his objection is to being *personally responsible* for raising, maintaining, or ensuring the PPF is flown. The painted towers imposed no supervisory duty on Plaintiff.<br><br>The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 14. | Defendants' Fact No. 37 states: "Plaintiff did not voice any objections to working at Venice Beach, which has had a Pride Flag–painted tower since 2017."<br><br>Portnoi Decl. Ex. I (Uehara Dep. Tr.). 64:14-24, 109:23-110:25, 111:9-15 | **Irrelevant.** Fed. R. Evid. 401.<br><br>Plaintiff's religious belief permits him to work in an environment where Pride symbols are present; his objection is to being *personally responsible* for raising, maintaining, or ensuring the PPF is flown. The painted towers imposed no supervisory duty on Plaintiff.<br><br>The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in |

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| No. | Item(s) Objected to: | Concise Objection |
|-----|----------------------|-------------------|
| **Board of Supervisors Motion and EA-231** | | |
|  |  | determining the action. |
| 15. | Defendants' Fact No. 43 states: "At the June 19 IPM, Plaintiff never requested to lower the PPF." Portnoi Decl. Ex. B (Little Dep. Tr.) 132:8-16. Portnoi Decl. Ex. I (Uehara Dep. Tr.). 285:6-9 Nuanes-Delgadillo Decl. ¶¶3-4, Ex. A (2023 IPM notes) at LAC-0001488-89, Ex. B (2023 IPM report) at LAC-0000374-75 Portnoi Decl. Ex. S (Plaintiff's Responses to Requests for Admission) at 6-7 | **Irrelevant.** Fed. R. Evid. 401. The fact that Plaintiff did not request permission to lower the PPF during the IPM is irrelevant. Plaintiff's accommodation request concerned exemption from the duty to raise and ensure the PPF was flying. The events of June 21, 2023, occurred after the County unilaterally raised PPFs in Plaintiff's work area without notice and without regard for his accommodation—circumstances not contemplated during the June 19 IPM. The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 16. | Defendants' Fact No. 45 states: "Plaintiff did not indicate his disagreement with the characterization of events in Ms. Nuanes-Delgadillo's IPM summary after she emailed it to him on July 13, 2023." Portnoi Decl. Ex. B (Little Dep. Tr.) 123:7-14, 126:4-10, 131:9-21 | **Irrelevant.** Fed. R. Evid. 401. Little's silence regarding an IPM summary emailed three weeks after the events—and after the County had already disciplined him and revoked his accommodation—cannot reasonably be construed as an admission. His failure to object to an administrative summary is, therefore, not probative of anything material. The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in |

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| No. | Item(s) Objected to: | Concise Objection |
| | | determining the action. |
| 17. | Defendants' Fact No. 71 states: "Chief Lester has known Plaintiff since high school." <br><br> Portnoi Decl. Ex. B (Little Dep. Tr.) 48:9-15 <br><br> Portnoi Decl. Ex. E (Lester Dep. Tr.) 13:11 | **Irrelevant.** Fed. R. Evid. 401. <br><br> This statement is offered to suggest Lester's subsequent discriminatory or retaliatory actions (filing the CPOE complaint, participating in revoking the accommodation) could not have been motivated by anti-religious animus because of Lester's friendship with Little. However, the existence of a friendship does not establish the absence of animus toward Little's religious beliefs or practices. <br><br> The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 18. | Defendants' Fact No. 72 states: "Chief Lester came up through the lifeguard ranks with Plaintiff." <br><br> Portnoi Decl. Ex. B (Little Dep. Tr.) 48:9-50:9 <br><br> Portnoi Decl. Ex. E (Lester Dep. Tr.) 13:11-22:22 | **Irrelevant.** Fed. R. Evid. 401. <br><br> This statement is offered to suggest Lester's subsequent discriminatory or retaliatory actions (filing the CPOE complaint, participating in revoking the accommodation) could not have been motivated by anti-religious animus because of Lester's friendship with Little. However, the existence of a friendship does not establish the absence of animus toward Little's religious beliefs or practices. <br><br> The statement has no tendency to make any material fact more or less |

