Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Joshua A. Youngkin, SBN 332226
 jyoungkin@limandri.com
William T. Duke, SBN 361823
 wduke@limandri.com
LiMANDRI & JONNA LLP
 *as Special Counsel to*
 THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Nathan Loyd, *pro hac vice*
 nloyd@thomasmoresociety.org
THOMAS MORE SOCIETY
121 West Wacker Drive, Suite 650
Chicago, IL 60601.
Telephone: (312) 782-1680

*Attorneys for Plaintiff
Captain Jeffrey Little*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN JEFFREY LITTLE,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, et al.<br><br>Defendants. | **Case No.: 2:24-cv-4353-JLS-BFM**<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED REOPENING OF DOCUMENT DISCOVERY**<br><br>Judge:  Hon. Josephine L. Staton<br>Courtroom: 8A<br>Date:  May 29, 2026<br>Time:  10:30 a.m.<br><br>Action Filed: May 24, 2024 |

# PUBLIC / REDACTED VERSION

**REPLY MEMORANDUM**

Plaintiff's motion for leave to propound and pursue his Document Request No. 61 requires balancing Plaintiff's diligence in pursuing the discovery, its relevance to the case, and prejudice to Defendants. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). As stated in Plaintiff's moving papers, his Document Request No. 61 ███████████████████████████████████████ ███████████████████████████████████ *See* ECF Nos. 177, 186-1 (sealed version of motion). In opposition, Defendants attack each point, but not persuasively. *See* ECF No. 194-1 (sealed version of opposition).

***First***, Defendants argue that Plaintiff was not diligent in pursuing the discovery on the basis that when Chief O'Brien and Ms. Sturdivant discussed ███████████████████████████████████████████████████████ ███████ *See* Opp., pp.5:9-6:3, 8:24-10:25. Apparently, Defendants argue, if Plaintiff had been maximally diligent and noticed the minute details indicating a discrepancy, then Defendants' mistake in failing to supplement their interrogatory response—as promised months earlier—until the eve of the discovery cutoff, would have been irrelevant. But the standard is one of "reasonable diligence." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (distinguishing reasonable diligence from "carelessness"). Plaintiff does not contend that Defendants were careless in forgetting to supplement their discovery responses, just that they made an honest mistake. The same is true for Plaintiff. An honest mistake does not warrant substantive prejudice.

Defendants also note that this motion was filed nine weeks after the discovery cutoff, which Plaintiff explained was due to the summary judgment briefing and the motion to compel briefing. Opp., p.7:15-23; 8:18-21, 10:26-11:8 (citing ECF No. 195-1, Portnoi Decl., ¶8). But that Plaintiff was hard at work on other briefing in this case does not undermine diligence. In analyzing "diligence," courts look to the

---

2

party's "diligence in his efforts to ready his defense" overall. *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985). Thus, it is appropriate to "look beyond the limited facts which cause a litigant to request a last-minute continuance and consider the degree of diligence in his or her efforts to bring the case to trial." *Oliveros v. Cty. of Los Angeles*, 120 Cal. App. 4th 1389, 1396 (2004).[1]

*Second*, Defendants argue that there will be no prejudice to Plaintiff because the discovery is not relevant. Opp., pp.11:9-13:25. In this respect, Defendants state that, "Defendants have never argued that it would have been an undue hardship 'to decline to impose discipline' but rather that granting Plaintiff's requests regarding EA-231 would have been." Opp., p.11:20-22. This is a surprising but welcome concession. As Plaintiff noted in his summary judgment briefing, an employer has to tolerate religiously-motivated conduct, by not imposing discipline for it, absent an undue hardship. *See Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 (9th Cir. 1993) (Title VII violation: after time-off request to attend wife's religious conversion ceremony was denied, employee attended anyway and was then wrongfully terminated). Thus, Defendants have effectively conceded liability with respect to Plaintiff's retrospective claim for damages.

But this is not the primary basis for relevance, as Plaintiff has other important claims. As Plaintiff noted in his motion, analysis of the similarity or dissimilarity of the situations of (1) Plaintiff's case; ████████████████████ ████████████████████████████████████ could provide strong evidence of motive for Plaintiff's retaliation and Free Exercise non-neutrality claims. Defendants discount this on the basis that the retaliation claim is focused solely on the conduct of Lifeguard Chief Boiteux—who does not oversee firefighters—and

---

[1] Plaintiff also objects to paragraph 8 of the Portnoi declaration for lack of personal knowledge because he was not on the meet and confer call. Defendants also note that this Court's standing order requires motions to compel discovery responses to be filed within ten days of the discovery cutoff. Opp., p.8:14-17. But this is not a motion to compel; it is a motion for a limited reopening of discovery.

entirely ignore Plaintiff's Free Exercise argument. *See* Opp., p.12:6-18. In any event, Defendants do not offer a fair summation of the retaliation argument. Plaintiff points to Chief Boiteux's actions as *evidence* of retaliatory motive by the County. *See* ECF No. 157-1, Plt. Opp to Def. MSJ, p.18-21. In any event, Chief Boiteux could have been motivated to bring the hammer down by problems he heard occurring elsewhere. Defendants also state that this analysis couldn't lead to anything because Plaintiff was not ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████ Opp., p.12:19-13:10. This is irrelevant. ████████████████████████████ *see* ECF No. 177-5 (Ex. 21), and Plaintiff did have a *Skelly* hearing. *See* ECF No. 80-5 at 7-8 (discussing the *Skelly* hearing).

Lastly, Defendants state that the evidence clearly is not relevant because Plaintiff did not seek to delay summary judgment pursuant to Fed. R. Civ. P. 56(d). Opp., p.13:11-25. But simply because the evidence is not likely to be dispositive on summary judgment does not mean it is not relevant for trial.

***Third***, Defendants run through the remaining factors, arguing primarily prejudice because trial is imminent. Opp., p.13:26-15:5. But beyond citing various district court opinions, Defendants fail to identify any concrete or actual prejudice from having to review and produce a few documents. Nor can there by any such conceivable prejudice.

\* \* \*

In sum, the requested discovery is highly relevant; Plaintiff's need to pursue them after the discovery cutoff is the result of Defendants' mistake; and there is no meaningful prejudice to Defendants from ordering the discovery. In light of these facts, Plaintiff Captain Little respectfully requests that the Court grant his motion for a limited reopening of document discovery.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: May 14, 2026          By: _____
                                 Charles S. LiMandri
                                 Paul M. Jonna
                                 Jeffrey M. Trissell
                                 Joshua A. Youngkin
                                 William T. Duke
                                 Attorneys for Plaintiff
                                 Captain Jeffrey Little

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Captain Little, certifies that this brief contains 995 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 14, 2026          By: _____
                                 Paul M. Jonna

## CERTIFICATE OF SERVICE

*Captain Jeffrey Little v. Los Angeles County Fire Department, et al.*
USDC Court - Central District - Case No.: 2:24-cv-04353-JLS (BFMx)

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED REOPENING OF DOCUMENT DISCOVERY - [PUBLIC VERSION - REDACTED]**;

- **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED REOPENING OF DOCUMENT DISCOVERY - [SEALED VERSION - UNREDACTED]**.

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Dimitri D. Portnoi, Esq.
Kyle M. Grossman, Esq.
Marni B. Robinow, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 430 6000; Fax: (213) 430 6407
E-Mail: dportnoi@omm.com
E-Mail: kgrossman@omm.com
E-Mail: mrobinow@omm.com
**Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Arthur Lester, and Adam Uehara**

__X__    **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__    **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the above is true and correct.

Executed on May 14, 2026, at Rancho Santa Fe, California.

_____
Kathy Denworth

Sub

FedEx.
TRK# 8186 4549 9150
0215

MON - 18 MAY AA
STANDARD OVERNIGHT
ISR

90012
CA-US
LAX

WZ EMTA

797-1571

3619439_15May2026_CLDA_58KC3/A906/484B

pe is only for FedEx Express® ship
us get your package safely to its de by packing your
ly. Need help? Go to **fedex.com/packaging** for packing tips.

edEx Express shipping document, the current FedEx Service

FedEx.
Express

**Package**
**US Airbill**

FedEx Tracking Number   8186 4549 9150

Form ID No. **0215**

**Recipient's Copy**

| 1 From | | **4 Express Package Service** | *To most locations.* | Packages up to 150 lbs. For packages over 150 lbs., use the FedEx Express Freight US Airbill. |

Date

Sender's Name   Paul M. Jonnson Esq   Phone

Company   J MANDRY INN LLP

Address   14275 SAN DIEGUITO RD STE 3-15
Dept./Floor/Suite/Room

City RANCHO SANTA FE   State CA   ZIP 92091-5002

**2 Your Internal Billing Reference**

Little

**3 To**

Recipient's Name   Hon Josephine Stats   Phone 213 894 1565

Company   Fed State US Courthouse

Address   350 West 1st Street   Dept./Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
Use this line for the HOLD location address or for continuation of your shipping address.

City Los Angeles   State CA   ZIP 90012

8186 4549 9150

**Next Business Day**

☐ FedEx First Overnight
☐ FedEx Priority Overnight
☑ FedEx Standard Overnight

**2 or 3 Business Days**

☐ FedEx 2Day A.M.
☐ FedEx 2Day
☐ FedEx Express Saver

**5 Packaging** *Declared value limit $500.*

☐ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options** *Fees may apply. See the FedEx Service Guide.*

☐ Saturday Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required   ☐ Direct Signature   ☐ Indirect Signature

**Does this shipment contain dangerous goods?**
One box must be checked.

☐ No   ☐ Yes   ☐ Yes   ☐ Dry Ice

☐ Cargo Aircraft Only

**7 Payment** *Bill to:*

☐ Sender   ☐ Recipient   ☐ Third Party

Total Packages   Total Weight   lbs.

611

Rev. Date 4/22 • Part #163134 • ©1994-2022 FedEx • PRINTED IN U.S.A.





Envelope

**Recycle me.**

Align top of FedEx Express® shipping label here.