DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. # 313952)
kgrossman@omm.com
MARNI B. ROBINOW (S.B. # 313412)
mrobinow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone:  (213) 430 6000
Facsimile:  (213) 430 6407

*Attorneys for Defendants County of
Los Angeles, Fernando Boiteux, and
Adam Uehara*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Jeffrey Little,<br><br>                    Plaintiff,<br><br>        v.<br><br>County of Los Angeles, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-04353-JLS-BFM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**<br><br>*[Filed concurrently with Notice of Motion and Motion to Stay; Declaration of Dimitri Portnoi in Support of Motion to Stay; and [Proposed] Order]*<br><br>Hearing Date: August 21, 2026<br>Hearing Time: 10:30 a.m.<br>Judge:  Hon. Josephine L. Staton<br>Courtroom:  8A<br><br>TAC Filed:  October 21, 2025<br>Trial Date:  None set |

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION .................................................................................5

II.    BACKGROUND ..................................................................................6

III.   LEGAL STANDARD ..........................................................................7

IV.   ARGUMENT .......................................................................................8

    A.    Plaintiff's Free Exercise Claim Against Chiefs Boiteux and Uehara Is Automatically Stayed .........................................................9

    B.    The Landis Factors Weigh in Favor of a Stay ...................................10

        1.    A Stay Will Not Harm Plaintiff ................................................10

        2.    Defendants Will Suffer Considerable Hardship and Inequity Absent a Stay .........................................................11

        3.    The Orderly Course of Justice Weighs in Favor of a Stay .......12

V.    CONCLUSION .................................................................................15

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

## TABLE OF AUTHORITIES

**Page**

<u>CASES</u>

*Acosta v. Brain*,
910 F.3d 502 (9th Cir. 2018) ...................................................................13

*Andrade Rico v. Beard*,
2019 WL 4127206 (E.D. Cal. Aug. 30, 2019) ....................................8, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................12

*Behrens v. Pelletier*,
516 U.S. 299 (1996) ...............................................................................11

*Calvillo Manriquez v. DeVos*,
2018 WL 5316174 (N.D. Cal. Aug. 30, 2018)........................................14

*Chuman v. Wright*,
960 F.2d 104 (9th Cir. 1992) ....................................................................9

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001)......................................................................9

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) ..................................................................................9

*Johnson v. City of Mesa*,
2022 WL 137619 (D. Ariz. Jan. 14, 2022)..............................................11

*Kennedy v. Bremerton Sch. Dist.*,
597 U.S. 507 (2022) ..................................................................................9

*Kuang v. U.S. Dep't of Def.*,
2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) .............................8, 11, 14

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ...............................................................................7, 8

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005)..............................................................8, 10

*Masterpiece Cakeshop v. Colo. C.R. Comm'n*,
584 U.S. 617 (2018) ...............................................................................13

*Matthews v. Lemonade Ins. Co.*,
809 F. Supp. 3d 1076 (S.D. Cal. 2025) ...................................................12

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Mendoza v. City of Peoria*,
2015 WL 13239816 (D. Ariz. July 31, 2015) ..................................................... 14

*N.M. ex rel. Miller v. Placer County*,
2026 WL 221431 (E.D. Cal. Jan. 28, 2026) ................................................ 12, 13

*Nken v. Holder*,
556 U.S. 418 (2009) ....................................................................................... 8, 15

*Patton v. DePuy Orthopedics, Inc.*,
2019 WL 851933 (C.D. Cal. Feb. 21, 2019) ........................................................ 7

*Pearson v. Callahan*,
555 U.S. 223 (2009) ............................................................................................. 13

*Peck v. County of Orange*,
528 F. Supp. 3d 1100 (C.D. Cal. 2021) ............................................. 8, 9, 10, 11

*Perkins v. City of Anaheim*,
2022 WL 2255013 (C.D. Cal. Feb. 2, 2022) .................................. 10, 12, 13, 14

*S.L. v. County of Riverside*,
2025 WL 2652874 (C.D. Cal. Sept. 15, 2025) ................................................ 12, 14

*United States v. Kitsap Physicians Serv.*,
314 F.3d 995 (9th Cir. 2002) ................................................................................ 9

*United States v. Pitner*,
307 F.3d 1178 (9th Cir. 2002) .............................................................................. 9

## **RULES**

Fed. R. App. P. 31(a)(1) ....................................................................................... 11

## I.    INTRODUCTION[1]

The Court denied Defendants' motion for summary judgment on qualified immunity grounds as to Defendants Lifeguard Chief Fernando Boiteux and Assistant Chief Adam Uehara.  Chiefs Boiteux and Uehara have appealed that ruling.  Defendants now move this Court to stay the entire action pending their interlocutory appeal in the interests of judicial economy and to preserve the parties' time and resources.  In a case such as this, where there are serious concerns of duplicative litigation, and even duplicative trials, the circumstances weigh heavily in favor of a stay.  The fact that there is little, if any, prejudice to Plaintiff tips the scales even further in support of a stay.  Allowing this case to proceed to trial on some (but not all) of Plaintiff's claims while the Ninth Circuit decides qualified immunity issues that could influence the entire case would be highly inefficient for the Court, parties, and witnesses involved in this case.

Defendants' qualified immunity appeal automatically stays Plaintiff's First Amendment free exercise claim against Chiefs Boiteux and Uehara.  The question is whether the Court should stay the remaining claims that are not subject to the appeal, or whether the parties should instead try the case before a jury concurrent with the appeal.  Under the *Landis* stay factors, the most efficient route forward is to stay the entire case so that the claims can be tried together after the Ninth Circuit decides whether Chiefs Boiteux and Uehara are entitled to qualified immunity.

Without a full stay, the parties and the Court could encounter serious procedural and practical problems. For example, if the Ninth Circuit decides that Chiefs Boiteux and Uehara are not subject to qualified immunity, the free exercise claims against these Defendants would return to this Court for trial *after* a trial on all the other claims, which all involve the same set of underlying facts.  The parties and the Court will waste significant time and resources trying the same set of facts

---

[1] All emphasis is added to, and citations, alterations, and internal quotation marks omitted from, quoted passages unless otherwise noted.

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

twice, and there is a risk that the finder of fact reaches inconsistent determinations in each trial.  For these reasons, and the reasons that follow, the Court should grant Defendants' motion to stay.

## II.    BACKGROUND

Plaintiff filed the instant action on May 24, 2024, Dkt. 1, and filed the operative Third Amended Complaint ("TAC") on October 21, 2025, Dkt. 69 ("TAC").[2]  Plaintiff alleges that Defendant County of Los Angeles (the "County") failed to accommodate him with respect to a County policy requiring the Progress Pride Flag ("PPF") to be flown at all County facilities during the month of June and that the County and Chiefs Fernando Boiteux, Adam Uehara, and Arthur Lester violated his free exercise rights.  *See generally id.*  Plaintiff's claims include: (1) failure-to-accommodate claims under both Title VII and FEHA; (2) retaliation claims under both Title VII and FEHA; (3) a failure-to-prevent-harassment claim under FEHA only; and (4) free exercise claims under the First Amendment and the California Constitution.  *See generally id.*  Because the parties and Court are familiar with the underlying facts, *see* Dkt. 230 ("MSJ Order") at 2-10, Defendants will not repeat them in detail here.

In the MSJ Order, the Court granted in part and denied in part Defendants' motion for summary judgment and granted in part and denied in part Plaintiff's motion for partial summary judgment.  *See generally id.*  Specifically, the Court determined that Chief Lester was entitled to qualified immunity, but declined to hold that Chiefs Boiteux and Uehara were entitled to qualified immunity.  *Id.* at 24-26.  The Court further granted Defendants' motion for summary judgment as to punitive damages for Chief Lester, but denied Defendants' motion as to punitive damages for Chiefs Boiteux and Uehara.  *Id.* at 26.  The Court denied Defendants'

---

[2] Plaintiff re-filed the TAC on November 24, 2025, Dkt. 78, after filing a notice of errata indicating that he was re-filing the same TAC and attaching the exhibits to the TAC, which he inadvertently omitted from the original TAC, Dkt. 77.

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

motion for summary judgment in all other respects.  *Id.* at 11-24.  The Court denied Plaintiff's motion for partial summary judgment in all respects, except it granted Plaintiff's motion as to sovereign immunity.  *Id.* at 26-27.

On June 17, 2026, Defendants filed a notice of interlocutory appeal as to the Court's denial of qualified immunity for Chiefs Boiteux and Uehara.  Dkt. 245. Defendants' interlocutory appeal will focus on whether Chief Boiteux's and Chief Uehara's actions burdened Plaintiff's exercise of his religious beliefs as a matter of law.  Declaration of Dimitri D. Portnoi ("Portnoi Decl.") ¶ 3.  Specifically, the MSJ order suggests that Chief Boiteux's alleged issuance of the Direct Order and Chief Uehara's denial of Plaintiff's benefit time request burdened Plaintiff's religion.  *See* MSJ Order at 25.  Defendants' appeal will challenge whether these actions actually burdened Plaintiff's religious exercise in violation of clearly established constitutional law.  Portnoi Decl. ¶ 3.

Since the Court's MSJ Order, Defendants have engaged in trial preparation work, including identifying potential witnesses and exhibits for trial.  *Id.* ¶ 4. Currently, the final pretrial conference is set for August 7, 2026.  Dkt. 238.  On June 12, 2026, the parties met and conferred pursuant to Local Rule 16-2.  Portnoi Decl. ¶ 5.  As part of the meet and confer, the parties agreed to file a joint stipulation, which is forthcoming, to continue the final pretrial conference to September 25, 2026 due to Plaintiff's counsel's conflicts with trial in another matter.  *Id.* ¶ 6.

Defendants now move the Court to stay the entire case pending resolution of their interlocutory qualified immunity appeal.

## III.   **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition and causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Patton v. DePuy Orthopedics, Inc.*, 2019 WL 851933, at *2

(C.D. Cal. Feb. 21, 2019) ("District courts have the discretion to stay proceedings pending before them."). To determine whether a stay is appropriate under *Landis*,[3] courts in this circuit consider three factors: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer if the case is allowed to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1106 (C.D. Cal. 2021) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)) (alterations in original).

## IV.   <u>ARGUMENT</u>

The Court should stay the entirety of this case pending resolution of Defendants' interlocutory qualified immunity appeal. Plaintiff's Free Exercise claim under the U.S. Constitution is automatically stayed with Defendants' filing of a notice of interlocutory appeal. As for the remaining claims, the Court should apply the *Landis* stay factors and exercise its discretionary power to stay the entire case pending resolution of the appeal. *See Landis*, 299 U.S. at 254. Such a stay would conserve substantial judicial resources and prevent the parties from being prejudiced by unnecessary duplicative litigation.

---

[3] In determining whether a stay is appropriate pending resolution of an interlocutory qualified immunity appeal, courts in this Circuit are split regarding which stay factors to apply: the *Landis* factors or the *Nken* factors. *See Nken v. Holder*, 556 U.S. 418 (2009). "[A] review of the case law suggests that district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs." *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (collecting cases). Courts applying the *Nken* test have failed to "offer[] a reasoned analysis as to why the *Nken* test applied." *Id.* at *2. Because "[t]he question here is one of efficiency," Defendants will follow the majority of courts and apply the *Landis* factors here. *Andrade Rico v. Beard*, 2019 WL 4127206, at *7 (E.D. Cal. Aug. 30, 2019).

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

### A.   Plaintiff's Free Exercise Claim Against Chiefs Boiteux and Uehara Is Automatically Stayed

At the outset, Plaintiff's free exercise claim under the First Amendment against Chiefs Boiteux and Uehara is automatically stayed due to Defendants' notice of appeal.  In the context of interlocutory qualified immunity appeals, absent a written certification from the Court that the appeal is frivolous or has been waived, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *see Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 n.4 (2023) (explaining that an interlocutory qualified immunity appeal requires the district court to automatically stay proceedings).[4]  "[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).  "[T]he district court 'retains jurisdiction to address aspects of the case that are not the subject of the appeal.'" *Peck*, 528 F. Supp. 3d at 1103 (quoting *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002)).

Defendants appeal the Court's denial of Defendants' motion for summary judgment with respect to qualified immunity for Chiefs Boiteux and Uehara.  Defendants moved on qualified immunity grounds solely as to Plaintiff's free exercise claim under the First Amendment.  Thus, under *Chuman*, the district court

[4] An appeal is frivolous only "if it is wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002).  Here, Defendants challenge whether there is clearly established law defining what religious burden is required to make out a free exercise claim.  The caselaw regarding the reach of the Free Exercise Clause is nebulous. *See, e.g.*, *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022) (merely describing the standard as requiring plaintiff to show that "a government entity has burdened his sincere religious practice").  Defendants' contention that Chiefs Boiteux and Uehara did not violate a clearly established constitutional right because the caselaw itself does not define what burden is necessary is not "so baseless that it does not invoke appellate jurisdiction." *Peck*, 528 F. Supp. 3d at 1104.

is automatically divested of jurisdiction over the free exercise claim. 960 F.2d at 105; *see also Peck*, 528 F. Supp. 3d at 1103 ("[t]he district court is … divested of jurisdiction over claims subject to a qualified immunity defense only"); *Andrade Rico v. Beard*, 2019 WL 4127206, at *2 (E.D. Cal. Aug. 30, 2019) ("The district court thus loses jurisdiction of not only the immunity defense but also of those underlying claims.").

### B.     The *Landis* Factors Weigh in Favor of a Stay

Defendants move to stay the remaining claims that are not the subject of their interlocutory appeal.

To determine whether a stay is appropriate under *Landis*, courts in this circuit consider three factors: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Peck*, 528 F. Supp. 3d at 1106 (quoting *Lockyer*, 398 F.3d at 1110) (alterations in original). Each factor weighs in favor of a stay.

#### 1.     A Stay Will Not Harm Plaintiff

Plaintiff will not suffer any material harm in the event of a stay. The parties have completed discovery and the Court has issued its summary-judgment order. Expert discovery has closed, and the only pending items on the docket are Defendants' *Daubert* motions. And, as in 2024 and 2025, Plaintiff has received an effective accommodation during Pride Month under which he has not had to work at a location flying the PPF, and does not have any responsibilities for personally raising or lowering the PPF. Portnoi Decl. ¶ 8, Ex. A. Accordingly, the only practical consequence of the stay is that it will delay trial. The Court in *Perkins v. City of Anaheim*, 2022 WL 2255013, at *3 (C.D. Cal. Feb. 2, 2022), found this factor weighed in favor of a stay under similar circumstances. It reasoned that "the pre-trial portion of this case is essentially complete; discovery has concluded,

summary judgment has been decided, and all that remains is for the jury to decide the remaining questions of fact." It further reasoned that "[t]rial may proceed promptly once the stay is lifted, and therefore, any damage to Plaintiffs is minimized." *Id.* The situation here is no different.

Moreover, there is no indication that the stay will be particularly lengthy or indefinite. Unless the Ninth Circuit sets an alternative briefing schedule or grants extensions, the parties' appellate briefs will be due in the next few months. *See* Fed. R. App. P. 31(a)(1) (providing for full briefing of an appeal within 90 days after the record is filed). As other courts have held in similar circumstances, these facts indicate a lack of any particular harm to Plaintiff from a stay. *See Peck*, 528 F. Supp. 3d at 1107 (finding that "a stay will not dramatically postpone" the case where "appellate briefs are due in the next few months" and "fact and expert discovery are already closed"); *Kuang*, 2019 WL 1597495, at *4 ("the potential length of a stay here is mitigated the lack of identified prejudice to Plaintiffs").

While Plaintiff may claim that a further delay in trying his case is prejudicial, he cannot try his federal claims against Chiefs Boiteux and Uehara until the Ninth Circuit rules on their appeals, so he would have to wait to seek relief from them until after the appeal anyway. *See Johnson v. City of Mesa*, 2022 WL 137619, at *2 (D. Ariz. Jan. 14, 2022) (finding stay would cause minimal harm to plaintiff because "all his claims will not be resolved regardless of whether the Court stays the proceedings"). And, as indicated above, for the past three years, Plaintiff has received an effective accommodation during Pride Month.

### 2. Defendants Will Suffer Considerable Hardship and Inequity Absent a Stay

Defendants will suffer hardship and inequity on multiple fronts without a stay. Most importantly, "a stay will serve the purpose of qualified immunity – to avoid trial and the burdens of pretrial matters." *Peck*, 528 F. Supp. 3d at 1107 (citing *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)). While Chiefs Boiteux and

Uehara recognize that they likely will be called to testify at trial even if they are not named defendants, there is a considerable difference between the stress and burdens of trial as a named defendant and the burden testifying as a nonparty. "[T]he basic thrust of qualified immunity – 'freeing officials from the concerns of litigation' – would be best served by relieving [defendants] of the burdens of litigating the remaining claims while the issue of whether [they are] entitled to qualified immunity is on appeal." *N.M. ex rel. Miller v. Placer County*, 2026 WL 221431, at *2 (E.D. Cal. Jan. 28, 2026) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)).

Further, absent a stay, Defendants will bear the burden of simultaneously litigating intertwined issues in two different courts. The question raised by the interlocutory appeal—whether Chief Boiteux's and Chief Uehara's actions burdened Plaintiff's religion—are embedded in the very issues that would proceed to trial, including whether Defendants' conduct rose to the level of discrimination or retaliation. And, because the underlying testimony and evidence for all the claims overlaps significantly, if not entirely, "Defendants would face significant hardship and inequity in having to proceed to trial on some, but not all, of Plaintiff['s] claims against them." *Perkins*, 2022 WL 2255013, at *3; *see also S.L. v. County of Riverside*, 2025 WL 2652874, at *7 (C.D. Cal. Sept. 15, 2025) ("denying a stay will [] prejudice both plaintiffs and defendants by forcing them to simultaneously litigate claims in this Court and the Ninth Circuit").

**3.      The Orderly Course of Justice Weighs in Favor of a Stay**

"This factor addresses judicial economy, which is the primary basis courts consider when ruling on motions to stay." *Matthews v. Lemonade Ins. Co.*, 809 F. Supp. 3d 1076, 1083 (S.D. Cal. 2025). This key factor weighs heavily in favor of a stay.

As discussed above, the interlocutory appeal will focus on whether Chief Boiteux's and Chief Uehara's actions burdened Plaintiff's religion as a matter of law, even taking Plaintiff's factual assertions as true. Specifically, the MSJ order

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

implies that Chief Boiteux's alleged issuance of the Direct Order and Chief Uehara's denial of Plaintiff's benefit time request burdened Plaintiff's religion. MSJ Order at 25-26. Defendants' appeal will challenge whether these actions actually burdened Plaintiff's exercise under clearly established First Amendment precedent. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The very same conduct underlying these claims is raised by Plaintiff's Title VII and FEHA claims, and, especially, the California free exercise claims. If Plaintiff's claims were tried separately, both juries would have to decide whether Chief Boiteux in fact told Plaintiff that his "religious beliefs don't matter" and, if he did, whether it demonstrated animus; whether Chief Uehara's "orchestrated" email demonstrated animus; and whether Chiefs Boiteux and Uehara were even decisionmakers with respect to the alleged discriminatory and retaliatory actions. For example, if Chiefs Boiteux and Uehara were not decisionmakers with respect to Plaintiff's discipline, then their conduct cannot give rise to a retaliation claim, *see Acosta v. Brain*, 910 F.3d 502, 515 (9th Cir. 2018) (individuals with retaliatory animus must "actually have caused the adverse employment action"), or a free exercise claim, *see Masterpiece Cakeshop v. Colo. C.R. Comm'n*, 584 U.S. 617, 640 (2018) (the First Amendment guarantees "a neutral decisionmaker"). Put simply, a jury cannot reach a verdict on the remaining claims without "evaluat[ing] [Chief Boiteux's and Chief Uehara's] conduct, even though that same conduct is the subject of the interlocutory appeal." *N.M.*, 2026 WL 221431, at *2.

This Court's decision in *Perkins v. City of Anaheim* is instructive here. There, the Court granted summary judgment in part and denied summary judgment in part, including a denial of the defendants' qualified immunity defense. 2022 WL 2255013, at *1-2. The defendants appealed the qualified immunity ruling and asked the court to stay the remaining state law claims. *Id.* The Court found that "the orderly course of justice heavily favors granting a stay," as "[a]ll of Plaintiff's claims arise from the same set of facts, in which the conduct of [the appealing

individual defendants] is inextricably intertwined." *Id.* at *3.  Similarly, here, given how inextricably intertwined Chief Boiteux's and Chief Uehara's conduct with respect to the First Amendment free exercise claim is with the remaining claims, "the orderly course of justice requires that the jury decide all facts determining liability on all of Plaintiffs' claims in the same trial." *Id.*  Indeed, "to allow some, but not all, of the claims at issue in this action to proceed would be extremely inefficient and result in two almost entirely duplicative trials." *Id.*; *see also S.L.*, 2025 WL 2652874, at *7 (finding that "a stay would minimize the risk of multiple trials (and multiple appeals) and inconsistent results, and 'promote the fair and efficient administration of justice'" where defendants sought to stay remaining claims pending interlocutory qualified immunity appeal); *Mendoza v. City of Peoria*, 2015 WL 13239816, at *4 (D. Ariz. July 31, 2015) (finding that "judicial economy favors a stay" of remaining state law tort claims pending defendant's interlocutory qualified immunity appeal, "given the interplay between" the claims "and to avoid the possibility of duplicative and potentially inconsistent results").

It is also important to recognize that the "interlocutory appeal may impact the entire case, not just some of the claims," *Kuang*, 2019 WL 1597495, at *6, as it "has the potential to narrow the claims before the Court," *Calvillo Manriquez v. DeVos*, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018).  Here, the appeal may not only eliminate claims against Chief Boiteux and Uehara, but also Plaintiff's ability to pursue punitive damages, because the free exercise claims against Chiefs Boiteux and Uehara are the only remaining claims from which Plaintiff can recover punitive damages.  *See* MSJ Order at 26.  For this reason, too, it would be more expedient to stay the case pending the outcome of the qualified immunity appeal so that the case can proceed to trial one time on a single set of claims and damages requests.

Accordingly, because the remaining claims not subject to the appeal involve

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

significant overlapping issues, judicial economy weighs heavily in favor of a stay.[5]

## V.    CONCLUSION

For the above reasons, the Court should grant Defendants' motion to stay the entirety of the case pending the outcome of Defendants' interlocutory appeal.


Dated: June 17, 2026

/s/ *Dimitri Portnoi*
Dimitri D. Portnoi
Kyle M. Grossman
Marni B. Robinow
O'MELVENY & MYERS LLP

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara*

---

[5] Even if the *Nken* factors were to apply, those still weigh in favor of a stay. The *Nken* factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426. While (1) is, at worst, a neutral factor due to the lack of clearly established law, the other three factors weigh in favor of a stay for many of the same reasons described above. Specifically, the risk of duplicative litigation, the burden on Chiefs Boiteux and Uehara of dealing with trial when the Ninth Circuit may find they are entitled to qualified immunity, the preservation of judicial resources, and the lack of any material harm to Plaintiff all weigh in favor of a stay under the *Nken* factors.

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester, certifies that this brief contains 3,657 words, which complies with the word limit of Local Rule 11-6.1.

Dated: June 17, 2026

O'MELVENY & MYERS LLP

By:    */s/ Dimitri Portnoi*
     Dimitri D. Portnoi

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara*

DEFENDANTS' MEMORANDUM ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM