Charles S. LiMandri, SBN 110841
cslimandri@limandri.com
Paul M. Jonna, SBN 265389
pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
jtrissell@limandri.com
Joshua A. Youngkin, SBN 332226
jyoungkin@limandri.com
William T. Duke, SBN 361823
wduke@limandri.com
LiMANDRI & JONNA LLP
*as Special Counsel to*
THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Nathan Loyd, *pro hac vice*
nloyd@thomasmoresociety.org
THOMAS MORE SOCIETY
121 West Wacker Drive, Suite 650
Chicago, IL 60601
Telephone: (312) 782-1680

*Attorneys for Plaintiff*
*Captain Jeffrey Little*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAPTAIN JEFFREY LITTLE,

Plaintiff,

v.

LOS ANGELES COUNTY, et al.

Defendants.

**Case No.: 2:24-cv-4353-JLS-BFM**

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' QUALIFIED IMMUNITY INTERLOCUTORY APPEAL AS FRIVOLOUS OR FORFEITED**

| | |
|---|---|
| Judge: | Hon. Josephine L. Staton |
| Courtroom: | 8A |
| Date: | September 11, 2026 |
| Time: | 10:30 a.m. |
| Action Filed: | May 24, 2024 |

## I. INTRODUCTION

This Court found that the summary-judgment record, viewed in the light most favorable to Plaintiff, shows that there is at least a question of fact as to whether Chiefs Fernando Boiteux and Adam Uehara were "non-neutral decisionmaker[s] whose biases against Plaintiff's religion influenced the adverse action taken against Plaintiff." Dkt. 230 at 25 ("MSJ Order"). And since Plaintiff "has a clearly established right to be free [from] government decisions which target or are otherwise made with animus toward religion," the Court denied Boiteux's and Uehara's assertion of qualified immunity. *Id.* at 26 (citing *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 541-42 (1993)).

Defendants Boiteux and Uehara, however, are unpersuaded. They have appealed the Court's decision because, according to them and despite this Court's unequivocal ruling, "[t]he caselaw regarding the reach of the Free Exercise Clause is nebulous." Dkt. 247-1, Mtn. to Stay Case, at 9 n.4. They did so despite anticipating that their appeal would appear frivolous (*id.*), and despite acknowledging that they cannot challenge whether Boiteux and Uehara acted with anti-religious animus towards Captain Little. Jonna Decl., Ex. 1, Mediation Questionnaire, *Little v. Boiteux*, No. 26-3939 (9th Cir. June 23, 2026), Dkt. 3.1 at 2.

Defendants' appeal thus boils down to two contrived questions. First, whether Boiteux could order Captain Little to violate his religious beliefs, motivated by a presumed animus toward Captain Little's beliefs. Second, whether Uehara could refuse Captain Little's access to benefit time, also motivated by a presumed animus toward Captain Little's beliefs.

The answer to both questions is a resounding "no," and has been "no" since the Supreme Court issued its decision in *Lukumi* over thirty years ago. Defendants' gambit of repackaging that question as one of "what burden is necessary" (Dkt. 247-1 at 9) is worse off, because it runs headlong into *sixty* years of First Amendment jurisprudence cementing that government burdens religious exercise when it

pressures an adherent to violate his beliefs. *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). To prevail on appeal, Defendants must convince the Court of Appeals that government officials *may* deprive citizens of entitlements due to their religious beliefs, *may* order citizens to violate their religious beliefs, and *may* do both with anti-religious animus. This exercise in futility is an exercise in frivolity too. This Court should certify Defendants' appeal as frivolous, retain jurisdiction, and set this case for trial.

## II. BACKGROUND

On June 18, 2023, Captain Little requested a religious accommodation from EA-231, which directed captains to "[e]nsure" that the Progress Pride Flag ("PPF") was flown at Fire Department facilities throughout June. MSJ Order at 1-2. Uehara, to whom the request was forwarded that same day, replied that it was "probably orchestrated." *Id.* at 3. Uehara later informed Little that he could not use his accrued benefit time to take leave if doing so triggered a recall. *Id*. at 7. This occurred after Little's accommodation was granted and then revoked. And Uehara's decision forced Little to report for duty the next day "so as not to trigger a recall." *Id.* at 7.

At that unavoidable shift on June 22, Boiteux personally delivered a Direct Order requiring Little to fly or ensure the flying of the PPF, together with a Notice of Instruction requiring compliance "irrespective of personal beliefs," and "repeatedly told [Little] that his 'religious beliefs don't matter.'" *Id.* at 8, 22. Boiteux "had been involved in the decision to issue the Direct Order." *Id.* at 8.

On these facts, the Court found genuine disputes as to whether Defendants "exhibited non-neutrality or animus toward Plaintiff's religion." *Id.* at 23. The Court denied qualified immunity to Boiteux and Uehara, given that the facts "constru[ed] in a light most favorable to Plaintiff … could support a claim that Chief Boiteux was a non-neutral decisionmaker whose biases against Plaintiff's religion influenced the adverse action taken against Plaintiff," and likewise that Uehara "was a non-neutral decisionmaker when he informed Plaintiff that he could not use his benefit time if it

triggered a recall." *Id.* at 25. And since Little "has a clearly established right to be free [from] government decisions which target or are otherwise made with animus toward religion," Boiteux and Uehara were not entitled to qualified immunity. *Id.* at 25-26.

Boiteux and Uehara noticed their appeal on June 17, 2026 and moved the same day to stay all proceedings in this Court pending its resolution. In their Ninth Circuit mediation questionnaire, they state that they "do not challenge" this Court's determination that the animus question is factually disputed, and that they appeal only "whether, assuming the facts in Plaintiff's favor on all issues where the district court found a dispute of material fact, the law is clearly established that Defendants' actions—neither of which deprived Plaintiff of anything—burdened his religion." Mediation Questionnaire at 2.

## III. LEGAL STANDARD

A notice of appeal ordinarily divests the district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). But this rule "is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) And because interlocutory qualified-immunity appeals can be abused, the district court may certify "that the defendants' claim of qualified immunity is frivolous" or "that defendants have forfeited their right to pretrial appeal," and retain jurisdiction to proceed to trial. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

"District courts have certified appeals of qualified immunity as frivolous where (1) defendants claim to rely on, but do not actually rely on, the plaintiff's version of the facts, or (2) where defendants' legal arguments run afoul of clearly established law." *James v. City of Los Angeles*, No. 21-cv-4525, 2024 WL 1135099, at *2 (C.D. Cal. Feb. 7, 2024). A qualified immunity appeal is properly deemed

forfeited if the defendants "wait too long after the denial of summary judgment, or if they use claims of immunity in a manipulative fashion." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

## IV. ARGUMENT

Here, Defendants' appeal is frivolous or forfeited for two reasons. First, it requires a holding that foundational First Amendment jurisprudence was unclear in 2023. Second, it attempts to reframe an unappealable factual matter as a legal one.

These defects usually appear together, but only one is necessary. Sometimes, the defendant's appeal argument—that the law was not clearly established at the time of the violation—is frivolous on its face. *Greer v. Cty. of San Diego*, No. 19-cv-378, 2023 WL 2145528, at *6-*7 (S.D. Cal. Feb. 21, 2023) (appeal was frivolous because of clearly established law only). More frequently, the defendant's appellate argument simply attempts to evade the plaintiff's version of the facts. *See*, *e.g.*, *Evans v. City of Vallejo*, No. 17-cv-1619, 2022 WL 2160463, at *3 (E.D. Cal. June 15, 2022) (appeal was frivolous for failing to accept plaintiff's version of the facts); *Atienza v. Hall*, No. 19-cv-3440, 2021 WL 4819806, at *1-*2 (N.D. Cal. Sept. 27, 2021) (same); *Vargas v. Cty. of Los Angeles*, No. 19-cv-3279, 2021 WL 2403162, at *4-*5 (C.D. Cal. May 5, 2021); *Craig v. Orange*, No. 17-cv-491, 2019 WL 12377861, at *2-*3 (C.D. Cal. Apr. 1, 2019) (same); *Heston v. City of Salinas*, No. 05-cv-3658, 2008 WL 11387143, at *8–9 (same).

And often enough, both defects are present. *See*, *e.g.*, *Est. of Wilson v. Cty. of San Diego*, 729 F. Supp. 3d 1039, 1046-47, 1058-59 (S.D. Cal. 2024) (appeal frivolous both because defendants failed to accept plaintiff's version of the facts and contradicted clearly established law); *James v. City of Los Angeles*, No. 21-cv-4525, 2024 WL 1135099, at *3 (C.D. Cal. Feb. 7, 2024) (same); *I.A. v. City of Redondo Beach*, No. 20-cv-6447, 2023 WL 6881022, at *2-*3 (C.D. Cal. Oct. 17, 2023) (same); *Barbosa v. Shasta Cty.*, No. 20-cv-2298, 2023 WL 1804093, at *2-*3 (E.D. Cal. Feb. 7, 2023) (same); *Lopez v. City of Riverside*, No. 21-cv-2140, 2022 WL

17371075, at *3-*4 (C.D. Cal. Oct. 3, 2022) (same). Here, both defects are present and the Court should certify the Defendants' appeal as frivolous.

### A. The Right to Be Free from Government Decisions Based on Animus Toward Religion is Clearly Established, and Defendants' Attempt to Persuade the Ninth Circuit Otherwise Is Frivolous.

It has been clearly established since at least 1993 that "the protections of the Free Exercise Clause pertain" when a government actor "regulates or prohibits conduct because it is undertaken for religious reasons." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 532 (1993). The Supreme Court itself describes *Lukumi's* holding as "clear." *Masterpiece Cakeshop v. Colo. Civ. Rts. Comm'n*, 584 U.S. 617, 638 (2018).

To prevail, Defendants must persuade the Ninth Circuit that there is no clearly established right to be free from anti-religious government decisionmaking. But the *Lukumi* and *Masterpiece* decisions are foundational holdings on which the Supreme Court and the Ninth Circuit have repeatedly and recently built. *See*, *e.g.*, *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525-526 (2022); *Fulton v. City of Philadelphia*, 593 U.S. 522, 533 (2021); *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 686-93 (9th Cir. 2023) (en banc). No panel could plausibly hold that the cornerstones of modern free-exercise doctrine failed to warn Defendants against basing decisions on anti-religious animus.

Defendants signal that they will try to dodge these clear holdings. They claim that "caselaw itself does not define what burden is necessary." Dkt. 247-1 at 9. But this is a dead end too. Since at least 1963, it has been clearly established that the government burdens religion when it forces an adherent to choose between "following the precepts of her religion and forfeiting benefits." *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). The Supreme Court has reaffirmed that a "substantial" infringement of First Amendment rights exists wherever the government pressures "an adherent to modify his behavior and to violate his beliefs." *Thomas v. Rev. Bd. of*

*Indiana Emp. Sec. Div.*, 450 U.S. 707, 717-718 (1981).

Here, Boiteux directly ordered Little to personally perform or ensure the performance of the precise act his faith forbade. Uehara denied Little access to his accrued benefit time. And viewing facts in the light most favorable to Little, both men acted with animus toward religion. As the Supreme Court reaffirmed in *Hobbie v. Unemployment Appeals Comm'n of Fla.*, 480 U.S. 136, 141 (1987):

> Where the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, *or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs,* a burden upon religion exists. While the compulsion may be indirect, the infringement upon free exercise is nonetheless substantial.

*Id*. at 141 (emphasis original.)

The Supreme Court has been clear. And Defendants are stunningly incorrect in their assertion that "[t]he caselaw regarding the reach of the Free Exercise Clause is nebulous." Dkt. 247-1 at 9 n.4. Since a demonstrably false legal theory is not a viable basis for an appeal, Defendants' appeal is frivolous.

To the extent Defendants demand a precedent holding that a "Direct Order" to a lifeguard captain concerning a flag burdens religion, they would gerrymander First Amendment rights to the point of *sui generis* specificity. Qualified immunity analysis requires no such exact fit: "precedent directly on point is not necessary to demonstrate that a right is clearly established," and "even if there is no closely analogous case law, a right can be clearly established on the basis of common sense." *Giebel v. Sylvester*, 244 F.3d 1182, 1189 (9th Cir. 2001) (cleaned up); *accord Hope v. Pelzer,* 536 U.S. 730, 741 (2002) ("officials can still be on notice that their conduct violates established law even in novel factual circumstances"); *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 784 (9th Cir. 2022) ("a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has not

previously been held unlawful") (cleaned up).

Courts in this Circuit have certified appeals as frivolous when defendants attempt exactly this maneuver. In *Hahn v. City of Carlsbad*, No. 15-cv-2007-DMS (BGS), 2017 WL 11681772, at *2 (S.D. Cal. July 17, 2017), the appealing officers argued that "there is simply no case law which clearly establishes" a Fourth Amendment violation "for an officer to take a suspect to the ground when she is 'backpedaling' or 'shuffling' away." The court certified the appeal as frivolous, because the case law "need not provide an exact fit" and it was "beyond dispute" that the right was clearly established. *Id*. Defendants' appeal in this case is equally frivolous. It requires Defendants to convince the Ninth Circuit that it may disregard Supreme Court precedent—this time, to the dilution of civil rights plaintiffs' claims and a mammoth expansion of qualified immunity.

As this Court held, once animus is assumed, Boiteux and Uehara "were on notice that doing so was unconstitutional." MSJ Order at 25. The Court's holding rests on settled Supreme Court precedent. As a result, Defendants' appeal is frivolous, and this Court should certify it as such.

### B. Defendants' Appellate Issue Rests on a False Factual Premise That Contradicts This Court's Order.

This Court's order correctly identified Boiteux's Direct Order as an "adverse action" against Little. MSJ Order at 25. It also identified Uehara's decision to deny Little access to his benefit time if doing so triggered a recall as an adverse action. *Id*. Rightfully so: no other conclusions were possible. Boiteux's Direct Order compounded the deprivation of Little's right to practice his religion, and Uehara's order deprived Little of access to his benefit time.

Defendants, however, maintain it is undisputed that Boiteux's and Uehara's actions did not "deprive[] Plaintiff of anything." Mediation Questionnaire at 2. But the record disproves that claim and, consequently, Defendants' assertion that their appeal implicates whether "deprivation of nothing" is a legally cognizable burden on

Little's First Amendment rights as well. *Id.*

Of course, this Court never held that Defendants did not "deprive[] Plaintiff of anything." Defendants' attempts to come up with some non-frivolous basis for appeal do not present a viable legal issue; they present an invented factual issue. But the Ninth Circuit has "consistently held" that it "lacks the power to reassess facts on interlocutory review" involving qualified immunity. *George v. Morris*, 736 F.3d 829, 836 n.9 (9th Cir. 2013). The Ninth Circuit only has jurisdiction, "construing the facts and drawing all inferences in favor of Plaintiffs, to decide whether the evidence demonstrates a violation by [the officers], and whether such violation was in contravention of federal law that was clearly established at the time." *Villanueva v. California*, 986 F.3d 1158, 1165 (9th Cir. 2021). Reassessment of the facts is precisely what Defendants intend to ask the Ninth Circuit to do here. Since the Ninth Circuit lacks that power, Defendants' appeal is necessarily frivolous.

## V. CONCLUSION

Defendants concede the animus facts must be taken against them, and the only question they claim to present is settled by more than sixty years of Supreme Court precedent. For the foregoing reasons, the Court should certify Defendants' appeal as frivolous, retain jurisdiction over Plaintiff's claims against Chiefs Boiteux and Uehara, and set this action for trial.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: July 31, 2026 By: ______________________

Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
Joshua A. Youngkin
William T. Duke
Attorneys for Plaintiff
Captain Jeffrey Little

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Captain Little, certifies that this brief contains 2,592 words, which complies with the word limit of L.R. 11-6.1. Counsel further certifies that the parties met and conferred regarding the substance of this motion on July 24, 2026, in compliance with the requirements of L.R. 7-3.

Dated: July 31, 2026 By: ______________________
Paul M. Jonna