Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Joshua A. Youngkin, SBN 332226
 jyoungkin@limandri.com
William T. Duke, SBN 361823
 wduke@limandri.com
LiMANDRI & JONNA LLP
 *as Special Counsel to*
 THOMAS MORE SOCIETY
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

*Attorneys for Plaintiff*
*Captain Jeffrey Little*

Nathan Loyd, *pro hac vice*
 nloyd@thomasmoresociety.org
THOMAS MORE SOCIETY
121 West Wacker Drive, Suite 650
Chicago, IL 60601
Telephone: (312) 782-1680

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CAPTAIN JEFFREY LITTLE,

Plaintiff,

v.

LOS ANGELES COUNTY, et al.

Defendants.

**Case No.: 2:24-cv-4353-JLS-BFM**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING INTERLOCUTORY APPEAL**

Judge:       Hon. Josephine L. Staton
Courtroom:   8A
Date:        August 21, 2026
Time:        10:30 a.m.

Action Filed:  May 24, 2024

Plaintiff Captain Jeffrey Little hereby submits his opposition to Defendants' motion to stay the entirety of the case pending Defendants Fernando Boiteux's and Adam Uehara's interlocutory qualified immunity appeal.

## I.     ARGUMENT

### A.     Defendants' Frivolous Appeal is the Equivalent of No Appeal; It is not a Valid Basis for Delaying the Trial of Any of Plaintiff's Claims.

Chiefs Boiteux and Uehara move to stay the entirety of the proceedings before this Court while they pursue an appeal of the Court's ruling denying their motion for a determination that they are entitled to qualified immunity as a matter of law. Dkt. 247, 247-1 ("Motion to Stay"). Anticipating the obvious—that Plaintiffs would challenge their frivolous appeal as frivolous—Defendants seek to preempt the issue. In their Motion to Stay, they argue the Court should stay the proceedings applying the "*Landis* factors," which do not include consideration of the merits of an appeal in determining whether a stay is appropriate, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), rather than the "*Nken* factors," which do, *see Nken v. Holder*, 556 U.S. 418, 425-26 (2009). Dkt. 247-1 at 8 n.3.

In *Nken*, which involved a request for a stay of an immigration removal order pending appeal, the Supreme Court recognized four factors as setting forth "the 'traditional' standard for a stay." *Id*. at 425. It identified "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" as the first of those factors. *Id*. at 426. The additional factors the Court recognized are "whether the applicant will be irreparably injured absent a stay"; "whether issuance of the stay will substantially injure the other parties interested in the proceeding" and "where the public interest lies." *Id.* at 426, 434. Defendants cannot satisfy those requirements. They make no attempt at all to argue a likelihood of success on the merits—their appeal is frivolous—even while acknowledging that some district courts apply the *Nken* factors over the *Landis* factors precisely because it incorporates an analysis of the merits of the appeal. *See, e.g., Leibel v. City of Buckeye*, 382 F. Supp. 3d 909,

916-18 (D. Ariz. 2019); *Marie v. Szapiro*, No. 18-cv-4842, 2019 WL 11461381, at *3 (D. Ariz. Aug. 2, 2019).

Defendants instead rely on decisions by other district courts which applied the *Landis* stay standard, which dispenses with consideration of the merits of the ruling as to which a stay is sought on the basis that efficiency is the paramount concern. *See* Dkt. 247-1 at 8 n.3. But those cases miss the mark. Indeed, even some cases which generally apply the *Landis* standard apply a modified version of it that asks whether "resolution by the Ninth Circuit of the issue addressed in the appealed order could materially affect this case and advance the ultimate termination of litigation." *Finder v. Leprino Foods Co.*, No. 13-cv-2059, 2017 WL 1355104, at *2 (E.D. Cal. Jan. 20, 2017) (quoting *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, No. 14-cv-9603, 2015 WL 10791930, at *3 (C.D. Cal. Nov. 5, 2015)). That Defendants so obviously do not want to discuss the merits of their appeal is telling.

Regardless of which specific factor test is applied, ***there is simply nothing efficient about staying proceedings pending the resolution of frivolous interlocutory appeals.*** Indeed, solely applying the *Landis* factors, without considering the merits of the appeal at all, cannot be reconciled with precedent establishing that a district court can treat a frivolous appeal as effectively meaningless. *See, e.g.*, *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). That rule was adopted to obviate the very harms associated with the significant delay and disruption arising from meritless interlocutory qualified immunity appeals like that which Boiteux and Uehara are pursuing in this case. *Chuman*, 960 F.2d. at 104.[1]

Turning to the merits of Defendants' appeal, in their Motion to Stay, Defendants state in a footnote that they intend to "challenge whether there is clearly

---

[1] In 2025, in the Ninth Circuit, the median time interval from filing to decision in "other civil appeals" (excluding separately categorized prisoner petitions) was in excess of 32 months. Plaintiff was unable to locate official statistics specific to interlocutory appeals. Regardless, appeals do not promote efficiency. *See* https://www.uscourts.gov/sites/default/files/document/jb_b4a_0930.2025.pdf.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY CASE PENDING INTERLOCUTORY APPEAL

established law defining what religious burden is required to make out a free exercise claim" and "caselaw regarding the reach of the Free Exercise Clause is nebulous." Dkt. 247-1 at 9 n.4. But as explained in Plaintiff's Motion to Certify Appeal As Frivolous or Forfeited, filed concurrently with this opposition, those grounds for appeal are indeed frivolous.

Plaintiff expressly incorporates that motion by reference. In sum, it has been clearly established since 1993 that the Free Exercise Clause protects the right to be free from animus-driven government decisionmaking. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). It has been clear since 1963 that government burdens religion when it forces an adherent to choose between "following the precepts of her religion and forfeiting benefits." *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). Here, the Court's summary judgment order held that Boiteux's Direct Order to Plaintiff to raise the Pride Flag and Uehara's decision to deny Plaintiff access to his benefit time were each an "adverse action"—a burden on Plaintiff's religious rights. Dkt. 230 at 25. Yet the truth of these disputed facts cannot be resolved in an interlocutory qualified immunity appeal. *George v. Morris*, 736 F.3d 829, 836 n.9 (9th Cir. 2013); *Villanueva v. California*, 986 F.3d 1158, 1165 (9th Cir. 2021).

### B. The Equitable Factors Also Strongly Favor Plaintiff.

In addition to arguing efficiency, Defendants state that "Plaintiff will not suffer any material harm in the event of a stay" because every year he "has received an effective accommodation during Pride Month under which he has not had to work at a location flying the PPF." Dkt. 247-1 at 10.

For June 2024 and June 2025, the "effective accommodation" consisted of Plaintiff using two non-consecutive weeks of vacation time and working two weeks. Forcing Plaintiff to use up his vacation time is not a reasonable accommodation. *See Cooper v. Oak Rubber Co.*, 15 F.3d 1375, 1379 (6th Cir. 1994); *Charlie L. v. Dep't of the Navy*, 2024 WL 5330353, at *5 (EEOC Dec. 10, 2024). For the two weeks he did

work, Plaintiff was assigned to work three of his four weekly shifts within Area 33 where he had no operational responsibility for the Pride Progress Flag (PPF). But, he was required to swap his fourth shift with another employee to avoid working at any location where he might bear responsibility for the flag. Again, forcing Plaintiff to find his own accommodation is not providing him with one. *Opuku-Boateng v. State of Cal.*, 95 F.3d 1461, 1471 (9th Cir. 1996) And both times, the accommodation was not reached until the very end of May, making Plaintiff incur unnecessary great stress and anxiety—again improper. *EEOC v. Arlington Transit Mix, Inc.*, 957 F.2d 219, 222 (6th Cir. 1991).

Things got worse for 2026, not better. Plaintiff requested a religious accommodation on May 6 and heard nothing in response. He followed up on May 18 and got a confirmation of receipt—but nothing else. He followed up on May 20 but heard nothing. He followed up on May 27 but heard nothing. Finally, on May 28, he wrote to the County stating that because June was now imminent, he had no option but to request to take annual leave for the entire month. The County finally wrote back saying that it would approve leave ***if Plaintiff found coverage for his shifts***. *See* Jonna Decl., Ex. 1. It was only the implicit threat of a TRO—a threat that has been made every year—that finally avoided the conflict, although Plaintiff did have to burn through four weeks of annual leave. Jonna Decl., Ex. 2, Ex. 3.

## II.    CONCLUSION

This result in this case is so plainly obvious. Shift-swapping to accommodate disfavored religious beliefs is the quintessential religious accommodation that imposes absolutely no burden whatsoever on an employer. Yet, when faced with Plaintiff's disfavored religious beliefs, Boiteux and Uehara tried to coerce him into violating them, directly ordering him to violate them and then denying him access to his annual leave. In conjunction with a death threat against both Plaintiff and his family, this blatant religious discrimination caused Plaintiff great mental health strain. Every year since, the County has made Plaintiff repeatedly request a religious

accommodation over and over again during May, ignoring his emails and refusing to offer a religious accommodation until the very end of May—when it accedes that it will not interfere with Plaintiff finding his own accommodation. That is religious discrimination atop of religious discrimination, plain and simple. It is long past time for Plaintiff to obtain redress for Defendants' actions and for that annual circus to end. The Court should deny Defendants' motion.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: July 31, 2026            By: _____
                                    Charles S. LiMandri
                                    Paul M. Jonna
                                    Jeffrey M. Trissell
                                    Joshua A. Youngkin
                                    William T. Duke
                                    Attorneys for Plaintiff
                                    Captain Jeffrey Little

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Captain Little, certifies that this brief contains 1,496 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 31, 2026            By: _____
                                    Paul M. Jonna

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY CASE PENDING INTERLOCUTORY APPEAL

## CERTIFICATE OF SERVICE

*Captain Jeffrey Little v. Los Angeles County Fire Department, et al.*
USDC Court - Central District - Case No.: 2:24-cv-04353-JLS (BFMx)

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

• **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING INTERLOCUTORY APPEAL; and**
• **DECLARATION OF PAUL M. JONNA, ESQ., IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING INTERLOCUTORY APPEAL.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Dimitri D. Portnoi, Esq.
Kyle M. Grossman, Esq.
Marni B. Robinow, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 430 6000; Fax: (213) 430 6407
E-Mail:  dportnoi@omm.com
E-Mail:  kgrossman@omm.com
E-Mail:  mrobinow@omm.com
**Attorneys for Defendants County of Los
Angeles, Fernando Boiteux, Arthur Lester,
and Adam Uehara**

  X    **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

  X    **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the above is true and correct.

Executed on July 31, 2026, at Rancho Santa Fe, California.

_____
Kathy Denworth