DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
KYLE M. GROSSMAN (S.B. # 313952)
kgrossman@omm.com
MARNI B. ROBINOW (S.B. # 313412)
mrobinow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone:   (213) 430 6000
Facsimile:   (213) 430 6407

*Attorneys for Defendants County of
Los Angeles, Fernando Boiteux, and
Adam Uehara*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Jeffrey Little,<br><br>                    Plaintiff,<br><br>     v.<br><br>County of Los Angeles, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-04353-JLS-BFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Hearing Date: August 21, 2026<br>Hearing Time: 10:30 a.m.<br>Judge:  Hon. Josephine L. Staton<br>Courtroom:  8A<br><br>TAC Filed:  October 21, 2025<br>Trial Date:  None set |

## I.      **<u>INTRODUCTION</u>**[1]

Defendants' motion explains why staying this case pending the resolution of Defendants' qualified immunity interlocutory appeal is the most efficient route forward—it will avoid two different juries deciding intertwined issues of fact in nearly duplicative trials, save the parties considerable time and effort, and preserve judicial resources by allowing the Ninth Circuit to decide the appeal in a manner that may very well narrow the issues for trial.  Yet, instead of addressing this argument head on, Plaintiff spends considerable time arguing about which test the Court should apply in deciding the stay motion: the *Landis* or *Nken* test.  There should be no debate that the *Landis* test applies.  Not only do the vast majority of courts in this Circuit use the *Landis* test to decide stay motions, but in a case presenting the exact same circumstance of a qualified immunity interlocutory appeal, this Court also applied *Landis*.  *See Perkins v. City of Anaheim*, 2022 WL 2255013, at *2 (C.D. Cal. Feb. 2, 2022) (Staton, J.).  Plaintiff turns his opposition to the stay motion into an attack on the merits of Defendants' appeal.  But the merits are reserved for Plaintiff's related motion to certify the appeal as frivolous, *see* Dkt. 258, and the appeal itself.

All the while, Plaintiff fails to dispute that (1) the current procedural posture of the case means that a stay will not prejudice Plaintiff; (2) proceeding to trial on some claims while the appeal is pending will severely prejudice Defendants because it risks multiple trials and inconsistent decisions on substantially overlapping factual and legal issues, and would defeat the purpose of qualified immunity; (3) judicial economy favors a stay because otherwise there will be "two almost entirely duplicative trials," *Perkins*, 2022 WL 2255013, at *3; and (4) the Ninth Circuit may issue an order that impacts the outcome of the entire case, not just some claims and not just the appealing Defendants.

---

[1] All emphasis is added to, and citations, alterations, and internal quotation marks omitted from, quoted passages unless otherwise noted.

2

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

Because Plaintiff fails to meaningfully argue that the applicable *Landis* factors weigh against a stay, the Court should grant Defendants' motion to stay pending the resolution of the qualified immunity appeal.

## II.    ARGUMENT

### A.    The *Landis* Factors Apply

The overwhelming majority of courts in this Circuit apply the *Landis* factors when deciding a motion to stay pending an interlocutory qualified immunity appeal. Plaintiff asks the Court to side with a small minority of courts and instead apply the factors set out in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and *Nken v. Holder*, 556 U.S. 418 (2009). Dkt. 259 ("Opp.") at 2-3. But this Court has already decided that "the *Landis* test is more frequently used in this context," *Perkins*, 2022 WL 2255013, at *2, applying the *Landis* test over the *Nken* test to a motion to stay proceedings pending a qualified immunity interlocutory appeal, which is exactly the circumstance here. There is no reason for the Court to stray from this position.

Courts have only found "that the *Nken* test is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case, while *Landis* applies to the decision to stay *proceedings*, regardless whether the stay is based on a direct appeal or an independent case." *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (emphasis in original) (collecting cases). For instance, "*Nken* and *Hilton* both dealt with stay[s] of lower court orders requiring that the government take some action pending review of those orders." *Finder v. Leprino Foods Co.*, 2017 WL 1355104, at *2 (E.D. Cal. Jan. 20, 2017) (citing *Nken*, 556 U.S. at 423 (stay of an order of deportation); and *Hilton*, 481 U.S. at 775 (stay of issuance of a writ of habeas corpus)). In the context of interlocutory appeals, however, there is no similar request to stay a court's judgment or order. A request to stay proceedings is a far cry from a request to stay a Court's entire judgment or order. *See id.* ("In the case at bar, the Court did not alter the status quo; the Court has granted no relief. … The rationale for

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

application of injunction-like stay considerations simply does not apply where a district court stays an *action* during interlocutory appeal (rather than enforcement of an order or judgment modifying the status quo pending an appeal to determine the correctness of that relief)." (emphasis in original)).

By contrast, the purpose of a *Landis* stay is to permit the "court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Kuang*, 2019 WL 1597495, at *3. "These same concerns exist here where the question the Ninth Circuit will answer regarding qualified immunity will likely bear on questions that must be answered in resolving [Plaintiff's] non-section 1983 claims." *Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1106 (C.D. Cal. 2021). Defendants' stay request is no different than that in *Peck*, *Perkins*, and many other cases that opted to apply *Landis* over *Nken* when deciding motions to stay pending qualified immunity interlocutory appeals. *See id.* at 1102 (applying *Landis* over *Nken* to motion to stay pending qualified immunity interlocutory appeal); *Perkins*, 2022 WL 2255013, at *2 (same); *Andrade Rico v. Beard*, 2019 WL 4127206, at *7 (E.D. Cal. Aug. 30, 2019) (same); *Long v. Weeks*, 2023 WL 8165527, at *1 n.1 (C.D. Cal. Mar. 16, 2023) (same); *Edmond v. City of Los Angeles*, 2022 WL 20273277, at *2 (C.D. Cal. Jan. 13, 2022) (same); *United Farm Workers v. Noem*, 823 F. Supp. 3d 1112, 1132 (E.D. Cal. 2026); *Johnson v. City of Mesa*, 2022 WL 137619, at *2 n.1 (D. Ariz. Jan. 14, 2022) (same); *Sweet v. City of Mesa*, 2022 WL 912561, at *2-3 (D. Ariz. Mar. 29, 2022) (same); *R.W. v. Columbia Basin Coll.*, 2019 WL 13201975, at *5 (E.D. Wash. Oct. 21, 2019) (same); *see also S.L. v. County of Riverside*, 2025 WL 2652874, at *5 (C.D. Cal. Sept. 15, 2025) (applying *Landis* to motion to stay pending qualified immunity interlocutory appeal); *Mobilize the Message LLC v. Bonta*, 2021 WL 6104312, at *1-2 (C.D. Cal. Sept. 17, 2021) (applying *Landis* over *Nken* to motion to stay proceedings pending interlocutory appeal of preliminary injunction order); *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1056-57 (E.D. Cal. 2023) (same); *Hart v. Charter*

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

*Commc'ns, Inc.*, 2019 WL 7940684, at *3-4 (C.D. Cal. Aug. 1, 2019) (applying *Landis* over *Nken* to motion to stay proceedings pending appeal of arbitration order).

Plaintiff relies on two out-of-district cases—*Leibel v. City of Buckeye* and *Marie v. Szapiro*—that he claims "appl[ied] the *Nken* factors over the *Landis* factors precisely because it incorporates an analysis of the merits of the appeal." Opp. at 2-3. But neither case offers any specific reason for applying the *Nken* factors. *See Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 916 (D. Ariz. 2019) (applying Nken factors without offering reasoning for doing so); *Marie v. Szapiro*, 2019 WL 11461381, at *3 (D. Ariz. Aug. 2, 2019) (same). And the *Marie* court did not even discuss the merits factor in making its decision. 2019 WL 11461381, at *3. Put simply, these are cases that failed to "offer[] a reasoned analysis as to why the *Nken* test applied." *Kuang*, 2019 WL 1597495, at *2. The Court should not follow *Leibel* and *Marie*, which are far from persuasive.

Ultimately, Plaintiff hangs his hat on arguments about the merits of the appeal and its supposed frivolity—matters only relevant to a different motion pending before the Court. *See* Dkt. 258 (Pl.'s Mot. to Certify Defs.' Qualified Immunity Interlocutory Appeal as Frivolous or Forfeited). If the appeal really is frivolous, as Plaintiff suggests, then the Court would retain jurisdiction over the claims at issue in the interlocutory appeal. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). This would obviate any need for a stay, as the Court would have jurisdiction to try all the claims, even amid the appeal. And for the Court to even reach the question of a stay, a merits showing would have "already been made … in order to justify certification of interlocutory appeal in the first instance." *Finder*, 2017 WL 1355104, at *3. A merits determination therefore has no place here. *Bascom Research LLC v. Facebook, Inc.*, 2014 WL 12795380, at *2 (N.D. Cal. Jan. 13, 2014) (rejecting arguments based on "irreparable harm or likelihood of success on the merits" where "plaintiff relies on cases addressing the legal standard

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

applicable for preliminary injunctions or stays of judgments pending appeal, not stays of district court proceedings when in the interest of judicial efficiency").

For these reasons, the Court should apply the *Landis* factors.

### B.       The *Landis* Factors Weigh in Favor of a Stay

Because Plaintiff spends most of his opposition on a factor not relevant to the *Landis* test, he does not meaningfully dispute the third judicial economy factor, "which is the primary basis courts consider when ruling on motions to stay." *Matthews v. Lemonade Ins. Co.*, 809 F. Supp. 3d 1076, 1083 (S.D. Cal. 2025).

Plaintiff only argues that a stay would not be efficient because appeals can take time and delay trial. Opp. at 3. But courts, including this Court, consistently reject this argument when considering whether to stay proceedings pending interlocutory appeals. *See Perkins*, 2022 WL 2255013, at *3 ("[t]rial may proceed promptly once the stay is lifted, and therefore, any damage to Plaintiffs is minimized"); *Peck*, 528 F. Supp. 3d at 1107 (finding that "a stay will not dramatically postpone" the case where "appellate briefs are due in the next few months" and "fact and expert discovery are already closed"); *Kuang*, 2019 WL 1597495, at *4 ("some amount of delay is inherent in a stay"). To be sure, appeals can take time. But if this was a reason to deny a stay pending resolution of an interlocutory appeal, then a stay would never issue under these circumstances. Notably, Plaintiff fails to cite any case denying a stay under analogous circumstances on the grounds that appeals can, in some cases, be lengthy.

Plaintiff will also not suffer any material harm from a stay. Fact and expert discovery have closed, summary judgment has passed, and the only pending items are Defendants' *Daubert* motions. However, Plaintiff now argues that the "effective accommodation" he accepted in 2024, Dkt. 121-3 ¶ 220, and the accommodations he accepted in 2025 and 2026 were, in his present-day eyes, not perfect. Opp. at 4-5. Plaintiff therefore asserts that "[i]t is long past time for [him] to obtain redress for Defendants' actions[.]" *Id.* at 6.

6

That Plaintiff, in hindsight, views the accommodations themselves as less than ideal is not a material harm that should dissuade the Court from staying this case.  Neither is Plaintiff's preference to receive effective accommodations sooner in the interactive process.  At bottom, he has received an accommodation for Pride Month during each of the last three years, and that precludes any showing of material harm.  And, even if Plaintiff believes that these are reasons he is entitled to a swifter resolution of his claims, his argument fails because "all his claims will not be resolved regardless of whether the Court stays proceedings." *Johnson v. City of Mesa*, 2022 WL 137619, at *2 (D. Ariz. Jan. 14, 2022).  Instead, he will still have to await the Ninth Circuit's decision and any subsequent proceedings in this Court before full resolution of his claims.  Accordingly, Plaintiff fails to identify any material harms that he will suffer as a result of a stay.  *See Kuang*, 2019 WL 1597495, at *4 ("the potential length of a stay here is mitigated by the lack of identified prejudice to Plaintiffs").

For these reasons, the *Landis* factors weigh heavily in favor of a stay.

**C.**     **Even If the Merits Were Relevant, Defendants' Appeal Is Not Frivolous**

Plaintiff tries to turn this motion to stay—a motion that courts agree primarily turns on judicial efficiency and other equitable considerations—into a referendum on the merits of Defendants' appeal, arguing that a stay is not warranted because the appeal is frivolous.  Opp. at 2-4.  Of course, the merits of the appeal are not relevant under the applicable *Landis* test.  *See supra* at 3-6.  But even if the Court believes that the appeal *may* not have merit, it is not frivolous, and a stay is not warranted.[2]

---

[2] Plaintiff states that he incorporates his motion to certify the appeal as frivolous into his opposition.  Opp. at 4.  Such an incorporation by reference is inappropriate given that the merits of the appeal have nothing to do with this motion, and the motion to certify the appeal as frivolous is not the motion currently before the Court.  *See Williams v. County of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal.

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

In contending the appeal is frivolous, Plaintiff faces two very demanding standards stacked atop each other: the frivolity standard and qualified immunity standard. As to the former, an "interlocutory appeal challenging a district court's denial of qualified immunity may be certified as frivolous only if it is 'so baseless that it does not invoke appellate jurisdiction.'" *Perkins*, 2022 WL 2255013, at *2 (quoting *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996)). On top of this—and even more demanding—Plaintiff must make this showing against the backdrop of the qualified immunity standard, which provides that a court should not deny qualified immunity unless an official's conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018); *see also id.* (qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law"). Put together, Plaintiff must show that Chief Boiteux's and Chief Uehara's alleged constitutional violations were so *clearly established* that it is entirely baseless for them to argue to the contrary. He does not make this showing.

In their appeal, Chiefs Boiteux and Uehara challenge whether clearly established law provides that there can be a Free Exercise Clause violation without them having deprived Plaintiff of anything due to his religious beliefs. First Amendment jurisprudence provides that a government actor commits a Free Exercise violation when it deprives a plaintiff of something due to their religious

---

2014) ("It is wholly improper for Plaintiff to incorporate by reference legal arguments made in a brief filed in connection with a motion that is not before the Court."); *see also Klein v. Dr. Ing. h.c.F. Porsche AG*, 2025 WL 2992172, at *10 n.4 (C.D. Cal. Oct. 22, 2025) ("The Court declines Plaintiffs' invitation[] to consider arguments raised in their briefing on the prior motion for class certification."); *Henry v. Castle Med. Ctr.*, 2022 WL 3539514, at *2 n.1 (D. Haw. Aug. 18, 2022) ("To the extent Defendant incorporates by reference its Fee Motion and related briefing, the Court does not consider them."). Defendants nonetheless briefly explain here why the appeal is not frivolous, but reserve all rights to more fully explain their position in their opposition to Plaintiff's separate motion, which is due on August 21, 2026.

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

beliefs. *See, e.g.*, *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 526 (2022) (school district that disciplined plaintiff for praying on the field "sought to *restrict* [plaintiff's] actions at least in part because of their religious character"); *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993) ("if the object of a law is to infringe upon or restrict practices because of their religious motivation, the law is not neutral"). As such, qualified immunity should attach unless a government actor violates this clearly established right to be free from a deprivation.

Chiefs Boiteux and Uehara intend to argue on appeal that even construing the facts in the light most favorable to Plaintiff, they did not deprive Plaintiff of anything.[3] There is no evidence that Chief Boiteux's delivery of the Direct Order was discipline, and thus the Direct Order did not deprive Plaintiff of anything. Chief Uehara, in denying Plaintiff's benefit time request to the extent it caused recalls, did not deprive Plaintiff of anything because Plaintiff is not entitled to use benefit time on dates that he did not previously bid for under the MOU. *See* Dkt. 114-2 ("Defs.' SSUF") ¶¶ 90-96. And the Court never found a factual dispute or held as a matter of law that Chief Boiteux or Chief Uehara deprived Plaintiff of anything. The Court made one reference to the Direct Order being an "adverse action"—a term that applies in the Title VII and FEHA context, and that the Supreme Court has not used in the Free Exercise context. Dkt. 230 ("MSJ Order") at 25. And the Court did not find that Chief Uehara's statement about benefit time was an "adverse action," let alone a clear violation of Plaintiff's free-exercise rights. *Id.* at 25-26.

The question, then, for Defendants' appeal, is whether it is so clearly established that there can be a Free Exercise violation without a deprivation, that the Court should deny qualified immunity. Defendants contend that, based on Free

---

[3] Defendants have not yet filed their opening brief on appeal, which is due August 27, 2026.

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM

Exercise jurisprudence and the facts, read in the light most favorable to Plaintiff, the Court's denial of qualified immunity under this demanding standard was incorrect due to the lack of clearly established law.  This contention is not "wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); *see also Perkins*, 2022 WL 2255013, at *2 ("Although the Court stands by its decision declining to grant summary judgment …, it recognizes that this case presents difficult questions; in particular, whether clearly established law put [defendants] on notice that their conduct violated [plaintiff's] constitutional rights is a challenging question of law suitable for appellate review.").

## III.  CONCLUSION

For the above reasons, the Court should grant Defendants' motion and stay the entirety of the case pending the outcome of the qualified immunity interlocutory appeal.

Dated: August 7, 2026

/s/ *Dimitri D. Portnoi*
Dimitri D. Portnoi
Kyle M. Grossman
Marni B. Robinow
O'MELVENY & MYERS LLP

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara*

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara, and Arthur Lester, certifies that this brief contains 3,023 words, which complies with the word limit of Local Rule 11-6.1 and this Court's Standing Order.

Dated:  August 7, 2026

O'MELVENY & MYERS LLP

By:    */s/ Dimitri D. Portnoi*
        Dimitri D. Portnoi

*Attorneys for Defendants County of Los Angeles, Fernando Boiteux, Adam Uehara*

DEFENDANTS' REPLY ISO
MOTION TO STAY
2:24-CV-04353-JLS-BFM