13

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | | probable than it would be without evidence and is of no consequence in determining the action. |
| 19. | Defendants' Fact No. 73 states: "Chief Lester considers Plaintiff a friend." Portnoi Decl. Ex. E (Lester Dep. Tr.) 13:21-22 | **Irrelevant.** Fed. R. Evid. 401. This statement is offered to suggest Lester's subsequent discriminatory or retaliatory actions (filing the CPOE complaint, participating in revoking the accommodation) could not have been motivated by anti-religious animus because of Lester's friendship with Little. However, the existence of a friendship does not establish the absence of animus toward Little's religious beliefs or practices. The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 20. | Defendants' Fact No. 74 states: "Chief Lester attended Plaintiff's wedding." Portnoi Decl. Ex. B (Little Dep. Tr.) 49:12-13 Portnoi Decl. Ex. E (Lester Dep. Tr.) 20:23-21:1, 25:24-26:3 | **Irrelevant.** Fed. R. Evid. 401. This statement is offered to suggest Lester's subsequent discriminatory or retaliatory actions (filing the CPOE complaint, participating in revoking the accommodation) could not have been motivated by anti-religious animus because of Lester's friendship with Little. However, the existence of a friendship does not establish the absence of animus toward Little's religious beliefs or practices. |

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| **No.** | **Item(s) Objected to:** | **Concise Objection** |
| | | The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 21. | Defendants' Fact No. 101 states: "On June 22, 2021, the Board issued a Board Motion, "Addressing Fire Department Workplace Trauma or Potential Workplace Trauma," in response to a murder and attempted murder, and subsequent suicide, perpetrated by a firefighter against two other firefighters.<br><br>Portnoi Decl. Ex. Q (Kim Dep. Tr.) 114:17-118:20<br><br>Kim Decl. ¶8, Ex. G (Addressing Fire Department Workplace Trauma or Potential Workplace Trauma resolution) | **Irrelevant.** Fed. R. Evid. 401.<br><br>The 2021 tragedy this fact exploits has no logical connection to whether accommodating one captain's religious beliefs for a few shifts one month each year would constitute an "undue hardship" on a department with thousands of employees that regularly recalls employees for nonreligious reasons.<br><br>The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in determining the action. |
| 22. | Defendants' Fact No. 102 states: "The Board Motion directed the Fire Department's Executive Staff to draft a report that, in relevant part, addressed how to "[r]educ[e] staff recall due to vacancies and injury vacancies by at least 50% by March 1, 2022."<br><br>Portnoi Decl. Ex. Q (Kim Dep. Tr.) 114:17-118:20<br><br>Kim Decl. ¶8, Ex. G (Addressing Fire Department Workplace Trauma | **Irrelevant.** Fed. R. Evid. 401.<br><br>The 2021 tragedy this fact exploits has no logical connection to whether accommodating one captain's religious beliefs for a few shifts one month each year would constitute an "undue hardship" on a department with thousands employees that regularly recalls employees for nonreligious reasons.<br><br>The statement has no tendency to make any material fact more or less probable than it would be without evidence and is of no consequence in |

15

| Board of Supervisors Motion and EA-231 | | |
|---|---|---|
| No. | Item(s) Objected to: | Concise Objection |
| | or Potential Workplace Trauma resolution) at LAC-0003272-73 | determining the action. |
| 23 | Portnoi Decl. Ex. Q (Kim Dep. Tr.) 114:17-118:20<br><br>Kim Decl. ¶8, Ex. G (Addressing Fire Department Workplace Trauma or Potential Workplace Trauma resolution) at LAC-0003272-73 | **Hearsay**. Fed. R. Evid. 802. |

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: April 10, 2026          By: _____

Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
Joshua A. Youngkin
William T. Duke
Attorneys for Plaintiff
Captain Jeffrey Little

PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT